UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 2020-023866-CA-01

SHTERNA PINCHASOV, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

v.

ROBINHOOD FINANCIAL LLC,

        Defendant.

_____/

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Robinhood Financial LLC removes the above-captioned action from the Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County to the United States District Court for the Southern District of Florida.

**I.    PROCEDURAL HISTORY.**

1.    On November 5, 2020, Plaintiff Shterna Pinchasov filed this action, entitled *Pinchasov v. Robinhood Financial LLC*, Case No. 2020-023866-CA-01, as a putative class action in the Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County.

2.    Defendant received the summons and Complaint on November 9, 2020. Copies of all process, pleadings and orders served on Defendant are attached as **Exhibit A**.

1

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."

4. Copies of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County and served on Plaintiff's counsel of record under 28 U.S.C. § 1446(d).

5. This case properly may be removed to this United States District Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County is located within the jurisdiction of the United States District Court for the Southern District of Florida.

## II. REMOVAL IS PROPER UNDER CAFA.

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because (*i*) this is a putative class action plaintiff class of 100 or more members; (*ii*) the matter in controversy exceeds $5 million, exclusive of interest and costs, under Plaintiff's theory of recovery; and (*iii*) minimum diversity is satisfied. 28 U.S.C. § 1332(d)(2). Removal is therefore authorized by 28 U.S.C. § 1441.

### A. The Class Action Requirement Is Satisfied.

7. CAFA defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. This action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) because it was filed under a state statute or rule of judicial procedure, Fla. R. Civ. P. 1.220, that,

like Fed. R. Civ. P. 23, authorizes an action to be brought by one or more representative persons as a class action.  (Compl. ¶ 39.)

9. Plaintiff purports to represent a class of "[a]ll former and current Customers of Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time (a) within 4 years preceding the filing of this lawsuit" (the "Proposed Class").  (Compl. ¶ 40.) Plaintiff alleges that "there are thousands of Class Members," making the class "sufficiently numerous and geographically dispersed so that joinder of all Class Members is impracticable." (Compl. ¶ 43.)  On the face of the Complaint, the requirement that the Proposed Class involves 100 or more members is easily satisfied.

**B. The Amount in Controversy Requirement Is Satisfied.**

10. The amount in controversy requirement is satisfied under the theory asserted by Plaintiff because the claims of putative class members, aggregated together, exceeds the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2), (d)(6).  A notice of removal under CAFA need include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

11. Plaintiff alleges that given the large size of the Proposed Class, "the amount in controversy easily exceeds $5,000,000.00."  (Compl. ¶ 43.)  When a "plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"  *Dart*, 574 U.S. at 84 (citing 28 U.S.C. § 1446(c)(2)). While Defendant denies that Plaintiff or any putative class members are entitled to recover any

3

amount (or any other relief), Plaintiff plainly seeks to recover an aggregate amount over $5 million.

      **C.**      **The Minimal Diversity Requirement Is Satisfied.**

12.      The minimal diversity of citizenship provision of 28 U.S.C. § 1332(d)(2)(A), requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant," is satisfied here.

13.      For purposes of diversity jurisdiction, a limited liability company "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Robinhood Financial LLC is a Delaware limited liability company.  (Declaration of Miles Wellesley ("Wellesley Decl.") ¶ 5.)  Robinhood Markets, Inc. is the sole owner and member of Robinhood Financial LLC.  (Wellesley Decl. ¶ 5.)  Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state by which it has been incorporated and of the state where it has its principal place of business.  Robinhood Markets, Inc. is a Delaware corporation with its principal place of business in Menlo Park, California, and is therefore a citizen of Delaware and California.  (Wellesley Decl. ¶ 4.)  For purposes of diversity jurisdiction, therefore, Robinhood Financial LLC is a citizen of Delaware and California.

14.      Plaintiff is a citizen of Florida, therefore satisfying minimal diversity.  (Compl. ¶ 37.)  Moreover, the Proposed Class includes "[a]ll former and current Customers of Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time (a) within 4 years preceding the filing of this lawsuit." (Compl. ¶ 40.)

15. Minimal diversity of citizenship is therefore also satisfied because at least one prospective class member is a citizen of a state different from Robinhood Financial LLC.

### III. CONCLUSION.

16. For the reasons set forth herein, under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, this action may be removed to this Federal District Court.

**WHEREFORE**, Defendant requests that this action be brought to this Court, and this this Court make and enter such further orders as may be necessary and proper.

DATED: November 30, 2020

*/s/ Grace L. Mead*_____
Grace Mead
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com

Maeve L. O'Connor (*pro hac vice* application forthcoming)
Elliot Greenfield (*pro hac vice* application forthcoming)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Grace L. Mead*
    GRACE L. MEAD

## SERVICE LIST

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address