# Exhibit A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SHTERNA PINCHASOV, on her own behalf,
and on behalf of those similarly situated,

    Plaintiff                                                    **CLASS ACTION**

v

ROBINHOOD FINANCIAL, LLC,

    Defendant.

_____/



**CLASS ACTION COMPLAINT**

Plaintiff, Shterna Pinchasov ("Plaintiff" or "Pinchasov"), on her own behalf and on behalf of those similarly situated (collectively, the "Customers" or "Class Members"), by and through undersigned counsel, sues Defendant Robinhood Financial, LLC. ("Robinhood"), and alleges the

Page | 1

following based upon personal knowledge as to the allegations regarding herself, and upon information and belief as to the other allegations:

## **INTRODUCTION**

1. This lawsuit is brought as a class action by and on behalf of Robinhood's Customers that were affected by Robinhood's failure to prevent customers from using its interface for certain stocks that the Defendant, as broker-dealer, makes available to its customers.

2. Robinhood is a broker-dealer registered with the Securities and Exchange Commission to transact business.

3. A brokerage firm, also called a broker-dealer, is in the business of buying and selling securities – stocks, bonds, mutual funds, and certain other investment products – on behalf of its customer (as broker), for its own bank (dealer), or both.

4. Individuals who work for broker-dealers - the sales personnel are commonly referred to as brokers.

5. Robinhood as a broker-dealer uses its "deliberately engineered systems" to "leverage technology to encourage everyone to participate in our financial system" through its interface, providing their targeted "newcomer" customer-base the platform to conduct all aspects of stock trading on their customers' smartphones. *See* https://robinhood.com/us/en/careers/.

6. As a result, Robinhood's users receive stock pricing and other stock information from Robinhood.

7. Robinhood acts as teacher of sorts to the newcomer with trading and market data, specifically targeting "less knowledgeable traders" assuring that they [Robinhood] can be trusted

to provide navigation of the "daunting" and "complex system of regulation, financial institutions, and assets." *Id*.

8. Robinhood asserts that it- "not the marble office buildings of Wall St"- is "lowering barriers, removing fees, and providing greater access to financial information" to "create a financial system everyone can participate in." *Id*.

9. Robinhood's Mission Statement is as follows: "Robinhood's mission is to democratize finance for all. We believe that everyone should have access to the financial markets, so we've built Robinhood from the ground up to make investing friendly, approachable, and understandable for newcomers and experts alike." *Id*.

10. Robinhood advertises to the inexperienced trader, with phrases on its website such as "Investing for Everyone" and "Your Financial Journey Starts Here" and including explanations such as "Investing can be complicated — that's why we're here. From beginners' guides to timely features, explore articles that make finance a little more understandable." *Id*.

11. Robinhood has a learning section on its website called "Investing Basics: The best place to start for beginners. Get the low-down before you dive in." *Id*.

12. Robinhood customers, like other online stock traders, receive information from Robinhood regarding stocks.

13. Robinhood, as a broker/dealer, has a duty of care to act in accordance with the standard of care used by other professionals in the community. Said duty of care is owed by Robinhood to all of its customers.

14. Robinhood's duty includes the management of a customer's use of the Robinhood

Page | 3

interface for each of the stock services Robinhood's interface was "deliberately engineered" to provide.

15. Robinhood's duty extends to informing its customers about things like trading halts when a halt code is present, for the protection of its customers.

16. This duty also extends to removing any type of price quotation, or indication of interest on a stock which is subject to a halt for the protection of its customers.

17. A T1 Halt is a trade halt code representing when trade is halted on a particular company's stock because said company is pending the release of material news which is likely to lead to abnormal volatility in said company's stock price.

18. When Robinhood's targeted customers did not receive the basic information regarding the T1 Halt placed on the Hertz Corporation stock in March 2020, Robinhood's targeted customers lost significant sums of money.

19. Once the Hertz Corporation T1 Halt was lifted, the market price of the stocks had dropped significantly, causing Plaintiff and others similarly situated damages as a result of Robinhood executing the pre-T1 Halt trades which should have been cancelled, terminated or otherwise halted.

20. Had Robinhood fulfilled its duty of managing the Robinhood interface for each of the stock services Robinhood's interface was "deliberately engineered" to provide for its targeted customer-base, Plaintiff and others similarly situated would likely never have been harmed.

21. Any reasonable broker/dealer in the industry knows or should know that their customers need to be informed that a given stock is subject to a T1 Halt, in order to protect that

consumer(s) from the volatility due to the news which generated the T1 Halt.

22. Robinhood breached its duty of care to its targeted customers by failing to prevent customers from using its interface for stocks that had been the subject of a T1 Halt and failing to provide those customers the knowledge of the T1 Halt.

