**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 1:20-cv-24897-CMA**

SHTERNA PINCHASOV, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

v.

ROBINHOOD FINANCIAL LLC,

        Defendant.

_____/

**REMOVAL STATUS REPORT**

Defendant Robinhood Financial LLC, in accordance with the Court's December 2, 2020 Order requiring Robinhood to file and serve a Removal Status Report [DE 7], hereby submits the following:

**A.  A plain statement of the nature of the claim and any counterclaim, cross-claim, or third-party claim, made in state or federal court including the amount of damages claimed and any other relief sought.**

Robinhood Financial LLC ("Robinhood") is a registered broker-dealer. Robinhood offers customers the ability to invest, commission-free, in stocks, ETFs and options through an electronic, self-directed trading platform, both online and through an app.

On November 5, 2020, Plaintiff Shterna Pinchasov ("Plaintiff") filed this putative class action in the Circuit Court of the 11th Judicial Circuit of Florida in and for Miami-Dade County. Plaintiff asserts claims of negligence and breach of fiduciary duty based on allegations that

1

Robinhood failed to prevent customers from using its interface for stocks that were subject to a "T1 Halt." (Compl. ¶¶ 53.) Securities exchanges, such as the New York Stock Exchange and the Nasdaq Stock Market, have the authority to halt and delay trading in a security, and a "T1 Halt" (or regulatory halt) may occur pending the release of material news about a company.

Plaintiff asserts claims on behalf of a putative class consisting of "[a]ll former and current Customers of Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time (a) within 4 years preceding the filing of this lawsuit." (Compl. ¶ 40.)

Plaintiff seeks damages "in an amount to be proven at trial, along with costs, interest, and attorneys' fees." (Compl., Prayer For Relief ¶ C.) Plaintiff alleges that "the amount in controversy easily exceeds $5,000,000.00." (Compl. ¶ 43.)

As of this filing, and without waiving any rights, Robinhood has not asserted any counterclaim and is not aware of any potential cross-claims or third-party claims.

**B.     A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third party claim.**

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because (*i*) this is a putative class action plaintiff class of 100 or more members; (*ii*) the matter in controversy exceeds $5 million, exclusive of interest and costs, under Plaintiff's theory of recovery; and (*iii*) minimum diversity is satisfied. 28 U.S.C. § 1332(d)(2). Removal is therefore authorized by 28 U.S.C. § 1441.

The parties to this action are Plaintiff Shterna Pinchasov and Defendant Robinhood Financial LLC. Plaintiff is a citizen of the State of Florida. (Compl. ¶ 37) Robinhood Financial

LLC is a Delaware limited liability company and is considered a citizen of Delaware and California for purposes of diversity jurisdiction. [DE 4-1, ¶ 5.]

    **C.**    **A list of all pending motions.**

None.

    **D.**    **A brief statement by each Defendant explaining whether or not each has joined the notice of removal.**

Robinhood Financial LLC is the only defendant in this matter.

    **E.**    **A statement regarding whether the Defendant(s) have removed the action within thirty (30) days after the receipt by the Defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant(s), if such initial pleading has then been filed in court and is not required to be served on the Defendant(s) in the action.**

Robinhood removed this action within 30 days after receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based. Plaintiff filed the Complaint on November 5, 2020, and Robinhood received the summons and Complaint on November 9, 2020. Robinhood filed a Notice of Removal on November 30, 2020. [DE 1.]

    **F.**    **Records and proceedings in underlying state court proceeding.**

Copies of the records and proceedings in the underlying state court proceeding as of the date of removal were filed as Exhibit A to the Notice of Removal. [DE 1-1.] These records consist of the Complaint, summons, return of service and civil cover sheet. On November 30, 2020, Robinhood also filed its Notice of Filing Notice of Removal in the state court proceeding. A copy of the Notice is attached hereto as Exhibit 1. The foregoing comprises a complete copy of all records and proceedings in the underlying state court case as of the date of this report.

Dated: December 11, 2020

                                  Respectfully submitted,

                                  */s/ Ryan T. Thornton*_____
Grace L. Mead
Ryan T. Thornton
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3200
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve L. O'Connor (*pro hac vice* application forthcoming)
Elliot Greenfield (*pro hac vice* application forthcoming)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                              By: *Ryan T. Thornton*
                                                    RYAN T. THORNTON

## SERVICE LIST

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address