UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-24897-CMA

SHTERNA PINCHASOV, Individually and on Behalf of
All Others Similarly Situated,

       Plaintiff,

       v.

ROBINHOOD FINANCIAL LLC,

       Defendant.
_____/

**PLAINTIFF'S MOTION FOR REMAND**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SHTERNA PINCHASOV, Individually and on Behalf of All Others Similarly Situated (hereinafter "Plaintiff"), by and through the undersigned counsel, respectfully files her Motion for Remand in response to ROBINHOOD FINANCIAL LLC (hereinafter "Defendant") Notice of Removal [DE 1], and in support thereof states the following:

**A. Procedural Background and Introduction:**

1. On November 5, 2020, Plaintiff properly filed her Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-023866-CA-0, against the Defendant, ROBINHOOD FINANCIAL, LLC.

2. This Complaint involves a negligence count and a breach of fiduciary duty count, without the assertion of any Federal law claims.

3. Defendant filed a Notice of Removal to this Court on November 30, 2020 [DE 1].

4. Defendant's Notice of Removal is based on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), to specifically include 28 U.S.C. §1332.

5. However, CAFA itself precludes removal of this class action to federal court and also makes clear that this Court lacks subject matter jurisdiction over this case.

6. Title 28 U.S.C. §1332(d)(9)(C) create express exceptions to federal jurisdiction for claims "relating to or created by or pursuant to any security".

7. Defendant's Notice of Removal also mentions 28 U.S.C. §1453 as a basis for removal.

8. However, the same exceptions listed in CAFA for federal subject matter jurisdiction are also listed in 28 U.S.C. §1453(d)(3) as an express exception to removal of actions.

9. The present case solely involves "a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder." 28 U.S.C. §1332(d)(9)(C); 28 U.S.C. §1453(d)(3).

10. As such, Plaintiff hereby alleges that there exists an exception to subject matter jurisdiction under CAFA for actions relating to the rights, duties, and obligations relating to any securities, that would prevent removal.

11. Since this Court lacks subject matter jurisdiction, and removal was improper, this Court should remand this case to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

B. **Standard of Review and Relevant Caselaw**

12. The instant case does not involve a question of federal law. Accordingly, the Court may hear the case only if there is diversity jurisdiction. For class actions, Title 28 U.S.C.

§1332(d)(2) (*i.e.*, CAFA) gives federal district courts original subject matter jurisdiction over certain class actions in which the amount in controversy, exclusive of interest and costs, exceeds $5 million and there is minimal diversity between plaintiffs and defendants. See, e.g., Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 148 (3d Cir. 2009). This is explained in Defendant's Notice of Removal [DE 1].

13. However, Congress has excluded from CAFA's jurisdictional reach three types of class actions, even when such actions otherwise satisfy CAFA's jurisdictional criteria. Id.

14. These three exceptions are found in the CAFA statute at 28 U.S.C §1332(d)(9)(A)-(C) (hereinafter "the securities exceptions") and state as follows:

> (9) Paragraph (2) shall not apply to any class action that solely involves a claim—
> (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

15. Removal statutes are strictly construed, with all doubts resolved in favor of remand. See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006). "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

### C. **The "Any Security" Exception to Removal Under CAFA Applies to This Case:**

    **b. The exception that applies to this case states that CAFA shall not apply to a class action "relating to rights, duties and obligation pursuant to a security."**

(9) Paragraph (2) shall not apply to any class action that solely involves a claim—
...

> *(C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).*

28 U.S.C. §1332(d)(9)(C).

16. Regarding Defendant's other basis for removal at Title 28 U.S.C. §1453, again, Congress created an exception to that provision, specifically 28 U.S.C. §1453(d)(3).

17. Similar to the exception in CAFA, subsection (d)(3) states that the right to remove "shall not apply to any class action that solely involves a claim that relates to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder)."

18. Thus, the statutory exception to federal subject matter jurisdiction over class actions in CAFA and to the right to remove class actions under 28 U.S.C. §1453 are thus substantively identical.

19. For the exception to apply, each claim alleged by Plaintiff must relate to certain rights, duties, or obligations; those rights, duties, or obligations must be related to or created by or pursuant to a security; and that security must meet the definition established in 15 U.S.C. §77b(a)(1) and the regulations issued thereunder.

