**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 20-cv-24897-CMA

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

    v.

ROBINHOOD FINANCIAL LLC,

        Defendant.

---

**DEFENDANT ROBINHOOD FINANCIAL LLC'S OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND**

Defendant Robinhood Financial LLC ("Robinhood") submits this memorandum in opposition to Plaintiff's Motion for Remand [DE 24].

## PRELIMINARY STATEMENT

The Court should deny the Motion for Remand because Plaintiff concedes that this Court has diversity jurisdiction under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), and she fails to meet her burden of demonstrating that this case falls within CAFA's "securities" exception, 28 U.S.C. § 1332(d)(9)(C). That exception is narrowly construed and applies only to claims that seek to enforce duties or obligations *that are created by a security or its governing instrument*. Plaintiff's claims do not arise from any duty or obligation "created by" a security. Instead, Plaintiff's claims are based on a non-existent duty on the part of Robinhood to prevent customers from placing orders to buy or sell stocks in which trading is halted by a stock exchange – in Plaintiff's case, the stock of Hertz Corporation. Plaintiff's theory that this purported duty arises from Hertz stock is incoherent, as any duty created by Hertz stock could be owed only by Hertz or its directors and officers, not by Robinhood. None of the cases that Plaintiff cites suggest that claims against a broker-dealer relating to the operation of its trading platform fall within the CAFA securities exception.

## ARGUMENT

Robinhood's removal of this action was proper because this Court has original jurisdiction under CAFA. Plaintiff does not dispute, and expressly alleges in her complaint, that (*i*) this is a putative class action with a proposed plaintiff class of 100 or more members, (*ii*) the matter in controversy exceeds $5 million, exclusive of interest and costs, under Plaintiff's theory of recovery and (*iii*) minimum diversity is satisfied. (Mot. 8.) Removal is therefore authorized by 28 U.S.C. § 1441.

For the reasons discussed below, Plaintiff fails to meet her burden of demonstrating that a CAFA exception applies here.

## I.    PLAINTIFF MISSTATES THE LEGAL STANDARD.

As a threshold matter, Plaintiff misstates or ignores the legal standard governing removal under CAFA in several respects.  *First*, Plaintiff's assertion that removal statutes "are strictly construed, with all doubts resolved in favor of remand" does not apply to CAFA.  (Mot. 3.) Instead, the Supreme Court has clearly stated that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  CAFA thus reflects "a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Id.* (internal quotation omitted).  Accordingly, the Eleventh Circuit has recognized that courts "may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions."  *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014); *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("[T]here is no presumption against removal in CAFA cases.").  Therefore, the decision on which Plaintiff relies, *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006), is no longer good law.  *See Dudley*, 778 F.3d at 912 (recognizing abrogation).

*Second*, courts are instructed to "construe and apply CAFA's grant of federal jurisdiction *broadly*, and to apply the three removal exceptions in a *narrow* fashion."  *See Dominion Energy v. City of Warren Police & Fire*, 928 F.3d 325, 336 (4th Cir. 2019) (emphasis added); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction, with only narrow exceptions."); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction.").

*Third*, because there is no dispute that diversity jurisdiction exists under CAFA, Plaintiff bears the burden of demonstrating that a CAFA exception applies.  *See Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, . . . the party seeking remand bears the burden of proof with regard to that

2

exception."); *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010) ("[O]nce the general requirements of CAFA jurisdiction are established, plaintiffs have the burden of demonstrating that remand is warranted on the basis of one of the enumerated exceptions.").

## II.  CAFA'S "SECURITIES" EXCEPTION DOES NOT APPLY.

Plaintiff does not – and cannot – demonstrate that CAFA's "securities" exception applies to this action because her claims and underlying allegations arise from her customer relationship with Robinhood and plainly do not seek to enforce duties or obligations "relating to or created by or pursuant to any security." 28 U.S.C. § 1332(d)(9)(C).[1] Plaintiff's allegations that Robinhood had a duty to prevent customers from using its trading platform for "stocks that were subject to a T1 Halt" – even if true – do not relate to any duties or obligations created by the terms of any security. (Compl. ¶¶ 18, 54, 61.) Accordingly, none of the cases that Plaintiff cites support her position.

In *Cardarelli*, the seminal case on this issue, the Second Circuit explained that the "securities" exception does not apply to "any and all claims that relate to any security," and instead is strictly limited to "suits that seek to enforce the terms of instruments that create and define securities, and to duties imposed on persons who administer securities." 527 F.3d at 31, 33. The *Cardarelli* court held that the exception did not apply to claims asserted by purchasers of certain debt instruments that the issuer violated a state consumer fraud statute by failing to disclose that it was insolvent. *Id.* at 31. Those claims, the court held, do not relate to any rights or obligations created by the debt instruments because they are not "grounded in the terms of the security itself." *Id.* at 32. As in *Cardarelli*, Plaintiff's claims are not grounded in the terms of Hertz stock. Hertz stock imposes duties on Hertz's directors and officers, not on Robinhood.

---

[1]  As Plaintiff acknowledges, Sections 1332(d)(9)(C) and 1453(d)(3) – CAFA's jurisdictional and removal provisions – contain the same language and are analyzed identically. *See Estate of Pew v. Cardarelli*, 527 F.3d 25, 30-31 (2d Cir. 2008) (explaining that the two provisions use "the same wording" and "operate in tandem").

