UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-CV-24897-CMA

SHTERNA PINCHASOV, Individually and on Behalf of
All Others Similarly Situated,

      Plaintiff,

      v.

ROBINHOOD FINANCIAL LLC,

      Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, SHTERNA PINCHASOV, Individually and on Behalf of All Others Similarly Situated (hereinafter "Plaintiff"), by and through the undersigned counsel, respectfully files her Reply to Defendant's Response In Opposition to Plaintiff's Motion for Remand, in response to ROBINHOOD FINANCIAL LLC (hereinafter "Defendant") Notice of Removal [DE 1] and in accordance with this Court's Order [DE 34], and in support thereof states:

a. **The exception does not only apply to claims based on the "terms of an instrument", but to relationships, as well.**

Tellingly, although Defendant claims that the only applicable part of the statute is that regarding the "terms of the instruments", Defendant does not contradict or dispute the holding in Dominion that states that "the exception does encompass a claim predicated on the 'duties superimposed by state law *as a result of the relationship created by or underlying [a] security*'". Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys., 928 F.3d 325, 341 (4th Cir.

1

2019); See Eminence, 782 F.3d at 510. Specifically, the Dominion Court, when explaining BlackRock, stated that:

> The Second Circuit reversed the district court and ruled that the bank-trustee's lawsuit fell within the securities-related exception. See BlackRock, 673 F.3d at 178-79. As the court of appeals explained, the bank-trustee was seeking "an instruction from [a] court as to whether it ha[d] complied with its 'duties . . . and obligations' arising from the [trust documents] and its 'fiduciary duties' superimposed by state law." Id. at 178. *Importantly, the BlackRock decision determined that "duties superimposed by state law as a result of the relationship created by or underlying [a] security fall within the plain meaning of the [exception], which expressly references 'duties (including fiduciary duties).'" Id. at 179. Because the bank-trustee's lawsuit relied on duties that were superimposed by New York law as a result of the underlying trust documents, the court of appeals ruled that the lawsuit satisfied the securities-related exception and that the remand to the state court was proper.* Id. at 179-80.

Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys., 928 F.3d 325, 340-41 (4th Cir. 2019).

In other words, the exception does not solely encompass claims based on duties and obligations based on the "terms" of an instrument, as Defendant states in its Response. Duties *superimposed by state law as a result of the relationship created by a security* are also included in the exception. This would encompass Plaintiff's breach of fiduciary duty and negligence claims. Defendant admits that it has a customer relationship with Plaintiff, but the relationship is more than just that of a customer, it is that of a broker-dealer. Likewise, the fiduciary relationship which arises out of the stock and that Plaintiff attempts to enforce, is the "source" of the duty. In other words, the source of the duty being enforced is the security vis-à-vis the rights that arise from the relationship created by same. There is no rule or caselaw that forces one to only look within the four-corners of an instrument and only enforce the terms therein for CAFA exceptions to apply. Moreover, *the plain language of the statute* includes breaches of fiduciary duties.

2

b. **<u>Greenwich</u> shows us an applicable distinction between duties and obligations: duties has to do with "persons" while obligations has to do with the instruments themselves.**

Defendant cites to <u>Greenwich</u> and <u>Cardarelli</u> to state that the only claims that fall within CAFA are claims that seek to enforce "the terms of the instruments" that create and define securities. Defendant neglects to include the discussion of "rights, duties and obligations" found in <u>Greenwich</u>. <u>Greenwich</u> tells us that:

> Duties were owed by persons--whether human or artificial--and while obligations could be owed by persons or by instruments, to differentiate them from "duties", the term "obligations" should be read as "obligations created in instruments, such as a certificate of incorporation, an indenture, a note, or some other corporate document." <u>Estate of Barbara Pew</u>, 527 F.3d at 31. Of course, the "rights" are "those of the security-holders (or their trustees or agents) to whom these duties and obligations run." <u>Id</u>. Applying these distinctions, the Court of Appeals held that the exception was limited to suits seeking to enforce "the terms of the instruments that create and define securities" or the "duties imposed on persons who administer securities." <u>Id.</u> at 33.

