**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 20-cv-24897-CMA

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

    v.

ROBINHOOD FINANCIAL LLC,

        Defendant.

---

**DEFENDANT ROBINHOOD FINANCIAL LLC'S SUR-REPLY
IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Pursuant to the Court's January 26, 2021 Order [DE 36], Defendant Robinhood Financial LLC ("Robinhood") submits this sur-reply memorandum in opposition to Plaintiff's Motion for Remand [DE 24].

## ARGUMENT

Having failed to establish that her claims fall within CAFA's "securities" exception, 28 U.S.C. § 1332(d)(9)(C), Plaintiff falls back on the equally flawed assertion that a different exception – for claims "concerning a covered security," 28 U.S.C. § 1332(d)(9)(A) – applies. (Reply 6.) This alternative theory, raised for the first time in Plaintiff's reply, fares no better, and Plaintiff again fails to meet her burden of demonstrating that remand is required because a CAFA exception applies.

The "covered securities" exception is inapplicable here, and Plaintiff is unable to cite any authority supporting her position. Like the other CAFA exceptions, the "covered security" exception is narrowly construed, and it has been consistently interpreted as carving out only "class actions for which [removal] jurisdiction exists elsewhere under federal law, such as under the Securities Litigation Uniform Standards Act ('SLUSA'), *i.e.*, state-law fraud claims in connection with the purchase or sale of securities traded on a national stock exchange." *Estate of Pew v. Cardarelli*, 527 F.3d 25, 30 (2d Cir. 2008) (citing 15 U.S.C. §§ 78bb(f), 77r(b)(1)); *see also Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 27 n.2 (2d Cir. 2010) ("covered securities" exception applies to claims "covered under the Securities Act, for which jurisdiction exists elsewhere under federal securities law").

The purpose of the exception is to avoid any potential conflict with the removal provisions of SLUSA. *See Anderjaska v. Bank of America*, *N.A.*, 2020 WL 1503418, at *3 (S.D.N.Y. Mar. 30, 2020) ("CAFA and SLUSA complement each other; where federal jurisdiction exists on the basis of one, it does not exist on the basis of the other.") (*citing Cardarelli*, 527 F.3d at 30); *N.J. Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4*, 581 F. Supp. 2d 581, 588-89 (S.D.N.Y. 2008) ("With respect to § 1332(d)(9)(A), the

Senate Report explains that '[b]ecause Congress has previously enacted legislation governing the adjudication of [claims concerning covered securities], it is the Committee's intent not to disturb the carefully crafted framework for litigating in this context.'") (quoting S. Rep. No. 109-14 at 50 (2005)) (alterations in original).

Here, Plaintiff asserts negligence and fiduciary duty claims – not misrepresentation claims that might fall within the scope of SLUSA and therefore be subject to CAFA's "covered securities" exception. Plaintiff's assertion that the exception applies merely because Hertz stock is a "covered security" (Reply 6) is both unsupported by legal authority and inconsistent with the requirement that CAFA exceptions be narrowly construed. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction, with only narrow exceptions.").

Plaintiff again fails to meet her burden of demonstrating that a CAFA exception applies to her claims, and the Court should deny the Motion for Remand.

Dated:  January 28, 2021                          Respectfully submitted,

By: */s/ Grace L. Mead*         _____
Grace L. Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Ryan T. Thornton*
RYAN T. THORNTON

## SERVICE LIST

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address