**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 20-cv-24897-CMA

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

    v.

ROBINHOOD FINANCIAL LLC,

        Defendant.

---

**DEFENDANT ROBINHOOD FINANCIAL LLC'S UNOPPOSED MOTION
TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS**

Defendant Robinhood Financial LLC ("Robinhood") submits this memorandum in support of its unopposed motion to stay discovery pending a decision on Robinhood's Motion to Dismiss [DE 21].

## PRELIMINARY STATEMENT

Good cause exists to stay discovery until the Motion to Dismiss is decided because the parties agree that the motion is dispositive of the entire case, and that a brief stay would not harm Plaintiff. In light of the parties' agreement, Robinhood asks the Court to exercise its discretion to stay discovery while the Motion to Dismiss is pending.

## BACKGROUND

On December 21, 2020, Robinhood filed its Motion to Dismiss Plaintiff's complaint on multiple grounds. The Motion to Dismiss argues: (i) Plaintiff fails to allege any basis for a duty to inform customers of T1 Halts or to cancel trade orders placed prior to a T1 Halt; (ii) Plaintiff fails to allege that Robinhood provides investment advice, makes investments on behalf of customers, or provides any other services that might give rise to a fiduciary duty; and (iii) Plaintiff's claims are barred by the Customer Agreement. [DE 21.] The Motion to Dismiss will be fully briefed on March 19, 2021.

On February 10, 2021, Plaintiff sent two proposed deposition notices to Robinhood – one to depose Robinhood's CEO and Founder, Vlad Tenev, and one 30(b)(6) deposition – along with her first set of document requests.

On February 17, 2021, Plaintiff and Robinhood met and conferred regarding the proposed deposition notices, and Plaintiff agreed that she would not oppose this brief stay of discovery.

Plaintiff has requested that an unopposed motion be filed with the Court so that she would have a basis to request an extension of time in the unlikely event that the requested stay interrupts the October 2021 discovery deadline. Were that scenario to occur, Robinhood would not oppose such a motion.

## ARGUMENT

Courts "enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). The Court should exercise that discretion to stay discovery here because the Motion to Dismiss "may dispose of the entire case," "the burden and expense of discovery outweigh its potential benefits," and Plaintiff "will not be prejudiced by a brief delay in discovery." *Seaway Two Corp. v. Deutsche Lufthansa Akteingesellschaft*, 2006 WL 8433652, at *1-2 (S.D. Fla. Nov. 17, 2006).

Here, a brief stay of discovery is warranted because Robinhood's pending Motion to Dismiss is potentially dispositive of the entire case. *See Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins."). Indeed, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.* at 1368. "This rule is particularly appropriate in large putative class action cases . . . wherein Plaintiff seeks a significant swath of documents and the elimination of even one claim could significantly impact the scope of discovery." *Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at *3-4 (S.D. Fla. Oct. 16, 2020) (granting motion to stay discovery where plaintiffs alleged that defendants engaged in unlawful business practices and sought discovery "as to tens of thousands of customers in a putative class" over a four-year time period and pending motion to dismiss could dispose of all claims).

Plaintiff agrees that she will not be prejudiced by a brief stay of discovery, and the burden and expense of discovery outweigh its potential benefits. *See id.* at *4 (weighing the burden on defendants against the harm to plaintiffs and granting a stay "to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiff's claims").

In light of these considerations, and the fact that Plaintiff does not oppose, Robinhood respectfully requests that the Court stay discovery pending a decision on the Motion to Dismiss.

## **CONCLUSION**

For the reasons set forth herein, the Court should grant Robinhood's motion to stay discovery.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I CERTIFY that counsel for the movant have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised herein. Counsel for Robinhood is authorized to state that although Plaintiff's counsel disagree the Motion to Dismiss will be successful and disagrees with certain aspects of the arguments above, Plaintiff's counsel agree to the relief sought in the instant motion.

Dated:  March 1, 2021                             Respectfully submitted,

By: */s/ Grace L. Mead*
Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Ryan T. Thornton*
RYAN T. THORNTON

**SERVICE LIST**

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address