**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 20-cv-24897-CMA

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

     v.

ROBINHOOD FINANCIAL LLC,

         Defendant.

_____/

**DEFENDANT'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND**
**DEMAND FOR JURY TRIAL**

Defendant Robinhood Financial LLC ("Robinhood"), by its undersigned attorneys, for its

Answer to the Complaint, states as follows:

1.      Denies the allegations in Paragraph 1, except admits that Plaintiff purports to allege

claims on behalf of the putative class against Defendant.

2.      Denies the allegations in Paragraph 2, except admits that Robinhood is a broker-dealer

and is registered with the Securities and Exchange Commission ("SEC").

3.      Denies the allegations in Paragraph 3, except admits that broker-dealers facilitate

securities transactions on behalf of their customers, for their own accounts, or for both.

4.      Denies the allegations in Paragraph 4, except admits that certain individuals employed

by some broker-dealers are sometimes referred to as brokers.

5.      Denies the allegations in Paragraph 5, respectfully refers the Court to the Robinhood

website for its full and accurate contents and denies any allegation inconsistent therewith.

6.      Denies the allegations in Paragraph 6, except admits that Robinhood customers can use Robinhood's trading platform to look up prices and other information for certain publicly-traded stocks.

7.      Denies the allegations in Paragraph 7, respectfully refers the Court to the Robinhood website for its full and accurate contents and denies any allegation inconsistent therewith.

8.      Denies the allegations in Paragraph 8, respectfully refers the Court to the Robinhood website for its full and accurate contents and denies any allegation inconsistent therewith.

9.      Admits that the quoted language appears on Robinhood's website, respectfully refers the Court to the Robinhood website for its full and accurate contents and denies any allegation in Paragraph 9 inconsistent therewith.

10.     Denies the allegations in Paragraph 10, respectfully refers the Court to the Robinhood website for its full and accurate contents and denies any allegation inconsistent therewith.

11.     Denies the allegations in Paragraph 11, respectfully refers the Court to the Robinhood website for its full and accurate contents and denies any allegation inconsistent therewith.

12.     Denies the allegations in Paragraph 12, except admits that Robinhood customers can use Robinhood's trading platform to look up information for certain publicly-traded stocks, and denies knowledge or information sufficient to form a belief as to "other online stock traders."

13.     Paragraph 13 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 13 is necessary, Defendant denies them.

14.     Paragraph 14 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 14 is necessary, Defendant denies them.

15.     Paragraph 15 states legal conclusions to which no response is necessary.  To the extent

any response to the allegations in Paragraph 15 is necessary, Defendant denies them.

16.     Paragraph 16 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 16 is necessary, Defendant denies them.

17.     Paragraph 17 contains definitional allegations to which no response is necessary.  To the extent any response to the allegations in Paragraph 17 is necessary, Defendant denies them, except admits that NASDAQ defines a T1 Halt as suspension of trading initiated by the stock exchange "pending the release of material news."[1]

18.     Denies knowledge or information sufficient to form a belief as to information received by Robinhood customers and any alleged losses by Robinhood customers, and otherwise denies the allegations in Paragraph 18.

19.     Paragraph 19 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 19 is necessary, Defendant denies them.

20.     Paragraph 20 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 20 is necessary, Defendant denies them.

21.     Paragraph 21 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 21 is necessary, Defendant denies them.

22.     Paragraph 22 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 22 is necessary, Defendant denies them.

23.     Denies the allegations in Paragraph 23, except admits that Plaintiff purports to seek damages exceeding $30,000.

24.     Paragraph 24 states legal conclusions to which no response is necessary.  To the extent

---

[1] *See* https://www.nasdaqtrader.com/Trader.aspx?id=tradehaltcodes.

any response to the allegations contained in Paragraph 24 is necessary, Defendant denies them and notes that this case has been transferred to the United States District Court for the Southern District of Florida.

25.    Paragraph 25 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 25 is necessary, Defendant denies them, notes that this case has been transferred to the United States District Court for the Southern District of Florida, and admits that it is subject to the jurisdiction of this Court for this matter.

26.    Admits.

27.    Denies the allegations in Paragraph 27, except admits that Robinhood maintains an office in Lake Mary, Florida.

28.    Paragraph 28 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 28 is necessary, Defendant denies them, notes that this case has been transferred to the United States District Court for the Southern District of Florida, and admits that it is subject to the jurisdiction of this Court for this matter.

29.    Paragraph 29 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 29 is necessary, Defendant denies them.

30.    Paragraph 30 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 30 is necessary, Defendant denies them.

31.    Paragraph 31 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 31 is necessary, Defendant denies them.

32.    Paragraph 32 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 32 is necessary, Defendant denies them, except admits that it is subject to the jurisdiction of this Court for this matter.

33.     Paragraph 33 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 33 is necessary, Defendant denies them, except admits that it is licensed in Florida, admits that it maintains an office in Lake Mary, Florida, admits that some customers pay $5 per month for a Robinhood Gold account, and admits that it is subject to the jurisdiction of this Court for this matter.

34.     Paragraph 34 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 34 is necessary, Defendant denies them.

35.     Paragraph 35 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 35 is necessary, Defendant admits that it is subject to the jurisdiction of this Court for this matter.

36.     Paragraph 36 states legal conclusion to which no response is necessary.  To the extent any response to the allegations in Paragraph 36 is necessary, Defendant denies them and notes that this case has been transferred to the United States District Court for the Southern District of Florida.

