UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

SHTERNA PINCHASOV, Individually and
On Behalf of All Others Similarly Situated

CASE NO. 20-CV-24897-CMA
Magistrate Judge Torres

Plaintiffs,

v.

ROBINHOOD FINANCIAL, LLC

Defendant.
_____/

## UNOPPOSED MOTION TO PERMIT FILING OF EXHIBIT UNDER SEAL

Plaintiff, Shterna Pinchasov, Individually and on Behalf of All Others Similarly Situated ("Pinchasov"), pursuant to Local Rule 5.4 and the Stipulated Protective Order [D.E. 59], respectfully moves the Court for entry of an Order authorizing Pinchasov to file under seal one (1) exhibit to a forthcoming Motion for Class Certification. The exhibit is the unredacted transcript of the Defendant's Corporate Representative deposition, which took place July 15, 2021. In support of this Motion to Permit Filing of Exhibit Under Seal, Pinchasov respectfully states as follows:

1.  As noted above, one of the exhibits to the Plaintiff's forthcoming Class Certification Motion, Pinchasov intends to submit a true and correct copy the unredacted deposition transcript of Mr. Eric Deacon, the Defendant's designated Corporate Representative who attended the July 15, 2021, duly noticed deposition.

2.  Plaintiff intends to Defendant's Corporate Representative's unredacted transcript under seal, as it has been designated by Defendant's counsel as "Highly Confidential –

Attorneys' Eyes Only"[1] and Defendant has asserted that Page 68, lines 20-23 should remain "non-public," as it is "sensitive, non-public financial information."

3. Once reviewed under seal, the Court may then determine for itself whether the transcript has been appropriately designated under the Stipulated Protective Order [D.E. 59].

4. While the entirety of the transcript will be filed with redaction at Page 68, lines 20-23, once permitted by this Honorable Court, the unredacted transcript will be filed under seal once permitted by this Honorable Court.

5. The Motion for Class Certification and any other exhibits appended thereto will be filed publicly.

6. The proposed duration of the sealing is 60 days after the final disposition of this action.

7. In further support of this Motion, Pinchasov also respectfully refers the Court to theMemorandum of Law below.

## MEMORANDUM OF LAW

The Court has discretion to order the filing under seal of discovery to preserve theintegrity of the information. *See Chicago Tribune Co. v. Bridgestore/Firestore, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2011). When evaluating a motion to seal, the Court should balance the party's interest in keeping the information confidential against the public interest in accessing court documents. *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1246 (11th Cir. 2005). In balancing the competing interests, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury

---

[1] In accordance with D.E. 59, Defendant retains the opportunity within 20 days of receiving the final transcript, "to identify specific potions of the testimony as to which protection is sought and [specifying] the level of protection being asserted." *See* D.E. 59 at 5.1(b). The transcript was received by Plaintiff on July 22, 2021. The deadline for Class Certification is July 30, 2021.

if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

In the instant case, Pinchasov is requesting that the Court seal one portion of an exhibit from a Class Certification Motion so that the Court may review the transcript that Defendant designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order [D.E. 59]. While Plaintiff challenges the propriety of that designation, Pinchasov does not want to disturb Defendant's interest in being able to maintain the confidentiality of what it believes to be "sensitive, non-public financial information" included within the sworn testimony of Defendant's Corporate Representative.

Plaintiff is not able to suggest Defendant's confidentiality designation here, appropriately outweighs the public's interest in accessing the information within the Defendant's Corporate Representative deposition transcript, at issue, and defers to the Court on this subject. In the interest in having a just resolution of disputes arising under the Stipulated Protective Order, this Court is asked to determine if on balance, the public's interest in accessing the transcript to be filed under seal outweighs the Defendant's interest in protecting what they contend to be confidential financial information protected from public disclosure.

## CONCLUSION

Based on the foregoing, Pinchasov respectfully requests that this Court enter an order permitting Pinchasov to file the unredacted transcript to its Class Certification Motion under seal.

Respectfully submitted,

By: */s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**

4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com – Correspondence
Email: Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

Ely R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
Email: elevy@lawlp.com – Service Address
Email: venessa@lawlp.com – Service Address
Email: Maritza@lawlp.com – Service Address

*Counsel for Pinchasov*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues. All parties who may be affected have no opposition to the relief sought.

*s/ Michael A. Citron*
_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

to all parties and their respective July 29, 2021 via CM/ECF to:

Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com
*Counsel for Defendant*
Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
*Counsel for Defendant*

                                                                      */s/ Michael A. Citron*
                                                                      Michael A. Citron, Esq.
                                                                      Florida Bar No.: 105083