UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24897-CIV-ALTONAGA/Torres

**SHTERNA PINCHASOV**,

      Plaintiff,
v.

**ROBINHOOD FINANCIAL LLC**,

      Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Shterna Pinchasov's Unopposed Motion to Permit Filing of Exhibit Under Seal [ECF No. 63], filed on July 29, 2021. Plaintiff requests leave to file under seal an unredacted transcript of Defendant, Robinhood Financial LLC's corporate representative deposition, in connection with Plaintiff's forthcoming motion for class certification. (*See id.* 1).[1] Pursuant to the parties' Stipulated Confidentiality and Protective Order [ECF No. 59], Defendant designated the transcript as "Highly Confidential — Attorneys' Eyes Only" and has asserted that Page 68, lines 20–23 should remain "non-public," as they contain "sensitive, nonpublic financial information." (Mot. 1–2 (quotation marks omitted)). Plaintiff challenges the propriety of these designations but "defers to the Court on this subject." (*Id.* 3). In so doing, Plaintiff fails to provide any reason why redaction of the four lines is insufficient — there is no indication of whether those four lines are pertinent to her forthcoming motion for class certification.[2] The Court declines to do the work for Plaintiff.

---

[1] The Court relies on the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Plaintiff also fails to address whether she followed the procedure for challenging confidential designations outlined in section 6 of the Stipulated Confidentiality and Protective Order.

CASE NO. 20-24897-CIV-ALTONAGA/Torres

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (alteration added). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original; quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Cap., Inc.*, 827 F.3d 689 (7th Cir. 2016)). The fact that the parties have agreed to seal a document is irrelevant. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (stating it is "immaterial" whether the parties have agreed to seal the record when determining whether a document should be publicly filed).

"Material filed in connection with any substantive pretrial motion . . . is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (alteration added; citations omitted). A motion for class certification is a substantive pretrial motion, requiring a showing of good cause to overcome the presumption of public access. *See, e.g.*, *Schojan v. Papa John's Int'l, Inc.*, No. 8:14-cv-1218, 2014 WL 4674340, at *1–2 (M.D. Fla. Sept. 18, 2014) (denying motion to seal motion for class certification despite the plaintiff's assertions that the motions and exhibits were subject to a confidentiality agreement and protective order). Likewise, the exhibits filed for consideration with the motion for class certification are presumptively public.

CASE NO. 20-24897-CIV-ALTONAGA/Torres

Upon review of the Motion, the Court is left unconvinced the presumption in favor of public access should be cast aside. The Court does not disagree that the exhibit may contain confidential information that is inappropriate for public disclosure. But Plaintiff does not indicate whether Page 68, lines 20–23 of Defendant's corporate deposition transcript are pertinent to Plaintiff's forthcoming class certification motion. Therefore, redaction of these lines is more appropriate.[3]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, Shterna Pinchasov's Unopposed Motion to Permit Filing of Exhibit Under Seal **[ECF No. 63]** is **DENIED without prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 29th day of July, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

---

[3] If redaction will impair Plaintiff's ability to support its forthcoming motion for class certification, Plaintiff may refile its motion to file under seal with an adequate explanation of the import of Page 68, lines 20–23 of Defendant's corporate deposition transcript. Plaintiff must also establish that she followed the procedures for challenging confidentiality designations found in the Stipulated Confidentiality and Protective Order.