UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24897-CIV-ALTONAGA/Torres

**SHTERNA PINCHASOV**,

    Plaintiff,
v.

**ROBINHOOD FINANCIAL LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Shterna Pinchasov's Motion for Class Certification [ECF No. 65]. Plaintiff seeks to certify a class to pursue "damages for all former and current customers of [Defendant,] Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time within 4 years preceding the filing of this lawsuit[.]" (*Id.* 2 (alterations added)).

Local Rule 7.1(c) of the United States District Court for the Southern District of Florida provides: "For all motions, except motions served with the summons and complaint, each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. FLA. L.R. 7.1(c). To date, Defendant has failed to respond to the Motion, nor has it sought an extension of time to do so.

Nonetheless, where the motion for class certification is unopposed by the defendant or the defendant is in default, the party seeking class certification still bears the burden of establishing that certification is proper under Federal Rule of Civil Procedure 23. *See Katz v. MRT Holdings,*

CASE NO. 20-24897-CIV-ALTONAGA/Torres

*LLC*, No. 07-61438-Civ, 2008 WL 4725284, *2 (S.D. Fla. Oct. 24, 2008); *Eder v. Aspen Home Improvements Inc.*, No. 8:20-cv-1306, 2020 WL 6870851, at *2 (M.D. Fla. Oct. 2, 2020) ("The prerequisites for class certification must be satisfied notwithstanding a defendant's failure to appear and defend an action." (citations omitted)).  "A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of [Rule] 23 have been met." *Jackson v. Paycron Inc.*, No. 8:19-cv-00609, 2019 WL 2085430, at *1 (M.D. Fla. May 13, 2019) (alteration added; citation omitted).  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant, Robinhood Financial LLC shall respond to Plaintiff, Shterna Pinchasov's Motion for Class Certification [ECF No. 65] by **August 17, 2021**, failing which the Court will rule on the Motion without Defendant's briefing.  *See generally Kron v. Grand Bahama Cruise Line, LLC*, 328 F.R.D. 694 (S.D. Fla. 2018) (granting motion for class certification where the defendant failed to respond).

**DONE AND ORDERED** in Miami, Florida, this 16th day of August, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record