**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 20-cv-24897-CMA/Torres

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

     v.

ROBINHOOD FINANCIAL LLC,

       Defendant.

_____/

**DEFENDANT ROBINHOOD FINANCIAL LLC'S MOTION TO STRIKE CERTAIN
ARGUMENTS RAISED IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION [D.E. 72] OR, IN THE ALTERNATIVE,
MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Robinhood Financial LLC ("RHF") submits this memorandum in support of its Motion to Strike Certain Arguments Raised in Plaintiff's Reply in Support of Motion for Class Certification [D.E. 72] or, in the Alternative, Motion for Leave to File Sur-Reply.

## ARGUMENT

In accordance with the Court's September 1, 2021 Order [D.E. 73], RHF will file a sur-reply on September 7, 2021 addressing Plaintiff's statement in her reply brief [D.E. 69] (the "Reply Brief") that she wishes to withdraw her negligence claim.[1]

Separate and apart from the withdrawal of her negligence claim, Plaintiff improperly asserts for the first time in the Reply Brief a number of incorrect, unsupported assertions of fact and law. Plaintiff largely abandons the arguments in her opening brief, which focused on notification of trading halts and alleged trading losses, and instead asserts new legal theories:

- First, seeking to avoid the individual issues as to proximate causation – *e.g.*, whether a particular customer had independent knowledge of the trading halt and whether she would have undertaken a different course of action if notified of the trading halt – Plaintiff now abandons her notification theory and asserts, incorrectly, that FINRA Rule 5260 prohibits broker-dealers from accepting trade orders during a trading halt.[2]  (Opp'n 7-9; Reply 4.) Plaintiff also relies on a new factual assertion, wholly unsupported in the record evidence, that "[n]o customer would have placed a market order to sell during a halt knowing of the volatility of a stock after a halt."  (Reply 6.)

- Second, with respect to the individualized issues necessary to determine injury, Plaintiff sets aside her proposed damages methodology based on trading losses and now purports to seek disgorgement of any payment for order flow ("PFOF") that RHF received in connection with trade orders placed during a trading halt.  (Reply 6-8.)

Plaintiff made no mention of FINRA Rule 5260, disgorgement or PFOF in her opening brief.

---

[1]   Although Plaintiff's counsel asserts that RHF did not respond to a request to meet and confer regarding the filing of an amended complaint, Plaintiff's counsel emailed RHF's counsel only a few hours before filing the Reply Brief.  RHF's counsel promptly responded, but given the timing on their outreach, the Reply Brief had already been filed.

[2]   RHF mentioned Rule 5260 only in its "Background" section and did not base any legal arguments on it.  (Opp'n 4-5.)

The Court should strike these inappropriate new arguments, which were fully available to Plaintiff when she filed her opening brief.  *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (alteration and internal quotation omitted) (collecting cases); *In re Air Crash Near Rio Grande Puerto Rico on Dec. 3, 2008*, 2012 WL 760885, at *5 (S.D. Fla. Mar. 7, 2012) (disregarding arguments raised for the first time in a reply brief); *United States v. Grant*, 2012 WL 13085316, at *1 n.1 (S.D. Fla. May 23, 2012) (same); *Rivera v. JPMorgan Chase & Co.*, 2015 WL 12851710, at *5 n.9 (S.D. Fla. July 9, 2015) (same).

If the Court decides not to strike these inappropriate new arguments and assertions, RHF requests that it be given an opportunity to address them in the sur-reply brief it will file on September 7.  *See Miccosukee Tribe of Indians of Fla. v. U.S. Dep't of Just.*, 103 F. Supp. 3d 1314, 1325 n.6 (S.D. Fla. 2015) (noting that "the Court has discretion to permit the filing of a sur-reply 'when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief'") (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 Fed. App'x 777, 788 (11th Cir. 2008)); *Mile High Healthcare Analytics, LLC v. Med. Care Consortium Inc.*, 2020 WL 9460325, at *11 n.8 (S.D. Fla. July 29, 2020) (permitting sur-reply because the defendants "raised a new issue on reply"); *Diaz v. Jenne*, 2007 WL 174154, at *4 n.2 (S.D. Fla. Jan. 19, 2007) (noting that the court granted leave to file sur-reply to thwart any "unfair advantage" gained by advancing new arguments in reply brief).

Throughout this litigation, Plaintiff has continually sought to shift her factual allegations and theories in response to RHF's arguments.  In her reply brief in support of remand, Plaintiff abandoned her initial argument and claimed that the case fell within a different statutory exclusion from CAFA, leading the Court to order RHF to file a sur-reply addressing that argument.  [D.E. 36.]

Then, in opposing RHF's motion to dismiss, Plaintiff abandoned her core allegation that RHF should have cancelled pre-halt trade orders, calling it a "scrivener's error."  [D.E. 45 at 12 n.7.]  And now, in her class certification reply brief, Plaintiff once again abandons her original arguments and changes her theory.  This case cannot be litigated fairly and efficiently based on a constantly moving target.

## CONCLUSION

For the reasons set forth herein, the Court should strike the new arguments and assertions included for the first time in Plaintiff's reply brief or, in the alternative, allow RHF to address them in the sur-reply brief it will file on September 7, 2021.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I CERTIFY that on September 1, 2021, counsel for Defendant conferred by telephone with Plaintiff's counsel in a good faith effort to resolve the issues raised in this Motion.  Plaintiff objects to the relief sought herein.


Dated:  September 1, 2021

Respectfully submitted,

By: */s/ Grace L. Mead*
Grace Mead (Florida Bar No. 49896)
Ryan Thornton (Florida Bar No. 99195)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**

919 Third Avenue
New York, New York  10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By:    *Grace L. Mead*
           GRACE L. MEAD

**SERVICE LIST**

Michael A. Citron, Esq.
Florida Bar No.: 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com - Service Address


Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com


R. Levy, Esq.
Florida Bar No.: 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address