**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 20-cv-24897-CMA/Torres

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

    v.

ROBINHOOD FINANCIAL LLC,

        Defendant.

_____/

**DEFENDANT ROBINHOOD FINANCIAL LLC'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendant Robinhood Financial LLC ("RHF") submits this sur-reply memorandum in opposition to Plaintiff's motion for class certification pursuant to the Court's September 1, 2021 Order. (Dkt. No. 73.)

## ARGUMENT

RHF does not object to a dismissal with prejudice of Plaintiff's negligence claim, but dismissing that claim does nothing to help Plaintiff's fundamentally flawed motion for class certification. (Reply 1.) The arguments set forth in RHF's opposition brief apply with equal force to Plaintiff's remaining breach of fiduciary duty claim. Plaintiff makes no argument to the contrary, stating only that the negligence claim "has proven . . . a catalyst for Defendant's conflation of the issues," with no further explanation. (Reply 1.)

*First*, individualized issues predominate as to proximate cause and injury, which Plaintiff acknowledges are core elements of a breach of fiduciary duty claim. (Mot. 17; Opp'n 7 n.2.) As discussed in RHF's opposition brief, those elements cannot be adjudicated based on common evidence and instead turn on highly individualized evidence regarding the knowledge, intent and subsequent trading history of each customer, and the subsequent price history of the relevant security, with respect to each trading halt. Customers may have placed trade orders with full knowledge of a trading halt, based on their expectations as to whether prices would move up or down after the halt was lifted. And customers may have benefited from the ability to place trade orders during a trading halt (to be executed after the halt is lifted) if they otherwise would not have been able to execute the trade at a better price. (Opp'n 7-14.)

Additionally, the Court held that Plaintiff had "plausibly state[d] a fiduciary relationship" based on allegations that the putative class members are "novice investors," who were "peculiarly reliant on [RHF] for securities trading-related information by virtue of [RHF's] . . . trading interface

and the customer's own inexperience." (Dkt. No. 48 at 7.) Establishing each customer's level of trading experience and reliance on RHF will also require individualized inquiries. (Opp'n 3, 14.) Plaintiff's withdrawal of the negligence claim does not eliminate any of these individual issues.

*Second*, the withdrawal of the negligence claim does not make a class action a superior method for a fair adjudication of this case. Nor does it impact Plaintiff's mistaken and misleading statement that RHF maintains a "database of aggrieved persons." (Mot. 20; Opp'n 16.) Because proximate cause, injury and trading experience are individual issues, a class action trial would require a series of complex, fact-specific, individualized evidentiary hearings on a halt-by-halt and trade-by-trade basis for millions of customers. (Opp'n 15-16.)

*Third*, the withdrawal of Plaintiff's negligence claim does nothing to remedy the flawed class definition, as Plaintiff's reliance on the vague phrase "affected by" makes it impossible to ascertain whether a particular RHF customer would be a member of the proposed class. (Opp'n 16-17.) To the extent this phrase means "injured by," Plaintiff proposes an improper fail-safe class; in the alternative, if it refers to all customers who placed trade orders during a trade halt, it would be impermissibly overbroad because it would include many customers who were not injured and therefore lack standing.

## CONCLUSION

For the reasons set forth herein, Plaintiff's request to withdraw her negligence claim does not impact RHF's arguments that a class should not be certified, and Plaintiff's motion for class certification should be denied for the reasons stated in RHF's opposition brief.

Dated:  September 7, 2021

Respectfully submitted,

By: */s/ Ryan T. Thornton*_____
Ryan Thornton (Florida Bar No. 99195)
Grace Mead (Florida Bar No. 49896)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September **7**, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By:   *Ryan T. Thornton*_____
RYAN T. THORNTON

**SERVICE LIST**

Michael A. Citron, Esq.
Florida Bar No. 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com – Service Address


Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com


R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address