UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24897-CIV-ALTONAGA/Torres

**SHTERNA PINCHASOV**,

    Plaintiff,
v.

**ROBINHOOD FINANCIAL LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Shterna Pinchasov's Motion for Class Certification [ECF No. 65], filed on July 30, 2021. Defendant, Robinhood Financial LLC, filed a Response [ECF No. 68]; Plaintiff filed a Reply [ECF No. 69]; and Defendant filed a Sur-Reply [ECF No. 76]. The Court has carefully considered the Class Action Complaint [ECF No. 1-1], the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

In her Class Action Complaint, Plaintiff asserts a claim of breach of fiduciary duty against Defendant, alleging Defendant had a duty to inform its customers about stock halts or prevent them from placing trades during stock halts. (*See* Compl. ¶¶ 59–63).[1] Plaintiff now seeks to certify a class of "all former and current customers of [Defendant] in the United States and its territories who were affected by entering a trade during a halt at any time within 4 years preceding the filing of this lawsuit." (Mot. 2–3 (alteration added; quotation marks omitted)).

---

[1] Plaintiff initially brought an additional claim of negligence but withdrew it after receiving Defendant's Response to her class certification motion. (*See generally* Reply; Sur-Reply).

CASE NO. 20-24897-CIV-ALTONAGA/Torres

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quotation marks and citation omitted). "The district court has broad discretion in determining whether to certify a class." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992) (citation omitted). "[W]ith [this] great power comes great responsibility; the awesome power of a district court must be 'exercised within the framework of [Federal Rule of Civil Procedure] 23.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (alterations added; citation omitted; *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)). "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)).

"For a class to be certified, the named plaintiff must have standing and the putative class must satisfy both the requirements of Federal Rule of Civil Procedure 23(a) and the requirements found in one of the subsections of Rule 23(b)." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (footnote call numbers and citation omitted). This is not a "mere pleading standard"; meeting Rule 23's requirements must be proven in fact with evidence. *Comcast Corp.*, 569 U.S. at 33 (quotation marks and citation omitted). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003) (citations and footnote call number omitted).

In examining whether the party seeking certification has satisfied the requirements of Rule 23, the Eleventh Circuit has counseled that "while a court should not determine the merits of a claim at the class certification stage, it is appropriate to 'consider the merits of the case to the

2

degree necessary to determine whether the requirements of Rule 23 will be satisfied.'" *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (citations omitted). However, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Indeed, "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and *applicable substantive law* in order to make a meaningful determination of the certification issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (alteration and emphasis added; citation omitted).

In its Response, Defendant asserts that Plaintiff's claim is governed by California law — not Florida law — and thus Plaintiff has been relying on the wrong law in support of her breach-of-fiduciary-duty claim and class certification request. (*See* Resp. 11 n.2).[2] Defendant attaches a Customer Agreement, which contains a choice-of-law provision "broadly written to encompass disputes related to the Customer Agreement itself as well as any Robinhood customer account transactions." (*Id.* (citing *id.*, Ex. 5., Customer Agreement [ECF No. 68-1] 49)).

Surprisingly, Plaintiff fails to address the choice-of-law issue at all. (*See generally* Reply). Plaintiff has thus implicitly agreed California law applies by not addressing the issue in her Reply. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver. . . . [The plaintiff] conceded the validity of [the defendant's] arguments by failing to respond[.]" (alterations added; citations omitted)). And yet, despite her concession that California law applies and her burden in the present Motion, Plaintiff has not supplied the Court with any controlling or persuasive authorities from California. This is fatal to Plaintiff's Motion

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

because "a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano*, 84 F.3d at 744 (citation omitted); *see also Spencer v. Texaco, Inc.*, No. 96-0228, 1996 WL 363540, at *2 (E.D. La. June 28, 1996) ("It is not the court's job to divine the applicable law for the parties.").

Because Plaintiff has not briefed the Court with the correct law, she has failed to meet her burden of proof in establishing the propriety of class certification. Plaintiff is not entitled to the extraordinary remedy of class certification.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, Shterna Pinchasov's Motion for Class Certification **[ECF No. 65]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of September, 2021.

*[signature]*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record