UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 20-CV-24897-CMA

SHTERNA PINCHASOV, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

        v.

ROBINHOOD FINANCIAL LLC,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION

On September 10, 2021, this Court entered a four-page order, acknowledging withdrawal of Plaintiff's negligence count, and denying Plaintiff's request for class certification for the remaining intentional tort count of breach of fiduciary duty (the "Order"). *See* D.E. 77. The basis for the Court's denial was unambiguous−a perceived failure by Plaintiff to address Defendant's argument that California law and not Florida law governed the Plaintiff's tort claim at issue. *See* D.E. 77 at Pp. 3-4. However, the Defendant's argument invoked by the Order [*Id.*] as the sole factor necessitating class certification be denied, was Defendant's perfunctory and conclusory insertion of a choice of law contention raised in the second footnote embedded within Defendant's Response to Plaintiff's Motion for Class Certification. Courts do not consider argument merely raised in a footnote, as it was by raised here by the Defendant in its Response [D.E. 68 at Pg. 11 n.2] to Plaintiff's Motion for Class Certification. *See e.g.*, *Nat'l Mining Ass'n v. USW*, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021) (citing *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786,

811-12 (11th Cir. 2015)).[1] Courts have deemed such arguments raised in the fashion employed by Defendant, as waived. *See Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised in passing and only in a footnote); *See e.g.*, *In re 1141 Realty Owner LLC*, 598 B.R. 534, 542 (Bankr. S.D.N.Y. 2019) ("arguments made in footnotes are not adequately raised and need not be considered.").

While Plaintiff acknowledges that "[a] party can, of course, mention in a footnote a substantive argument [that was] raised earlier or elsewhere in the **body of the motion or memorandum** [to which that footnote is included]," Defendant did not do that here. *Seguros v. World Jet of Del., Inc.*, No. 15-22626-CIV, 2017 U.S. Dist. LEXIS 156282, at *12 n.5 (S.D. Fla. Sep. 25, 2017). The unrelated sentence to which that footnote is appended, reads as: "[t]hus, even if a breach of duty were proven, Plaintiff 'would still have the bulk of [her] case[] to prove, namely injury in fact and causation.'" D.E. 68 at 11. Aside from the single conclusory footnote, Defendant does not mention the choice of law provision anywhere else in the body of the motion or memorandum filed. Thus, Defendant's substantive argument of choice of law, is no more than an impermissible "cryptic remark [dropped] only in a footnote," which neither requires response from Plaintiff, nor consideration from this Court. *See Seguros*, at *12 n.5. Moreover, throughout this litigation in total, when Defendant properly raised the choice of law argument, as it was in the Defendant's Motion to Dismiss [D.E. 21], Plaintiff properly addressed it head on. *See e.g.*, D.E.

---

[1] *See also Seguros v. World Jet of Del., Inc.*, No. 15-22626-GOODMAN, 2017 U.S. Dist. LEXIS 156282, at *12 n.5 (S.D. Fla. Sep. 25, 2017) (citing *Mazzeo v. Nature's Bounty, Inc.*, No. 14-60580-BLOOM, 2014 U.S. Dist. LEXIS 159345, at *4 n.1 (S.D. Fla. Nov. 10, 2014) (citing *Brady v. Medtronic, Inc.*, Civil Action No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, 2014 WL 1377830, *8 n.1 (S.D. Fla. Apr. 8, 2014) (quoting *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 (N.D. Cal. 2008)).

45 beginning at Pg. 11.[2] It is for this reason Plaintiff, SHTERNA PINCHASOV, Individually and on Behalf of All Others Similarly Situated, by and through her undersigned counsel, respectfully files this Motion for Reconsideration of her Motion for Class Certification [D.E. 65] and states as follows:

A motion for reconsideration is the proper remedy to correct manifest errors of law, or to correct issues that arise where the Court has patently misunderstood a party. *Vila v. Padron*, No. 04-20520-CIV-ALTONAGA/BANDSTRA at *2 (citing *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985) and *Compagnoni v. United States*, 1997 WL 416482, at *2 (S.D. Fla. May 13, 1997)). The Plaintiff is using this remedy because she respectfully believes that the Court erroneously considered an argument made in a footnote bereft of any other briefing on the issue concerning class certification, to bind the parties as to the law which applies to this action. Similarly, the Plaintiff is using this remedy of reconsideration because in that same footnote invoked by the Order [D.E. 77 at Pg. 3], Defendant was not arguing, and still does not argue, that there is any meaningful difference between California and Florida law as it relates to the application of the substantive law for the breach of fiduciary duty claim in this class action. For these reasons, Plaintiff prays this Court will reconsider its ruling, and proceed to certify the class on the merits.

