**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 20-cv-24897-CMA/Torres

SHTERNA PINCHASOV, Individually and on Behalf of
All Other Similarly Situated Plaintiffs,

     v.

ROBINHOOD FINANCIAL LLC,

       Defendant.

_____/

### DEFENDANT ROBINHOOD FINANCIAL LLC'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Robinhood Financial LLC ("RHF") submits this response in opposition to Plaintiff's motion for reconsideration (Dkt. No. 78).

## ARGUMENT

The Court should deny Plaintiff's motion for reconsideration because Plaintiff fails to identify any error in the Court's analysis, much less demonstrate a "need to correct clear error or prevent manifest injustice." *Miller v. Gizmodo Media Grp., LLC*, 2019 WL 5864176, at *1 (S.D. Fla. June 5, 2019) (internal quotations omitted). "Reconsideration is granted only in extraordinary circumstances and is committed to the sound discretion of the district judge." *Id.* (internal quotations omitted).

Plaintiff's assertion that the Court committed "clear error" by considering RHF's choice-of-law argument is without merit and unsupported by authority. The cases that Plaintiff cites indicate only that a court, in its discretion, *may decline* to consider substantive arguments on the merits raised in a footnote, not that a court is *prohibited* from considering material in a footnote. *See Zuma Seguros, CA v. World Jet of Del., Inc.*, 2017 WL 4237874, at *5 (S.D. Fla. Sept. 25, 2017) (declining to consider argument that deponent's testimony was hearsay); *Mazzeo v. Nature's Bounty, Inc.*, 2014 WL 5846735, at *2 n.1 (S.D. Fla. Nov. 12, 2014) (declining to consider standing argument); *Brady v. Medtronic, Inc.*, 2014 WL 1377830, at *8 n.1 (S.D. Fla. Apr. 8, 2014) (declining to consider argument regarding disclaimer of express warranties); *Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming appellant's argument waived when mentioned "in passing in a footnote" without further elaboration). Moreover, if Plaintiff believed RHF had waived its choice-of-law argument, she should have made that argument in her reply brief. *See Sattiewhite v. Kula & Samson, L.L.P.*, 2013 WL 12170575, at *1 (S.D. Fla. June 10, 2013) ("Arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.") (internal quotations omitted).

Because Plaintiff failed to identify the correct substantive law or even address the choice-of-law issue, this Court correctly interpreted Eleventh Circuit precedent to require the denial of class certification.  "[T]he burden to prove whether class certification is appropriate rests on the plaintiffs," *Brown v. Electrolux Home Prods., Inc.,* 817 F.3d 1225, 1236 (11th Cir. 2016) (internal quotations omitted), and "in order to make the findings required to certify a class action under Rule 23(b)(3)," the Court "must initially identify the substantive law issues which will control the outcome of the litigation."  *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 734 (S.D. Fla. 2007) (internal quotations omitted).  The Court also correctly held that Plaintiff implicitly agreed that California law applies by not responding to the choice-of-law argument in her reply brief.  *See Katzoff v. NCL Bahamas, Ltd.*, 2021 WL 1525517, at *9 (S.D. Fla. Apr. 19, 2021) (citing cases).

Lastly, even if the Court were to overlook Plaintiff's failure to cite California law, it should still deny Plaintiff's class certification motion for the reasons set forth in RHF's opposition and sur-reply briefs.  (Dkt. Nos. 68, 74.)

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for reconsideration should be denied.

Dated:  September 15, 2021                    Respectfully submitted,

By: */s/ Ryan T. Thornton*
Grace L. Mead (Florida Bar No. 49896)
Ryan Thornton (Florida Bar No. 99195)
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
Brandon Fetzer (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York  10022
Telephone: (212) 909-6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
Email: bfetzer@debevoise.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: *Ryan T. Thornton*
RYAN T. THORNTON

**SERVICE LIST**

Michael A. Citron, Esq.
Florida Bar No. 105083
MAC LEGAL, P.A.
3100 N 29th Ct., Suite 100
Hollywood, Florida 33020
Telephone: (954) 395-2954
Michael@maclegalpa.com – Correspondence
Service@maclegalpa.com – Service Address


Igor Hernandez, Esq.
Florida Bar No. 106386
CORNISH HERNANDEZ GONZALEZ, PLLC
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Phone (305) - 780 – 6058
service@CHGLawyers.com
ihernandez@chglawyers.com


R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
LEVY & PARTNERS, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
elevy@lawlp.com – Service Address
venessa@lawlp.com – Service Address
Maritza@lawlp.com – Service Address