# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

### CASE NO. 20-CV-24897-CMA

SHTERNA PINCHASOV, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

         v.

ROBINHOOD FINANCIAL LLC,

      Defendant.

_____/

### PLAINTIFF'S REPLY

Defendant's Response in Opposition [D.E. 82] to Plaintiff's Motion for Reconsideration

[D.E. 78] contends that a narrower standard for motions for reconsideration should apply[1] and a

more expansive standard for entertaining argument merely raised in a footnote should apply as

well.  Defendant raises its contentions by emphasizing a court's inherent "discretion"[2] as the

polestar to simply disregard the non-exhaustive examples of authority throughout the country,

cited to by Plaintiff in her Motion for Reconsideration− authority which again, found time and

time again that the manner of argument employed by Defendant here, is inappropriate, a cause for

waiver and otherwise should not be considered. *Id*. at Pp. 1- 2 and 4-6.

Plaintiff acknowledges the Court's ability to wield its discretion, but likewise finds

Defendant's contention within its Response as weakly supported, for a judge's exercise of that

---

[1] *But see* D.E. 78 at Pg. 3 (citing *Vila v. Padron*, No. 04-20520-CIV-ALTONAGA/BANDSTRA at *2 (citing *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906, 909 (3d Cir. 1985) and *Compagnoni v. United States*, 1997 WL 416482, at *2 (S.D. Fla. May 13, 1997))).
[2] *See* D.E. 82 at 2.

discretion is not an arbitrary or capricious endowment. *See e.g.*, *McGlade v. State*, 941 So. 2d 1185, 1188 (Fla. 2d DCA 2006) (citing *Younghans v. State*, 90 So. 2d 308 (Fla. 1956)). Rather, "[a] court's discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result." *Id*. (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)).

Defendant's Agreement should remain, as it once was− not considered by this Court.[3] The "perfunctory and underdeveloped argument[s]"[4] regarding the choice-of-law provision raised in Defendant's second footnote [D.E. 68 at 11 n. 2], have long been disputed by Plaintiff throughout this litigation.[5] The second footnote simply provides no vehicle for this Court to adequately consider the Agreement. Defendant's mere parroting of the Court's Order in its Response to Plaintiff's Motion for Reconsideration [D.E. 82] without any meaningful support shows that Defendant is not sure of the consideration Defendant's second footnote was afforded here. Not only did Defendant fail to raise the choice of law issue "plainly and prominently"[6] in the argument section of their Response to Plaintiff's Motion for Class Certification [D.E. 45, and 68],[7] but again, Plaintiff cannot ignore that Defendant's second footnote provides the very reason why

---

[3] *See* D.E. 48 at Pp. 5-7.

[4] *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) *Young v. Miami-Dade Cty.*, No. 16-23852-CIV- ALTONAGA/Goodman, 2020 U.S. Dist. LEXIS 239470, at *31 (S.D. Fla. Dec. 21, 2020).

[5] D.E. 48 at Pg. 6 (quoting D.E. 45 at 11) (noting the choice of law provision does not apply in this Action as the cause of action is rooted in tort, i.e., breach of fiduciary duty); *see also* D.E. 45 at Pp. 16-18.

[6] *Shell v. AT&T Corp.*, No. 20-12533, 2021 U.S. App. LEXIS 26544 (11th Cir. Sep. 2, 2021).

[7] *United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011); *see also Lavigne v. Herbal Life, Ltd.*, 967 F.3d 1110, 1120 n.7 (11th Cir. 2020) (finding issues waived that "were raised only in a footnote without   supporting argument."); *U.S.   S.E.C.   v.   Big   Apple Consulting USA, Inc.*, 783 F.3d 786, 811-12 (11th Cir. 2015) (explaining that the failure to flesh out arguments except by referring to them in a footnote is insufficient).

the content comprising the second footnote even if conceded to, and ultimately considered by the Court, "does not impact the parties' arguments [for class certification]." D.E. 68 at 11 n.2 (citing California case law to show the elements for the causes actions and injury claimed by Plaintiff are the same in both jurisdictions). It is worth noting that as other district courts and Circuits have held, before a choice of law question arises, there must first be a true conflict between the potentially applicable bodies of law. *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006) (citing *On Air Entertainment Corp. v. National Indem. Co.*, 210 F.3d 146, 149 (3d Cir. 2000)). Here there is no dispute, there is no conflict. If there is no conflict, then the district court sitting in diversity may refer interchangeably to the laws of the states whose laws potentially apply and thus, the choice-of-law provision, even if it is believed to apply, something Plaintiff has long disputed, it should not be the grounds for which class certification is denied. *Id.*; *see also Starr Indem. & Liab. Co. v. Rolls-Royce Corp.*, No. CV-14-02594-TUC-RM, 2015 U.S. Dist. LEXIS 188853, at *3 (D. Ariz. Nov. 30, 2015) (relying upon *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006)).

Plaintiff's Motion for Reconsideration [D.E. 78] states her position fully there and as such, she will try to avoid repeating them. Defendant's Response [D.E. 82] does little except to agree that the Court was correct when it denied Plaintiff's Motion for Class Certification without addressing the salient points of the Motion filed by Plaintiff [D.E. 78]. In concert with the other failures of Defendant highlighted above, Defendant's Response [D.E. 82] fails to address Plaintiff's alternative request for relief of amending her Reply to address the choice of law argument [D.E. 78 at 8]. Because Defendant does not address or directly oppose the alternative relief sought by Plaintiff, Defendant concedes that should the Court maintain its consideration of Defendant's second footnote warrants denying class certification, Plaintiff's alternative relief requested is a viable option to address the issues raised by the Court regarding choice of law.

3

**CONCLUSION**

WHEREFORE, the Plaintiff respectfully requests that this Court reconsider her Motion for

Class Certification and enter a ruling on the merits of the same or grant her the alternative relief of

amending her Reply to Defendant's Response to Plaintiff's Motion for Class Certification.

**REQUEST FOR ORAL ARGUMENT**

Plaintiff hereby again requests for oral argument on the Motion that necessitated this Reply.

Respectfully submitted,

By: */s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com – Correspondence
Email: Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

Ely R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
Email: elevy@lawlp.com – Service Address
Email: venessa@lawlp.com – Service Address
Email: Maritza@lawlp.com – Service Address

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished to all parties and their respective September 17, 2021 via CM/ECF to:

Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com
*Counsel for Defendant*
Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
*Counsel for Defendant*

*/s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083