**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-24897-CIV-ALTONAGA/Torres**

**SHTERNA PINCHASOV**,

    Plaintiff,
v.

**ROBINHOOD FINANCIAL LLC**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Shterna Pinchasov's Motion for Reconsideration [ECF No. 78], filed on September 13, 2021. Plaintiff requests the Court reconsider its September 10, 2021 Order [ECF No. 77] denying Plaintiff's Motion for Class Certification [ECF No. 65]. (*See generally* Mot.). Defendant, Robinhood Financial LLC filed a Response [ECF No. 82], to which Plaintiff filed a Reply [ECF No. 83]. The Court assumes the readers' familiarity with the procedural history of this case and the Order and does not repeat the Order's factual background or its legal analysis here. For the following reasons, the Motion is denied.

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). "It is an improper use of the motion to reconsider to ask the Court to rethink

what the Court already thought through — rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (alterations adopted; quotation marks and citations omitted).

Plaintiff contends that "[c]ourts do not consider argument merely raised in a footnote, as it was by [sic] raised here by the Defendant in its Response to Plaintiff's Motion for Class Certification." (Mot. 1 (alterations added; citations omitted)).[1]  Plaintiff cites no rule or case for such a sweeping proposition.[2]  While it is true that the Eleventh Circuit has declined to consider arguments raised "only in a footnote in a perfunctory and conclusory manner[,]" it has not broadly stated that a district court cannot consider arguments raised only in footnotes. *Nat'l Mining Ass'n v. United Steel Workers*, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021) (alteration added).  To the contrary, it is clearly up to the discretion of the Court to decide whether to entertain an argument raised only in a footnote.  *See*, *e.g., Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 n.5 (11th Cir. 2019) ("We do not *ordinarily* consider arguments raised in passing in one footnote rather than the body of the brief." (emphasis added; citation omitted)); *cf. MSPA Claims 1, LLC v. Covington Specialty Ins.*, No. 19-21583-Civ, 2021 WL 2915097, at *8 n.8 (S.D. Fla. July 12, 2021) ("[T]he undersigned will consider all the cases, arguments, and evidence presented in [the plaintiff's] footnotes for the sake of completeness and accuracy[.]" (alterations added; citations omitted)).[3]

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] As Defendant notes, in each of the cases Plaintiff cites, the court exercised its *discretion* to decline to consider substantive arguments raised in a footnote. (*See* Resp. 2 (distinguishing cases)).

[3] Other courts of appeal agree.  *See*, *e.g., Milanes v. Napolitano*, 354 F. App'x 573, 575 (2d Cir. 2009) ("While we generally do not consider an argument mentioned only in a footnote . . . , we nevertheless retain ample discretion to excuse such a failure[.]" (alterations added; citations and quotation marks omitted)); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 n.9 (Fed. Cir. 2006) ("[T]his court

The Court exercised its discretion to consider the argument Defendant raised in its footnote because it was not "perfunctory and conclusory[.]" *Nat'l Mining Ass'n*, 985 F.3d at 1327 n.16 (alteration added). Defendant provided documentary evidence supporting its position that California law applied — it attached to a sworn declaration a copy of the Customer Agreement containing the choice-of-law provision. (*See* Resp. [ECF No. 68], Ex. 5, Customer Agreement [ECF No. 68-1] 49). Moreover, Defendant cited case law to support its position that the choice-of-law provision applied to Plaintiff's claim. (*See id.* 11 n.2 (citation omitted)). Plaintiff contends in the present Motion that the choice-of-law provision does not apply (*see* Mot. 4–5), yet it inexplicably did not address the choice-of-law issue in its Reply to Defendant's Response to Plaintiff's Motion to Certify Class [ECF No. 72].[4]

This failure to respond to Defendant's choice-of-law argument was fatal to Plaintiff's Motion for Class Certification because "a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (alteration added; citation omitted). Plaintiff insists the outcome of her Motion to Certify Class would be the same regardless of whether California or Florida law applies because the elements of breach of fiduciary duty are the same. (*See* Mot. 6–7). Yet, Plaintiff overlooks the fact that each state has

---

nonetheless has discretion to consider arguments that are not properly raised in the opening brief." (alteration added; citation omitted)); *Birdon v. Shinseki*, No. 07-3810, 2009 WL 4730416, at *4 (Vet. App. 2009) ("[N]one of these cases suggest that a court cannot exercise its discretion to consider an argument raised in a footnote." (alteration added; citations omitted)).

[4] In her Reply, Plaintiff cites the Court's April 22, 2021 Order [ECF No. 48] denying Defendant's Motion to Dismiss [ECF No. 21] for the proposition that the Court had previously determined the choice-of-law provision does not apply in this case. (*See* Reply 2). Plaintiff's citation is misleading. The Court declined to consider the choice-of-law provision at the motion-to-dismiss stage because the Complaint [ECF No. 1-1] did not refer to the Customer Agreement. (*See* Apr. 22, 2021 Order 4–6).

developed its own case law on each element. Indeed, upon investigation of each state's case law, the Court determined the outcome very well could have differed.

For example, each state determines whether a duty exists under a different standard, and whether Defendant owed a duty to Plaintiff is a critical question in this case. *Compare Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989) (Florida standard), *with Direct List LLC v. Vistage Int'l, Inc.*, No. 15cv2025, 2016 WL 471940, at *6 (S.D. Cal. Feb. 8, 2016) (California standard). Without knowing which standard of duty applies to Plaintiff's claim, the Court cannot determine whether individualized questions predominate. And "[i]t is not the court's job to divine the applicable law for the parties." *Spencer v. Texaco, Inc.*, No. 96-0228, 1996 WL 363540, at *2 (E.D. La. June 28, 1996) (alteration added). It is *Plaintiff's* job to identify the applicable law. *See Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003) ("The burden of proof to establish the propriety of class certification rests with the advocate of the class." (citations and footnote call number omitted)). Plaintiff failed to do so.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, Shterna Pinchasov's Motion for Reconsideration **[ECF No. 78]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of September, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record