## JURISDICTION AND VENUE

23. This is a class action at law seeking monetary damages in an amount that exceeds $30,000.00, exclusive of interest, costs, and attorney's fees.

24. Accordingly, the Circuit Court has subject matter jurisdiction over this action pursuant to Fla. Stat. §34.01(1)(c).

25. The Defendant is subject to personal jurisdiction within the State of Florida pursuant to Fla. Stat. § 48.193(1)(a)(1) because the Defendant is "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state [and] ha[s] an office or agency in this state."

26. Robinhood is a foreign limited liability company, having its principal place of business in San Mateo County, California.

27. Robinhood also houses its first regional headquarters in Lake Mary, Florida.

28. While the Defendant's regional headquarters location is further indication that the Defendant's contacts with the Florida are by no means *de minimis*, if not original jurisdiction, this Court certainly has personal jurisdiction over Robinhood pursuant to Florida's long-arm statute. *See* Fla. Stat. §§ 48.193(1)(a)(1)-(6).

29. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: specific jurisdiction and general jurisdiction and when a Plaintiff satisfies

the long-arm statute's requirements for specific jurisdiction over a Defendant, there is no need to engage in the general jurisdiction analysis.

30. Under Florida's long-arm statute, a court may exercise specific personal jurisdiction over a nonresident defendant who engaged in one of the enumerated acts listed under section 48.193(1)(a).

31. Florida's long-arm statute is to be strictly construed.

32. Section 48.193(1)(a)(1) states a nonresident defendant may be subjected to the jurisdiction of a court in Florida for either "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1). Here, Defendant's conduct in this Action triggers the necessary prong of Florida's long-arm jurisdiction because Robinhood is engaged in substantial and not isolated activity within this State by virtue of its direct marketing and targeting of its customer-base in Florida through its deliberately engineered application in concert with Robinhood's maintaining its Florida regional operational headquarters in Lake Mary.

33. Robinhood is not only a brokerage firm licensed in Florida, but it also houses its first regional headquarters. Additionally, while many of Robinhood's targeted customers get their service for free, leaving Robinhood to generate revenue from those customers' transactions, Robinhood's gold customers pay monthly fees starting at $5 for access to professional research, margin trades and other activities. Regardless of the characterization of the Robinhood customer (i.e. standard or gold) both are derived in high number from Florida. That fact, in concert with the regional headquarters location satisfies those factors to be considered by this Court under 48.193 prong (a).

34. Further, the causes of action brought in this Complaint arise from Robinhood committing a tortious act within this state by virtue of its failure to properly or otherwise manage its deliberately engineered application for its targeted customer-base in such a way to prevent those customers from suffering specific harm to the tune of thousands of dollars each. *See* Fla. Stat. §48.193(1)(a)(2).

35. Personal jurisdiction over the Defendant is proper under § 48.193(1)(a)(2).

36. Given the above, venue is therefore proper in this Miami Dade County pursuant to Fla. Stat. §47.011 because Robinhood is subject to personal jurisdiction here and because the cause of action accrued here.

## PARTIES

37. Plaintiff Pinchasov is a citizen of the State of Florida who is domiciled in Miami-Dade County. Pinchasov became a customer of Robinhood on or about March of 2020, after receiving several advertisements for their services in Florida. On at least one occasion after that date, Robinhood failed to prevent customers from using its interface for stock that were halted pursuant to a T1 halt, causing the Plaintiffs damages when the T1 halt was lifted.

38. Defendant Robinhood is a full-service broker-dealer registered with the Securities and Exchange Commission. Robinhood engages in the business of providing securities brokerage services to individuals and corporate clients, among other organizations.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated pursuant to Fla. R. Civ. P. 1.220 This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the Rule.

40. The proposed Class is defined as:

> All former and current Customers of Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time (a) within 4 years preceding the filing of this lawsuit (the "Class Period").

41. Excluded from the Class are Robinhood, its parents, subsidiaries, affiliates, officers and directors, any entity in which Robinhood has a controlling interest, all Customers who make a timely selection to be excluded, governmental entities, all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and any of the foregoing's legal heirs and assigns.

42. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

43. Plaintiff does not currently know the exact number of Class Members or their identities because such information is in the exclusive control of Robinhood and can only be ascertained by review of its records. However, Plaintiff believes that there are thousands of Class Members, and that the Class Members are sufficiently numerous and geographically dispersed so that joinder of all Class Members is impracticable. Plaintiff further believes that Robinhood failed to prevent customers from using its interface for stocks subject to T1 holds during the Class Period. Accordingly, it is believed that the amount in controversy easily exceeds $5,000,000.00.

44. The claims of Plaintiff are typical of the Class, in that Plaintiff, like all Class Members, was not prevented from using Defendant's "deliberately engineered" interface in commencing stock trades subject to a T1 halt, resulting in a significant loss of money to each of the Class Members.