20. As an initial matter, it is undisputed that Plaintiff's Hertz stock is a "security". Title 15 U.S.C. §77b(a)(1) contains a broad definition of "security." <u>Lincoln Nat'l Life Ins. Co. v. Bezich</u>, 610 F.3d. 448, 449-50 (7th Cir. 2010) (quoting full definition). It states that "the term security means any … stock, … transferable share, … or, in general, any interest or instrument commonly known as a 'security' …." Hertz stock easily falls within that expansive definition.

21.     Regarding the rest of the exception, which states that the claims must "relate to rights, duties, [and] obligations relating to or created by or pursuant to" securities. Dominion quotes Cardarelli for the proposition that this language applies to "suits that seek to enforce the terms of instruments that create and define securities, *and to duties imposed on persons who administer securities*." Dominion also states that "duties superimposed by state law as a result of the relationship created by or underlying a security fall within the plain meaning of the exception, which expressly references duties (including fiduciary duties)." Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys., 928 F.3d 325, 331 (4th Cir. 2019); Estate of Pew v. Cardarelli, 527 F.3d 25, 29 (2d Cir. 2008).

22.     Plaintiff alleges that "Robinhood owed a duty to Plaintiff and the Class Members as its fiduciary to inform them of information surrounding certain stocks, as it advertised to, and provided this service for, its customers. This is especially true since it advertised to the novice stockholder. This duty included informing customers of T1 Halts." See Complaint, ¶ 60.

23.     Plaintiff alleges that "Robinhood breached this duty by not informing customers of the T1 Halts and by not preventing them from using its interface for certain stocks not available because of the T1 Halts." Id. at ¶ 61.

24.     It is apparent from the above-referenced allegations that Plaintiff's Complaint relates to duties imposed on persons who administer securities, which would fall under the CAFA exception at 28 U.S.C. §1332(d)(9)(C).

25.     Further, Greenwich, analyzing Cardarelli, tells us that "the key distinction between suits that were immune from removal under CAFA and those that were not is that immune suits sought to enforce the rights of the securities 'holders as holders.' Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp., 603 F.3d 23, 29 (2d Cir. 2010). In Cardarelli,

5

however, plaintiffs' claim sought to enforce their rights not as holders, but as purchasers". Id. The Cardarelli plaintiffs asserted that "the transaction in which they had acquired the notes was tainted by fraud. Thus, the claims did not seek to enforce rights, duties or obligations that were pursuant to or created by the securities, but rather rights granted to consumers by a New York statute." Id.

26. Similar to Greenwich, and unlike Cardarelli, Plaintiff here brings this case based on her status as a holder of Hertz stock. Both claims asserted pertain to the same facts regarding Defendant's failure to meet its duty of informing customers regarding the volatility of the stock and preventing them from using Defendant's interface for the stocks they own. This duty arose because of Plaintiff's ownership of the stock. Thus, the Complaint meets the criteria for the exception since it relates to the rights and duties of both parties created by virtue of, or pursuant to, Plaintiff's ownership of Hertz stock. See also Carmona v. Bryant, No. CV-06-78-S-BLW, 2006 U.S. Dist. LEXIS 27767, at *5 (D. Idaho Apr. 19, 2006) ("Carmona relies entirely on his ownership of Albertson's common stock to bring this action - he alleges no interest that would allow him to pursue this case other than his stock ownership. Thus, his claim "relates to" or is "pursuant to" a security as required by subsection (C)").

27. More specifically, Plaintiff's right to the correct valuation of her stock as owner, or the right, as owner, to the information surrounding the volatility of the stock, and the duty of Robinhood to provide that information, is directly related to the security. Again, this would meet the criteria explained in the caselaw for the CAFA exception at 28 U.S.C. §1332(d)(9)(C).

28. Many courts have remanded cases to state court because the breach of duty exception applied. Lincoln Nat'l, 610 F.3d. at 449-51; Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp., 654 F. Supp. 2d 192, 196-98 (S.D.N.Y. 2009), aff'd, 603 F.3d 23, 29-32 (2d Cir. 2010); Genton v. Vestin Realty Mortg. II, Inc., No. 06cv2517-BEN (WMC), 2007 U.S.