3

Subsequent appellate decisions, which Plaintiff cites but misconstrues, are consistent with *Cardarelli*. In *Greenwich Financial*, the court held that claims by securities holders seeking to enforce an obligation arising "from the deal instruments themselves" rather than "an extrinsic provision of state law" fell within the scope of the CAFA exception. 603 F.3d at 29. Contrary to Plaintiff's assertion, the holding in *Greenwich Financial* did not turn on whether the plaintiff was asserting its rights as purchaser or holder, but instead on the *source* of the obligation being enforced. (Mot. 5-6.) Here, although Plaintiff generally alleges she was a holder of Hertz stock, the purported obligation she seeks to enforce does not arise from that security or any other "instruments that create and define securities," such as Hertz's "certificate[] of incorporation." *Greenwich Financial*, 603 F.3d at 29. Similarly, the court in *Eminence Investors, L.L.L.P. v. Bank of New York Mellon* held that the CAFA securities exception applied because the claims were asserted by bondholders against the indenture trustee seeking to enforce fiduciary duties created by the underlying indenture and bonds. 782 F.3d 504, 507 (9th Cir. 2015). Courts in this District also rely on *Cardarelli* in interpreting the securities exception. *See*, *e.g.*, *In re Brican Am. LLC Equip. Lease Litig.*, 2011 WL 13115472, at *5-6 (S.D. Fla. Mar. 11, 2011) (approving of *Cardarelli* as "well-reasoned" and "persuasive" and denying motion to remand); *Abbate v. Wells Fargo Bank*, 2010 WL 3446878, at *4 (S.D. Fla. Aug. 31, 2010) (relying on *Cardarelli* and denying remand motion).

Nor does *Cardarelli* – or any other case – support Plaintiff's assertion that broker-dealers, such as Robinhood, are "persons who administer securities." (Mot. 5.) That phrase refers to entities such as an indenture trustee, whose "rights, duties, and obligations" are created by the operative instrument that sets forth the terms of the security. *BlackRock Fin. Mgmt. Inc. v. Segregated Acct. of Ambac Assur. Corp.*, 673 F.3d 169, 173, 178 (2d Cir. 2012) (holding that claim against the indenture trustee falls within securities exception "because it concerns the relationship between the entity which administers the securities . . . and the certificateholders"); *see also Eminence*, 782 F.3d at 510 (holding that "[a]n indenture trustee is the one responsible for administering bonds" and that "the securities exception should apply because all of

4

Eminence's causes of action are based on the [trustee's] alleged duties in administering the Bonds"). Plaintiff cites no authority indicating that Robinhood "administers" Hertz stock – or any of the thousands of other securities that customers can buy or sell on Robinhood's trading platform – for purposes of the CAFA securities exception. Such an unbounded interpretation also would be inconsistent with the requirement that CAFA exceptions be construed narrowly. *See Evans*, 449 F.3d at 1164.

  The remaining cases that Plaintiff cites also do not support her position because they involve claims of breach of fiduciary duties asserted by securities holders against the company or its board of directors in the context of merger litigation. *See Carmona v. Bryant*, 2006 WL 1043987, at *1 (D. Idaho Apr. 19, 2006) (breach of fiduciary duties claims asserted by corporation's stockholders against directors for approving sale of company); *Ind. State Dist. Council of Laborers v. Renal Care Grp., Inc.*, 2005 WL 2000658, at *1 (M.D. Tenn. Aug. 18, 2005) (same); *In re Textainer P'ship Sec. Litig.*, 2005 WL 1791559, at *1 (N.D. Cal. July 27, 2005) (breach of fiduciary duty claim asserted by holders of limited partnership units against partnership for approving sale of partnership assets); *see also Genton v. Vestin Realty Mortg. II, Inc.*, 2007 WL 951838, at *1 (S.D. Cal. Mar. 9, 2007) (contract claims asserted by members of limited liability company for breach of the company's operating agreement in connection with merger). Each of those cases involves duties owed by a company or its board of directors to the company's stockholders, limited partners or members. Unlike these cases, although Plaintiff states that she "brings this case based on her status as a holder of Hertz stock," she is not asserting claims against Hertz or its board of directors. (Mot. 6.) The terms of Hertz stock do not give rise to any duties owed by Robinhood.

  Notably, in *Dominion Energy*, which also involves merger litigation, the court held that claims for aiding and abetting breach of fiduciary duty asserted against the corporation's merger partner did not fall within the CAFA securities exception. 928 F.3d at 325. While the fiduciary duty claims against the corporation's board arose from its stock, the directors of the merger partner were "outsiders" to all relationships created by the stock, and the aiding and abetting

claims therefore were "*not* predicated on any duties 'created by or pursuant to'" that security.  *Id.* at 342 (emphasis in original).  Similarly, Robinhood is an "outsider" to any relationship created by Hertz stock, and Plaintiff's claims against it do not fall within the securities exception.

### III.     PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES.

Plaintiff is not entitled to attorneys' fees and costs under 28 U.S.C. § 1447(c).  (Mot. 8.) That request is baseless; Robinhood's removal of this action was entirely proper, for the reasons discussed above.  *See Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (holding that district court abused its discretion in awarding attorneys' fees and costs where removal was not "improvident" or "unreasonable").

### CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiff's Motion for Remand.

Dated:  January 13, 2021

Respectfully submitted,

By: */s/ Grace L. Mead* _____
Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Ryan T. Thornton*
RYAN T. THORNTON

## SERVICE LIST

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address