<u>Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.</u>, 603 F.3d 23, 29 (2d Cir. 2010).

<u>Greenwich</u> should be read in conjunction with <u>BlackRock</u>, cited to by Defendant in its Response. <u>Blackrock</u> also mentions that "duties superimposed by state law as a result of the relationship created by or underlying the security fall within the plain meaning of the statute, which expressly references 'duties (including fiduciary duties).'" <u>BlackRock</u> further explains that "certain duties and obligations of course 'relate to' securities even though they are not rooted in a corporate document but are instead superimposed by a state's corporation law or common law on the relationships underlying that document." <u>BlackRock Fin. Mgmt. Inc. v. Segregated Account of AMBAC Assurance Corp.</u>, 673 F.3d 169, 179 (2d Cir. 2012). Tellingly, this directly contradicts the statement in Defendant's Response that it must be "grounded in the terms of the securities

3

themselves". See Defendant's Response, page 3. Also, Defendant leaves out "relating to" from most of its Response, when BlackRock addresses it and it is found in the language of the statute.[1]

The plain language of the exception when it refers to "duties" and "obligations", and consistent with the distinctions described in Greenwich above, tell us that duties have to do with the persons administering the instrument but obligations have to do with the instrument itself (and the terms therein). Although Defendant would like to have this Court focus on the "obligations"[2], the more appropriate analysis is on the "duties" (which relates to persons). The persons herein administering the instruments are Robinhood, and there is no case that has interpreted the meaning of "administering" thus far.

 c. **"Administer" is not defined in the statute or in caselaw.**

The Greenwich and Cardarelli courts tell us that the other claims that fall within CAFA are claims that seek to enforce the "duties imposed on persons who administer securities." Defendant will have this Court believe that "administer" *only* refers to entities such as an indenture trustee, whose "rights, duties, and obligations" are created by the operative instrument that sets forth the terms of the security and refers us to BlackRock. However, BlackRock happened to deal with an indenture trustee and it is only one example of someone who "administers". It is in no way exhaustive or exclusive, and the caselaw does not specify it as such. Nor can it be the standard definition for someone who administers, as the result would be that only "indenture trustees" would fall under the latter part of the last CAFA exception. If Congress had intended that, it would

---

[1] 1332(d)(9)(C) - that relates to the rights, duties (including fiduciary duties), and obligations *relating to* or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).
[2] Defendant claims that Plaintiff's claims do not arise from the Hertz stock itself. However, the T1 Halt referred to in Plaintiff's Complaint directly *relates to* (as quoted from the applicable statute) the Hertz stock, and Plaintiff's claim is dependent on the fiduciary duties of care to Defendant, which includes informing Plaintiff of that T1 Halt.

have just stated same. It is true that there is no caselaw that defines "administers" as it related to the securities exception. There is also no definition found in the statute that defines the term "administers".

As "administer" is not defined, the Court should consider the ordinary meaning of the word. Smith v. Under Armour, Inc., 593 F. Supp. 2d 1281, 1286 (S.D. Fla. 2008) ("to determine the common usage or ordinary meaning of a term, courts often turn to dictionary definitions for guidance"). The Oxford English Dictionary most relevantly defines "administer" as "to carry out or oversee the tasks necessary for the running of (an organization) or the effecting of (a state of affairs)." *Administer*, Oxford English Dictionary (3d ed. 2011). Merriam Websters Dictionary defines administer as "1: to manage or supervise the execution, use, or conduct of; 2a: to provide or apply; 2b: to give officially or as part of a ritual." *Administer*, Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/administer. Accessed January 25, 2021. Consistent with the ordinary meaning of administer, Defendant, as broker-dealers, did administer this stock to its customers, as it was charged with carrying out and overseeing the tasks necessary for effectuating the purchases, sales, and holds of stocks. Moreover, if Congress did not want CAFA's exceptions to apply to brokers, dealers or broker-dealers, it would have specifically said so.