37.     Paragraph 37 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 37 is necessary, Defendant denies knowledge and information sufficient to form a belief as to where Plaintiff is a citizen or domicile and whether Plaintiff received any advertisements from Robinhood, and otherwise denies the allegations in Paragraph 37.

38.     Denies the allegations in Paragraph 38, except admits that Robinhood is a broker-dealer registered with the SEC that provides certain securities brokerage services to its customers.

39.     Paragraph 39 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 39 is necessary, Defendant denies them.

40.     Paragraph 40 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 40 is necessary, Defendant denies them.

41.     Paragraph 41 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 41 is necessary, Defendant denies them.

42.     Paragraph 42 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 42 is necessary, Defendant denies them.

43.     Paragraph 43 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 43 is necessary, Defendant denies them.

44.     Paragraph 44 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 44 is necessary, Defendant denies them.

45.     Paragraph 45 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 45 is necessary, Defendant denies them.

46.     Paragraph 46 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 46 is necessary, Defendant denies them.

47.     Paragraph 47 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 47 is necessary, Defendant denies them.

48.     Paragraph 48 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 48 is necessary, Defendant denies them.

49.     Paragraph 49 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 49 is necessary, Defendant denies them.

50.     Paragraph 50 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 50 is necessary, Defendant denies them.

51.     Defendant incorporates by reference the responses contained herein.

52.     Paragraph 52 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 52 is necessary, Defendant denies them.

53.     Paragraph 53 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 53 is necessary, Defendant denies them.

54.     Paragraph 54 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 54 is necessary, Defendant denies them.

55.     Paragraph 55 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 55 is necessary, Defendant denies them.

56.     Paragraph 56 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 56 is necessary, Defendant denies them.

57.     Paragraph 57 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 57 is necessary, Defendant denies them.

58.     Paragraph 58 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 58 is necessary, Defendant denies them.

59.     Defendant incorporates by reference the responses contained herein.

60.     Paragraph 60 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 60 is necessary, Defendant denies them.

61.     Paragraph 61 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 61 is necessary, Defendant denies them.

62.     Paragraph 62 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 62 is necessary, Defendant denies them.

63.     Paragraph 63 states legal conclusions to which no response is necessary.  To the extent any response to the allegations in Paragraph 63 is necessary, Defendant denies them.

## ANSWER TO JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiff, or any other plaintiff class, is entitled to the relief requested or any relief, and denies any and all other allegations of the Class Action Complaint except as specifically admitted above.

## ADDITIONAL DEFENSES

As additional defenses, Defendant alleges, asserts, and states the following, which apply to each and every cause of action asserted in the Class Action Complaint to which such defense may be applicable.  By virtue of alleging these further defenses, Defendant does not assume any burden, proof, persuasion, or production not otherwise legally assigned to it.  Defendant also does not concede that facts contrary to one or more of the statements that follow would support liability as to any or all of them.  Defendant asserts and expressly reserves all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery.  Use of the term "Plaintiff" in the defenses refers to the Named Plaintiff and to any member of the putative plaintiff class alleged in the Class Action Complaint.

## FIRST DEFENSE

Plaintiff fails to state any claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, and/or estoppel.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by Robinhood's Customer Agreement.

## **FOURTH DEFENSE**

Defendant is not liable because it exercised due care and behaved in a reasonable manner.

## **FIFTH DEFENSE**

Defendant is not liable for breach of fiduciary duty because it does not act as a fiduciary for its customers.

## **SIXTH DEFENSE**

Plaintiff's claims are barred in whole or in part because she did not suffer any injury or compensable damages.

## **SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the economic loss rule.

## **EIGHTH DEFENSE**

Plaintiff's claims are barred in whole or in part because she failed to mitigate damages.

## **NINTH DEFENSE**

Plaintiff's claims on behalf of a putative class are barred in whole or in part because the applicable requirements of Federal Rule of Civil Procedure 23 are not satisfied.

## **JURY TRIAL DEMAND**
Defendant hereby demands that this matter be tried before a jury.

\*       \*       \*

WHEREFORE, Defendant respectfully requests judgment dismissing the Class Action Complaint in its entirety and awarding costs and attorneys' fees, together with such other and further relief as the Court deems just and proper.

Dated:  May 5, 2021                              Respectfully submitted,


                                        By: */s/ Grace L. Mead*_____
                                        Grace Mead
                                        Florida Bar No. 49896
                                        Ryan Thornton
                                        Florida Bar No. 99195
                                        **STEARNS WEAVER MILLER**
                                        Museum Tower
                                        150 West Flagler Street
                                        Suite 2200
                                        Miami, Florida 33130
                                        Telephone: 305-789-3559
                                        Email: gmead@stearnsweaver.com
                                        Email: rthornton@stearnsweaver.com


                                        Maeve O'Connor (*pro hac vice*)
                                        Elliot Greenfield (*pro hac vice*)
                                        **DEBEVOISE & PLIMPTON LLP**
                                        919 Third Avenue
                                        New York, New York  10022
                                        Telephone: 212.909.6000
                                        Email: mloconnor@debevoise.com
                                        Email: egreenfield@debevoise.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Ryan T. Thornton*
   RYAN T. THORNTON

**SERVICE LIST**

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com

R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address