In weighing whether to certify Plaintiff's tort action as a class against the Defendant, Robinhood Financial, LLC, this Court considered Plaintiff's Motion for Class Certification [D.E. 65], Defendant's Response in Opposition to Class Certification [D.E. 68], Plaintiff's Reply to Defendant's Response [D.E. 69], Defendant's Motion to Strike Plaintiff's Reply [D.E. 74], which

---

[2] As the Court has noted it uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings, so shall Plaintiff here.

was ultimately denied by the Court without need for Plaintiff's response then [D.E. 75], and the Defendant's Sur-Reply [D.E. 76]. With all the above briefing considered however, the Order denying class certification found that by not addressing Defendant's second footnote in Defendant's response [D.E. 68 at fn. 2], Plaintiff then stipulated that California law applied and that given Plaintiff's stipulation, coupled with Plaintiff having not briefed the Court on substantive California law, Plaintiff did not meet her burden of establishing the propriety of class certification. D.E. 77 at 3. The denial of Plaintiff's Class Certification Motion occurred despite Defendant having never actually briefed the choice of law issue itself, as it pertains to the merits of the certification motion. Defendant's only argument about choice of law was again found in a footnote. *Brady v. Medtronic, Inc.*, Civil Action No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, 2014 WL 1377830, *8 n.1 (S.D. Fla. Apr. 8, 2014) (quoting *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 (N.D. Cal. 2008)) ("Defendant also raises a standing argument in a footnote, which is the wrong place for substantive arguments on the merits of a motion").

Anywhere else throughout this litigation, where choice of law was raised by Defendant, Plaintiff addressed the issue properly laid before this Court, as stated above. For example, Plaintiff argued that the Agreement simply cannot be considered, and that even if it could, the Agreement's choice of law provision cannot control as the cause of action is rooted in common law [D.E. 45 at 11].[3] Additionally, although an agreement may contain a choice-of-law provision stating "the

---

[3] It is likewise worth noting that as Defendant's second footnote concedes, regardless of the controlling law, the standard remains the same. As Defendant stated: "**Plaintiff's reliance on cases discussing Florida law does not impact the parties' arguments**, however, as proximate causation and injury are elements of Plaintiff's negligence and breach of fiduciary duty claims under both California and Florida law. *See Tindell v. Murphy*, 22 Cal. App. 5th 1239, 1252 (Cal. Ct. App. 2018) (elements of cause of action for negligence are "the existence of a legal duty of

4

Agreement 'and the rights and obligations of the parties hereunder and thereunder shall be construed in accordance with and governed by the law of" another state, "Florida choice of law rules determine the applicable law governing Plaintiffs' tort claims." *See e.g.*, *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, No. 13-23998-CIV-ALTONAGA/Goodman, 2017 U.S. Dist. LEXIS 226633, at *14 n.3 (S.D. Fla. June 26, 2017) (citing *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1301 (11th Cir. 2003) (where a choice-of-law provision is "narrow and governs only the scope and effect" of the agreement, courts must "turn to the choice-of-law rules of the forum state . . . to determine the applicable law governing the Plaintiffs' tort claims" (alteration added; citation omitted)). Thus, Plaintiff's perceived failure to respond to Defendant's cryptic footnote argument appended to an unrelated sentence, which Defendant admits has no bearing on the merits of the class certification motion anyhow, should be of no consequence. *See Golden v. Univ. of Miami*, No. 1:18-cv-24414, 2020 WL 6482197, at *1 n.1 (S.D. Fla. Sept. 1, 2020) (J. Gayles) (internal quotation marks omitted) (quoting *Espinoza v. Galardi S. Enters., Inc.*, No. 14-CIV-21244, 2018 U.S. Dist. LEXIS 60577, 2018 WL 1729757, at *4 (S.D. Fla. Apr. 10, 2018) (J. Goodman)) ("Typically, courts decline to address substantive arguments summarily raised in a footnote, because 'a legal argument only in footnote [as here] is an incorrect place for substantive arguments on the merits'").

Not only should the Defendant's choice of law footnote argument not be entertained, considered, or used as the sole catalyst to deny class certification in this action, but rather the Court

---

care, breach of that duty and proximate cause resulting in injury."); *Williamson v. Brooks*, 7 Cal. App. 5th 1294, 1300 (Cal. Ct. App. 2017) (elements of cause of action for breach of fiduciary duty are "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach")." (Emphasis added).

5

should deem the Defendant's argument waived. *See e.g., Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (2010) (deeming argument waived because it was raised in passing only in a footnote). It is known that addressing a legal argument only in a footnote is an incorrect method to present substantive arguments on the merits of a motion and that is precisely what Defendant did here, which is what now necessitates Plaintiff's Motion for Reconsideration to come before this Honorable Court. *See Connor v. Midland Credit Mgmt., Inc.*, No. 18-23023-CIV, 2019 U.S. Dist. LEXIS 26718, 2019 U.S. Dist. LEXIS 2671, 2019 WL 717413, at *4, n. 1 (S.D. Fla. Feb. 20, 2019) (internal citations omitted)).