45. The factual basis of Robinhood's misconduct is common to all Class Members and resulted in injury to all Class Members.

46. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class Members, including whether Robinhood:

    a. Was negligent by not preventing its customers from using its interface on stocks that were subject to a T1 halt; and

    b. the appropriate measure of damages sustained by Plaintiff and other Class Members.

47. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, effectively, and without the duplication of effort and expense, and risk of inconsistent rulings that numerous individual actions would cause. Class treatment will also permit the adjudication of relatively small claims by Class Members who otherwise might not be able to afford to litigate their claims individually. This class action presents no difficulties in management that would preclude maintenance as a class action.

48. This forum is particularly desirable for the prosecution of this class action because Robinhood maintains its regional headquarters in Lake Mary, Florida, and the lead Plaintiff is also domiciled in Florida. As a result of the foregoing, litigating on a class action basis in this forum will likely decrease the cost of discovery and prosecution, generally.

49. Plaintiff has suffered the harm alleged on behalf of the Class and has no interests antagonistic to the interests of any other Class Members. She is committed to the prosecution of

this action and has retained counsel experienced in the prosecution of class actions, and in complex commercial actions in particular. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class Members. Plaintiff is not aware of any other pending litigation concerning this controversy that involves Class Members.

50. Finally, the Class is readily definable and is one for which records likely exist in the files of Robinhood.

## COUNT I
### (Negligence)

51. Plaintiff re-alleges paragraphs 1 through 50, above, as if fully set forth herein.

52. Plaintiff brings this negligence claim on her own behalf, and on behalf of all Class Members who were injured by Robinhood's failure to prevent customers from using its interface for stocks that are undergoing a trade halt within four (4) years preceding the filing of this lawsuit.

53. As a securities broker-dealer, Robinhood owed its targeted customers a duty of care in accordance with the standard of care used by similar professionals in the community under similar circumstances using their deliberately engineered interface to facilitate specific transactions and receipt of information for the "newcomer" to stocks. That includes, but is not limited to, a duty to prevent customers from using its interface for stocks that are subject to a T1 Halt.

54. Robinhood breached its duty, and the standard of care expected from similar professionals in the community under similar circumstances by allowing customers to use its interface for stocks that were subject to a T1 Halt.

55. As a matter of law, it is unreasonable and a breach of Robinhood's duties owed to its Customers to allow targeted "newcomer" customers to use its "deliberately engineered"

interface on stocks despite their being not available due to a T1 Halt.

56. As a result of Robinhood's failure to prevent its targeted customers from using its interface for stocks that were subject to a T1 Halt, the Plaintiff (and all Class Members) used Robinhood's interface on stocks that were subject to high volatility.

57. Once the T1 Halt was lifted, the result was a loss of money to the Plaintiff (and all Class Members).

58. As a direct and proximate result of the foregoing, Plaintiff (and all Class Members) have suffered damages.

## COUNT II
### (Breach of Fiduciary Duty)

59. Plaintiff re-alleges paragraphs 1 through 50, above, as if fully set forth herein.

60. Robinhood owed a duty to Plaintiff and the Class Members as its fiduciary to inform them of information surrounding certain stocks, as it advertised to, and provided this service for, its customers. This is especially true since it advertised to the novice stockholder. This duty included informing customers of T1 Halts.

61. Robinhood breached this duty by not informing customers of the T1 Halts and by not preventing them from using its interface for certain stocks not available because of the T1 Halts.

62. Its breaches of fiduciary duties were committed directly against and directly damaged Plaintiff and the Class Members, and they have suffered actual damages.

63. Plaintiff and the Class Members have been damaged as a direct and proximate result of these breaches of fiduciary duties.

## JURY TRIAL DEMAND

Plaintiff(s) demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all other similarly situated, prays for relief and judgment as follows:

A. Certifying the proposed Class and approving Plaintiff as class representative;

B. Appointing attorneys Igor Y. Hernandez, Michael A. Citron, and Ely R. Levy as Class Counsel;

C. Awarding Plaintiff and the Class damages in an amount to be proven at trial, along with costs, interest, and attorneys' fees; and

D. Awarding any further relief the Court deems just and proper.

Dated: November 5, 2020

Respectfully and jointly submitted,

**MAC LEGAL, P.A., CORNISH HERNANDEZ GONZALEZ, PLLC, and LEVY & PARTNERS, PLLC, and jointly,** *as prospective Class counsel and counsel for Plaintiffs*

*/s/Michael A. Citron, Esq.*
Michael A. Citron, Esq.
Florida Bar No.: 105083
**MAC LEGAL, P.A.**
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com - Correspondence
Service@maclegalpa.com - Service Address

*/s/* Igor Hernandez
Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300

Coral Gables, Florida 33134
Phone (305) - 780 - 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

/*s/Ely R. Levy, Esq.*
Ely R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address

## RETURN OF SERVICE

**State of Florida**  **County of Miami-Dade**  **Circuit Court**

Case Number: 20-23866 - C A 01

Plaintiff:
**SHTERNA PINCHASOV, ON HER OWN BEHALF, AND ON BEHALF OF THOSE SIMILARLY SITUATED**

vs.