Dist. LEXIS 16892, at *10 (S.D. Cal. Mar. 9, 2007); Carmona v. Bryant, No. CV-06-78-S-BLW, 2006 U.S. Dist. LEXIS 27767, at *5 (D. Idaho Apr. 19, 2006); In re Textainer P'ship Sec. Litig., No. C 05-0969 MMC, 2005 U.S. Dist. LEXIS 26711, at *21 (N.D. Cal. July 27, 2005); Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Grp., Inc., No. 3:05-0451, 2005 U.S. Dist. LEXIS 24210, at *5 (M.D. Tenn. Aug. 18, 2005).

29. This is true even when there are other causes of actions alleged in the Complaint. In Eminence, the plaintiff brought three counts for breach of fiduciary duties, one count for gross negligence, and one count for injunctive relief. As in the present case, the Eminence plaintiff filed a motion to remand based on the CAFA exception found at 28 U.S.C. 1332(d)(9)(C). Although the defendant objected to the remand because negligence was not a fiduciary duty cause of action, the Court nonetheless granted the plaintiff's motion to remand because the allegations[1] for each count related to certain rights, duties, and obligations related or created by or pursuant to a security and the allegations in each count closely followed each other. Eminence Inv'rs, L.L.L.P. v. Bank of N.Y. Mellon, 782 F.3d 504, 506-07 (9th Cir. 2015); Genton, 2007 U.S. Dist. LEXIS 16892, at *10 ("The plain language of the statute, by adding "including fiduciary duties" in parentheses, *see* § 1332(d)(9)(C), shows a clear intent to cover fiduciary duty claims *in addition* to other claims").

30. Similar to Eminence, in the present case, all of the duties allegedly breached by Defendant, such as the fiduciary duties supporting the breach of fiduciary duty count and the duties supporting the negligence count, arise out of Defendant's position as broker/dealer and Plaintiff's corresponding position as a holder of Hertz stock. Id. at 507. As such, all of the causes of action

---

[1] The allegations included breach of duty by failing to disclose certain information to Eminence and by taking actions that harmed collateral.

in the Complaint "relate[] to the rights, duties ..., and obligations relating to or created by or pursuant to" the stocks, so the securities exception must apply. Id.

### D. **Entitlement to Attorneys' Fees and Costs:**

Plaintiff incurred attorneys' fees and costs in conjunction with the preparation of this Motion for Remand. 28 U.S.C. §1447(c), as amended in 1998, provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred result of the removal." The intent of the statute is to reimburse a party, like Plaintiff, who has incurred expenses in attacking an insufficient removal. As such, Plaintiff requests this Court grant entitlement to attorney's fees and costs for this Motion.

### E. **Conclusion:**

The burden of establishing federal jurisdiction rests upon the party seeking removal. Although Plaintiff does not dispute diversity jurisdiction, according to the caselaw and federal law, this case should be remanded because there is an exception to CAFA that applies to the facts as alleged in the Complaint. For the reasons set forth above, it is respectfully requested that this Court remand this case back to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

### F. **Certificate of Compliance with Local Rule Local Rule 7.1(a)(3)**

Counsel for the moving party hereby certifies that counsel for the movant has conferred with all parties in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: December 30, 2020.

Respectfully submitted,

*Counsels for Plaintiff:*

**MAC LEGAL, P.A.**
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
By: */s/ Michael A. Citron*
**MICHAEL A. CITRON, ESQ.**
Florida Bar No.: 105083
Michael@maclegalpa.com
Service@maclegalpa.com

**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) 780-6058
By: */s/ Igor Hernandez*
**IGOR HERNANDEZ, ESQ.**
Florida Bar No. 106386
service@CHGLawyers.com
ihernandez@chglawyers.com

**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, FL 33021
Phone (954)727-8570
By: */s/ Ely R. Levy*
**ELY R. LEVY, ESQ.**
Florida Bar No. 15452
elevy@lawlp.com
maritza@lawlp.com
VENESSA VALDES SOLIS, ESQ.
Florida Bar No.: 77122
venessa@lawlp.com
nitzia@lawlp.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Venessa V. Solís*
Venessa Valdes Solis, Esq.

**SERVICE LIST**

Grace L. Mead, Esq.
Ryan T. Thornton, Esq.
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3200
Email: gmead@stearnsweaver.com
 Email: rthornton@stearnsweaver.com

Maeve L. O'Connor, Esq. (*pro hac vice* application forthcoming)
Elliot Greenfield, Esq. (*pro hac vice* application forthcoming)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com