    d. **Defendant misconstrues the <u>Dominion</u> case.**

Finally, Defendant misconstrues the <u>Dominion</u> case, which was predicated on a merger between two companies. Dominion was referred to as an "outsider" because the intended merger in that set of facts had not happened yet, so Dominion's only duty was to its own stockholders at the time in question. There was no possible duty on Dominion's part arising from the other company's stock if the merger had not happened. This is why the term "outsider" is used, and this

situation does not apply to Robinhood at all. It is disingenuous to say that there would be no relationship created by the stock when the stock is the very reason why a fiduciary duty arose between the parties in the first place.[3]

### e. Alternatively, Title 28 U.S.C. 1332(d)(9)(A) would also apply as an exclusion to CAFA.

Title 28 U.S.C. §1332(d)(9)(A) also creates an exception to federal jurisdiction for claims "concerning a covered security." Plaintiff mentions and quotes this section in paragraph 13 and 14 of her Motion to Remand, which specifically states that: "(9) Paragraph (2) shall not apply to any class action that solely involves a claim— (A) concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E)). The definition of "covered security" in both the Securities Act and the Securities Exchange Act is "a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of [15 U.S.C. §77r(b)] …." In turn, Title 15 U.S.C. §77r(b) states that "[a] security is a covered security if such security is (A) a security designated as qualified for trading in the national market system pursuant to section 78k-1(a)(2) of this title that is listed, or authorized for listing, … on a national securities exchange …." Hertz stock is listed on NYSE. Therefore, Hertz stock is a "covered security," and the "covered security" exception applies.

---

[3] By way of example only, a broker-dealer has "ongoing duties of financial responsibility, customer protection, and good conduct". Specifically, a broker-dealer must "execute client orders promptly, disclose information relevant to investors, [and] charge prices in line with market conditions", among other things. SEC, Investment Publications, Guide to Broker Dealer Registration, Conduct Regulation of Broker-Dealers, https://www.sec.gov/reportspubs/investor-publications/divisionsmarketregbdguidehtm.html (as modified on Dec. 12, 2016). A plain reading of the listed duties shows that they all arise from stocks.

    **f. Conclusion.**

In conclusion, all allegations in the Complaint must be taken as true. For this Court to agree with Defendant's position and determine that there is no duty owed to Plaintiff by Defendant based on the stock, is akin to granting judgment for Defendant without the benefit of a trial. There is no caselaw on point that Defendant has presented to support affirmatively denying Plaintiff's Motion to Remand, as the facts in the present case present a matter of first impression. For the reasons stated above, Plaintiff asks this Court to grant Plaintiff's Motion to Remand, and any other relief this Court deems just and proper.

Dated: January 25, 2021.

Respectfully submitted,

*Counsels for Plaintiff:*

**MAC LEGAL, P.A.**
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
By: */s/ Michael A. Citron*
**MICHAEL A. CITRON, ESQ.**
Florida Bar No.: 105083
Michael@maclegalpa.com
Service@maclegalpa.com

**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) 780-6058
By: */s/ Igor Hernandez*
**IGOR HERNANDEZ, ESQ.**
Florida Bar No. 106386
service@CHGLawyers.com
ihernandez@chglawyers.com

**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, FL 33021
Phone (954)727-8570
By: */s/ Ely R. Levy*

**ELY R. LEVY, ESQ.**
Florida Bar No. 15452
elevy@lawlp.com
maritza@lawlp.com
VENESSA VALDES SOLIS, ESQ.
Florida Bar No.: 77122
venessa@lawlp.com
nitzia@lawlp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Venessa V. Solis*
Venessa Valdes Solis, Esq.

## SERVICE LIST

Grace L. Mead, Esq.
Ryan T. Thornton, Esq.
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3200
Email: gmead@stearnsweaver.com
 Email: rthornton@stearnsweaver.com

Maeve L. O'Connor, Esq. (*pro hac vice* application forthcoming)
Elliot Greenfield, Esq. (*pro hac vice* application forthcoming)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com