Moreover, Defendant's footnote does not mince words when it states the parties agree that whether this matter is decided based on California or Florida law makes no difference for the purposes of the class certification or otherwise. *See* D.E 68 at fn. 2. Fundamentally, in determining whether a choice of law clause contained in a contract between two parties also governs tort claims between those parties, a court must first examine the scope of the provision. *See Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1300-01 (11th Cir. 2003). A choice of law provision that relates only to the agreement for example, will not encompass related tort claims. *Id*. at 1300. A provision providing that "[t]his release shall be governed and construed in accordance with the laws of the State of [X]," will be construed narrowly as it only purports to govern the agreement itself and does not refer "to any and all claims or disputes arising out of the" agreement. *Id*.; *See also Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1162 (11th Cir. 2009).

As framed by Plaintiff's Motion for Class Certification [D.E. 65], the Defendant's Response [D.E. 68], and the Plaintiff's Reply [D.E. 69], the parties agree that whether this case is adjudicated on California substantive law or Florida substantive law, the result will be the same. The elements for a breach of fiduciary duty, as highlighted by the California authority cited by

6

Defendant [D.E. 68 at 11 n. 2] are identical to the elements for a breach of fiduciary duty cause of action in Florida. *See* D.E. 65 at 17 (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002). Because the cause of action is identical in Florida and California, the Defendant writes in its response that "[p]laintiff's reliance on cases discussing Florida law simply "does not impact the parties' arguments…" *See again* D.E. 68 at n. 2. It is that proposition alone to which Plaintiff agrees. In other words, because the breach of fiduciary cause of action is the same whether in Florida or California, whichever law is used has no effect on Plaintiff's entitlement to relief in this case and should not be the basis upon which to deny class certification.

The Order cites [D.E. 77 at 4] *Spencer v. Texaco, Inc.*,[4] for the proposition that "[i]t is not the court's job to divine the applicable law for the parties." In that case however, unlike here, "defendant did not explain how plaintiff's failure to show 'ownership or operation' is material to plaintiff's negligence claims, i.e., how, under the law, it would constitute the failure of an essential element of the plaintiff's claim." *Id*. at 6. Here, Plaintiff asserts the legal standard for breach of fiduciary duty and the facts giving rise to that cause of action were fully briefed by Plaintiff [D.E. 65 at 17], and as Defendant itself acknowledges while the name of the State may be distinguished (i.e., California or Florida), the standard for breach of fiduciary duty for states, is identical. *See again* D.E. 68 at 11 n. 2. Therefore, since both parties agree that the elements of the cause of action in California and Florida are the same [D.E. 68 at 11 n.2] no divination is required. Even if the Court were to consider Defendant's improper footnote argument, Plaintiff asserts that she has still satisfied her burden for her motion for class certification to be decided on the merits because the law is the same. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 695

---

[4] CIVIL ACTION NO. 96-0228 SECTION "G", 1996 U.S. Dist. LEXIS 9305, at 6 (E.D. La. June 26, 1996).

(S.D. Fla. 2013) (quoting *Shin v. Cobb Cnty. Bd. of Educ.*, 248 F.3d 1061, 1064 (11th Cir. 2001) ("'the district court retains the ability, and perhaps even a duty, to alter or amend a certification decision,' as circumstances change").

With all that said, should this Court be inclined to deny Plaintiff's Motion for Reconsideration regardless of the foregoing, Plaintiff respectfully requests that this Court allow her leave to amend her Reply to address the improper choice of law argument raised in Defendant's footnote, or otherwise meet her burden regarding same.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Court reconsider her Motion for Class Certification and enter a ruling on the merits of the same.

## REQUEST FOR ORAL ARGUMENT

Plaintiff hereby requests for oral argument on this Motion.

        Respectfully submitted,

By: */s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com – Correspondence
Email: Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida  33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

Ely R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
Email: elevy@lawlp.com – Service Address
Email: venessa@lawlp.com – Service Address
Email: Maritza@lawlp.com – Service Address

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion ina good faith effort to resolve the issues. Defendant opposes the relief sought herein.

*s/ Michael A. Citron*
_____

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnishedto all parties and their respective September 13, 2021 via CM/ECF to:

Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com
*Counsel for Defendant*
Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)

9

**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
*Counsel for Defendant*

                                       */s/ Michael A. Citron*
                                       Michael A. Citron, Esq.
                                       Florida Bar No. 105083