Defendant:
**ROBINHOOD FINANCIAL LLC**

For:
MICHAEL CITRON
MAC LEGAL, P.A.
3100 N. 29TH COURT
HOLLYWOOD, FL 33021

Received by CAPLAN AND CAPLAN PROCESS SERVICE on the 6th day of November, 2020 at 4:43 pm to be served on **ROBINHOOD FINANCIAL, LLC C/O INCORPORATING SERVICES, LTD AS REGISTERED AGENT, 1540 GLENWAY DR, TALLAHASSEE, FL 32301**.

I, ERIC L. LARSON, do hereby affirm that on the **9th day of November, 2020** at **3:15 pm, I:**

served a **LIMITED LIABILITY COMPANY** by serving a **CLASS ACTION SUMMONS, CIVIL COVER SHEET, civil action complaint** with the date and hour of service endorsed thereon by me, to: **INCORPORATING SERVICES, LTD as REGISTERED AGENT** of **ROBINHOOD FINANCIAL, LLC**, at the address of: **1540 GLENWAY DR, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with **Florida Statutes 608.463 and 48.062(1).**

**Additional Information pertaining to this Service:**
MELISSA STOPS, EMPLOYEE FOR REG. AGENT, AUTHORIZED TO ACCEPT SERVICE, WF, 40 YRS, 5'6", 140 LBS, BLACK HAIR, NO GLASSES

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**CAPLAN AND CAPLAN PROCESS SERVICE**
33 Sw 2nd Avenue
Ste 402
Miami, FL 33130
(305) 374-3426

Our Job Serial Number: CPN-2020033997
Ref: 33997

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1u

Filing # 116200345 E-Filed 11/05/2020 11:35:53 AM



**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

RECEIVED
NOV 0 6 2020

CASE NO.: 20-23846 CA01

SHTERNA PINCHASOV, on her own behalf,
and on behalf of those similarly situated,

    Plaintiff(s),

v.

**CLASS ACTION**

ROBINHOOD FINANCIAL, LLC,

    Defendant.

DATE 11 9 20    TIME 3 15
Eric Larson
CPS #063
INITIAL _____    BADGE # 2nd Judicial Circuit

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

**YOU ARE HEREBY COMANDED** to serve this summons and a copy of the Class Action Complaint filed in this action on Defendant,

**ROBINHOOD FINANCIAL, LLC**
*c/o* INCORPORATING SERVICES, LTD (AS REGISTERED AGENT)
**1540 GLENWAY DR
TALLAHASSEE, FL 32301**

The Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, Michael A. Citron, Esq. of MAC Legal, P.A., whose address is 3100 N 29th Ct., Hollywood, Florida 33020, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, whose address is 73 W. Flagler Street Miami, Florida 33130, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

**DATED:**     **November 5, 2020**     11/6/2020

WITNESS my hand and the Seal of said Court

                            HARVEY RUVIN
                            As Clerk of the Court

                        By _____ 310009

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SHTERNA PINCHASOV, on her own behalf,
and on behalf of those similarly situated,

    Plaintiff(s),                                     **CLASS ACTION**

v

ROBINHOOD FINANCIAL, LLC,

    Defendant.
_____/

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE HEREBY COMANDED** to serve this summons and a copy of the Class Action Complaint filed in this action on Defendant,

**ROBINHOOD FINANCIAL, LLC**
*c/o* INCORPORATING SERVICES, LTD (AS REGISTERED AGENT)
**1540 GLENWAY DR**
**TALLAHASSEE, FL 32301**

      The Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, Michael A. Citron, Esq. of MAC Legal, P.A., whose address is 3100 N 29th Ct., Hollywood, Florida 33020, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, whose address is 73 W. Flagler Street Miami, Florida 33130, either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

**DATED:**      November 5, 2020   11/6/2020

      WITNESS my hand and the Seal of said Court

                                        HARVEY RUVIN
                                        As Clerk of the Court

                                        310009
                         By_____

Filing # 116189528 E-Filed 11/05/2020 10:11:06 AM

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Shterna Pinchasov</u>
 Plaintiff

Case # _____
Judge  _____

vs.
<u>Robinhood Financial, LLC</u>
 Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Michael A. Citron              Fla. Bar # 105083
            Attorney or party                         (Bar # if attorney)

Michael A. Citron                    11/05/2020
(type or print name)                  Date

- 3 -