**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 20-cv-24897-CMA/Torres**

SHTERNA PINCHASOV, on her own behalf, and on
behalf of those similarly situated,

       Plaintiff,

v.

ROBINHOOD FINANCIAL, LLC,

       Defendant

_____/

**DECLARATION OF BRANDON FETZER IN SUPPORT OF**
**ROBINHOOD FINANCIAL LLC'S MOTION TO COMPEL ARBITRATION**

I, Brandon Fetzer, do hereby declare and state the following pursuant to 28 U.S.C. § 1746:

1.      I am an associate at the law firm of Debevoise & Plimpton LLP, counsel for Defendant Robinhood Financial LLC ("RHF") in this action.  I am duly admitted to practice law in the state of New York and am admitted *pro hac vice* in this matter.  I make this declaration on personal knowledge and in support of RHF's motion to compel arbitration.

2.      Attached as **Exhibit A** is a true and accurate copy of the FINRA Rule 2268, "Requirements When Using Predispute Arbitration Agreements for Customer Accounts," available at https://www.finra.org/rules-guidance/rulebooks/finra-rules/2268.

3.      Attached as **Exhibit B** is a true and accurate copy of Plaintiffs' Petition for Permissive Appeal Pursuant to Fed. R. Civ. P. 23(f), which was filed with the Eleventh Circuit on October 13, 2021.

4.      Attached as **Exhibit C** is a true and accurate copy of the Order of Dismissal issued by the Eleventh Circuit on November 9, 2021, dismissing Plaintiff's petition for permissive appeal.

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on the 16th day of December, 2021, at Long Island City, New York.**


        */s/ Brandon Fetzer*        

Brandon Fetzer

2

# EXHIBIT A

FINRA.

❯   FINRA RULES    ❯    2000. DUTIES AND CONFLICTS    ❯    2200. COMMUNICATIONS AND DISCLOSURES    ❯    2260. DISCLOSURES

# 2268. Requirements When Using Predispute Arbitration Agreements for Customer Accounts

**The Rule**   Notices

(a) Any predispute arbitration clause shall be highlighted and shall be immediately preceded by the following language in outline form.

This agreement contains a predispute arbitration clause. By signing an arbitration agreement the parties agree as follows:

(1) All parties to this agreement are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.

(2) Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.

(3) The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.

(4) The arbitrators do not have to explain the reason(s) for their award unless, in an eligible case, a joint request for an explained decision has been submitted by all parties to the panel at least 20 days prior to the first scheduled hearing date.

(5) The panel of arbitrators may include a minority of arbitrators who were or are affiliated with the securities industry.

(6) The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.

(7) The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.

(b)(1) In any agreement containing a predispute arbitration agreement, there shall be a highlighted statement immediately preceding any signature line or other place for indicating agreement that states that the agreement contains a predispute arbitration clause. The statement shall also indicate at what page and paragraph the arbitration clause is located.

(2) Within thirty days of signing, a copy of the agreement containing any such clause shall be given to the customer who shall acknowledge receipt thereof on the agreement or on a separate document.

(c)(1) A member shall provide a customer with a copy of any predispute arbitration clause or customer agreement executed between the customer and the member, or inform the customer that the member does not have a copy thereof, within ten business days of receipt of the customer's request. If a customer requests such a copy before the member has provided the customer with a copy pursuant to paragraph (b)(2) above, the member must provide a copy to the customer by the earlier date required by this paragraph (c)(1) or by paragraph (b)(2).

(2) Upon request by a customer, a member shall provide the customer with the names of, and information on how to contact or obtain the rules of, all arbitration forums in which a claim may be filed under the agreement.

(d) No predispute arbitration agreement shall include any condition that:

(1) limits or contradicts the rules of any self-regulatory organization;

(2) limits the ability of a party to file any claim in arbitration;

(3) limits the ability of a party to file any claim in court permitted to be filed in court under the rules of the forums in which a claim may be filed under the agreement;

(4) limits the ability of arbitrators to make any award.

(e) If a customer files a complaint in court against a member that contains claims that are subject to arbitration pursuant to a predispute arbitration agreement between the member and the customer, the member may seek to compel arbitration of the claims that are subject to arbitration. If the member seeks to compel arbitration of such claims, the member must agree to arbitrate all of the claims contained in the complaint if the customer so requests.

(f) All agreements shall include a statement that "No person shall bring a putative or certified class action to arbitration, nor seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the customer is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this agreement except to the extent stated herein."

(g) The provisions of this Rule shall become effective on May 1, 2005. The provisions of paragraph (c) shall apply to all members as of the effective date of this Rule regardless of when the customer agreement in question was executed. Otherwise, agreements signed by a customer before May 1, 2005 are subject to the provisions of this Rule in effect at the time the agreement was signed.

---

Amended by SR-FINRA-2011-024 eff. Dec. 5, 2011.
Amended by SR-FINRA-2010-052 eff. Dec. 5, 2011.
Amended by SR-NASD-98-74 eff. June 1, 2005.
Amended by SR-NASD-92-28 eff. Oct. 28, 1992.
Adopted by SR-NASD-89-19 eff. May 10, 1989.

Selected Notices: 89-21, 89-58, 92-37, 92-65, 95-16, 95-85, 05-09, 05-32, 11-19.

---

‹ 2267. INVESTOR EDUCATION AND PROTECTION                    UP                    2269. DISCLOSURE OF PARTICIPATION OR INTEREST IN PRIMARY OR SECONDARY DISTRIBUTION ›

---

©2021 FINRA. All Rights Reserved.

FINRA IS A REGISTERED TRADEMARK OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.

# EXHIBIT B

No. **21-90025-E** ..................................................

---

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
_____

SHTERNA PINCHASOV, INDIVIDUALLY AND ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED, v. ROBINHOOD FINANCIAL, LLC

**20-CV-24897-CMA**
_____

*On Appeal from the United States District Court for the Southern District of
Florida, Miami Division, Hon. Cecilia M. Altonaga*

---

## PLAINTIFFS' PETITION FOR
## PERMISSIVE APPEAL PURSUANT TO
## FED. R. CIV. P. 23(f)

---

Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com
Email: Service@maclegalpa.com

Ely R. Levy, Esq.
Florida Bar No.: 15452
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, FL 33021
Telephone: (954)727-8570
Email: elevy@lawlp.com
Email: venessa@lawlp.com

Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

*Counsel for Plaintiffs-Petitioners*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

SHTERNA PINCHASOV, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, v. ROBINHOOD FINANCIAL, LLC

In compliance with Federal Rule of Civil Procedure 26.1 and 11th Circuit Rule 26.1-1, the undersigned counsel of record certifies that the following persons and entities have an interest in the outcome of this petition:

1. Altonaga, Cecilia M. (District Court Judge)

2. Citron, Michael A. (Plaintiffs' counsel)

3. Cornish Hernandez Gonzalez, PLLC (Plaintiffs' counsel's firm)

4. DEBEVOISE & PLIMPTON LLP (Defense counsel's firm)

5. Greenfield, Elliot (Defense counsel)

6. Hernandez, Igor (Plaintiffs' counsel)

7. Levy, Ely R. (Plaintiffs' counsel)

8. LEVY & PARTNERS, PLLC (Plaintiffs' counsel's firm)

9. MAC LEGAL, P.A. (Plaintiffs' counsel's firm)

10. Mead, Grace (Defense counsel)

11. O'Connor, Maeve (Defense counsel)

12. Pinchasov, Shterna (Plaintiff)

13. Robinhood Financial, LLC (Ticker: HOOD) (Defendant)

14. STEARNS WEAVER MILLER (Defense counsel's firm)

15. Solis, Venessa Valdes (Plaintiffs' counsel)

16. Thornton, Ryan (Defense counsel)

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE

DISCLOSURE STATEMENT                                          C-1

TABLE OF CONTENTS                                              i.

TABLE OF AUTHORITIES                                         iii.

STATUTES/RULES                                               iv.

I.    INTRODUCTION                                            1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY              2

III.  QUESTIONS PRESENTED                                    7

IV.   RELIEF SOUGHT                                          8

V.    ARGUMENT                                               8

A.    THE COURT HAS THE DISCRETION TO ACCEPT PLAINTIFFS'

APPEAL OF THE DISTRICT COURT'S ORDER DENYING CLASS

CERTIFICATION.                                               8

B.    THE *PRADO-STEIMAN* FACTORS FAVOR IMMEDIATE

REVIEW OF THE DISTRICT COURT'S ORDER DENYING CLASS

CERTIFICATION.                                              10

VI.   CONCLUSION                                            20

CERTIFICATION OF COMPLIANCE                                 22

i

NOTICE OF APPENDIX                                                    23

DISTRICT COURT'S ORDER                                               A1

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (WITH

EXHIBITS)                                                            A2

PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER

DENYING CLASS CERTIFICATION                                          A3

ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER

DENYING CLASS CERTIFICATION                                          A4

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Prado-Steiman v. Bush,* 221 F.3d 1266 (11th Cir. 2000)…………………..passim

*Shin v. Cobb County Bd. of Educ.,* 248 F.3d 1061 (11th Cir. 2001)…………..6,8

*Singer v. AT&T Corp.*, 185 F.R.D. 681, 691-92 (S.D. Fla. 1998)………………15

*Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019)……………………..8

*Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1046 (9th Cir. 2015) …………8

*Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191-92 (10th Cir. 2006)………………9

*Martinez v. Wells Fargo Bank, N.A. (In re Checking Account Overdraft Litig.)*, 307
F.R.D. 630, 634 (S.D. Fla. 2015)……………………………………………………13

*Stockwell v. City & Cty. of S.F.*, 749 F.3d 1107, 1113 (9th Cir. 2014)…………...14

**Statutes**

28 U.S.C. § 1331 ................................................................................ 18

28 U.S.C. § 1332 ................................................................................ 18

28 U.S.C. § 1453 ................................................................................ 18

**Rules**

Federal Rule of Civil Procedure 23(f)………………………………………passim

## I.       <u>INTRODUCTION</u>

Plaintiff filed a Motion for Class Certification wherein it explained Florida law as the basis for its causes of action. However, the district court used a substantive choice of law argument Defendant indirectly presented in a footnote to its Response to enter an order denying Plaintiff's Motion because it believed Plaintiff conceded the use of California law. The district court stated that because Plaintiff's silence to the choice of law argument had implied its agreement to California law, that Plaintiff did not meet her burden in her Motion when she failed to present California law as a basis for her causes of action. This, despite the parties admitting there would be no difference in results regardless of whether the district court applied California or Florida law.

As demonstrated by application of the *Prado-Steiman v. Bush* factors, the Court should grant review of this decision under Federal Rule of Civil Procedure 23(f). The district court's ruling amounts to an abuse of discretion because, as will be explained below, the choice of law provision in this case was of no consequence to class certification (as acknowledged by both parties) and was indirectly argued in a footnote, because the district court improperly reviewed the merits instead of deciding issues of class certification, and/or because Plaintiff was not afforded an opportunity to remedy the situation by

amendment to her Reply to Defendant's Response to Plaintiff's Motion. The propriety of this order, which will effectively sound a death knell for Plaintiff, and all those similarly situated, should be decided now, rather than on final appeal, to save both the parties and the lower court the time and expense of litigating this matter through jury trial on an individual basis and then again on a class basis. Furthermore, the issues in this appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation and important in itself. Such an issue might be one that is of moment yet is likely to escape effective review if left until the end of the case.

## II.        STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant is a broker-dealer registered with the Securities and Exchange Commission to transact business. [Complaint, ¶2]. It allows its customers to use its app through customers' smartphones to conduct stock trading. [Complaint, ¶5]. Plaintiff brought a class action against Robinhood Financial, LLC, for allegedly failing to prevent customers from using its interface for stocks that had been the subject of a T1 Halt [Complaint, ¶22]. A T1 Halt is a trade halt code representing when trade is halted by the Exchanges on a particular company's stock because said company is pending the release of material news which is likely to lead to abnormal volatility in said company's

stock price. [Complaint, ¶17].

Plaintiff alleges that Defendant's customers were allowed to place trades on stocks that were subject to a T1 Halt, without any notification or act of prevention from Defendant, and when the halt was lifted, Plaintiff lost money as a result. [Complaint, ¶18]. Plaintiff alleges Defendant's conduct amounts to a breach of Defendant's fiduciary duty towards Plaintiff, and others similarly situated[1]. Plaintiff alleges that Defendant owed its customers a duty based on reasonable broker/dealers in the industry to notify of, or prevent usage during, the halt. [Complaint, ¶21]. Thus, Plaintiff sought relief on behalf of herself and the following class of similarly situated persons:

> All former and current Customers of Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time (a) within 4 years preceding the filing of this lawsuit (the "Class Period").

[Complaint, ¶40].

Defendant moved to dismiss Plaintiff's action based on the Customer Agreement between it and its customers, which allegedly bars Plaintiff's claims, and based on Plaintiff failure to state a cause of action under Federal Rule 12(b)(6). [DE 21]. Defendant attached a Customer Agreement to its Motion to Dismiss, however, this agreement was not attached to Plaintiff's Complaint. Defendant also

---

[1] Plaintiff dismissed her negligence count and therefore the negligence count is no longer at issue.

3

argued that the choice of law provision in the Customer Agreement mandated that

California law apply. [DE 21:50]. In her response, Plaintiff countered that the

Customer Agreement could not be considered at the motion to dismiss stage. She

also countered that:

> Defendant uses California caselaw to present cases to this Court for
> support for its duty arguments, and supports this choice of law with
> the Agreement. However, as argued above, the Agreement is not
> central to Plaintiff's causes of action. The counts are based in
> common law. Further, Plaintiff disputes the authenticity and validity
> of same. As such, the choice of law provision in the Agreement is
> disputed, as well, and this Court should not consider same. Florida
> law would apply to all tort claims.

[DE 45:11].

Plaintiff went on to state in her Response to Defendant's Motion to Dismiss

that if the court were to consider the choice of law provision in the Agreement, that

California law would still not apply, and stated reasons this was so. [DE 45:11].

The district court denied Defendant's Motion to Dismiss after determining that

Plaintiff had sufficiently alleged her causes of action, and the court further stated it

would not consider Defendant's arguments regarding the Customer Agreement at

that time because the Agreement was not attached to nor referenced in the

Complaint. [DE 48].

Plaintiff later filed a Motion for Class Certification based on Fed. R. Civ. P.

23(b)(3) and again used Florida law for her causes of action. [DE 65]. Defendant

responded in opposition to Plaintiffs' Motion, and included the following statement

in a footnote:

> Plaintiff's claims are governed by California law pursuant to the
> choice-of-law provision of the Customer Agreement, which is broadly
> written to encompass disputes related to the Customer Agreement
> itself as well as any Robinhood customer account transactions. (Ex. 5
> § 37(K).) See *Cooper v. Meridian Yachts*, 575 F.3d 1151, 1162 (11th
> Cir. 2009) (instructing courts to examine the scope of the choice-of-
> law provision and holding that a broadly written provision applies to
> tort claims).  Plaintiff's reliance on cases discussing Florida law does
> not impact the parties' arguments, however, as proximate causation
> and injury are elements of Plaintiff's negligence and breach of
> fiduciary duty claims under both California and Florida law.  See
> *Tindell v. Murphy*, 22 Cal. App. 5th 1239, 1252 (Cal. Ct. App.
> 2018)(elements of cause of action for negligence are "the existence of
> a legal duty of care, breach of that duty and proximate cause resulting
> in injury."); *Williamson v. Brooks*, 7 Cal. App. 5th 1294, 1300 (Cal.
> Ct. App. 2017) (elements of cause of action for breach of fiduciary
> duty are "(1) existence of a fiduciary duty; (2) breach of the fiduciary
> duty; and (3) damage proximately caused by the breach").

[DE 68:11, fn. 2].

Because Plaintiff had already relied on Florida caselaw in her Motion, and

because Defendant acknowledged that the choice-of-law provision was of no

consequence to the parties' arguments (and supported its value by placing

same in a footnote), Plaintiff did not address this footnote in her reply to

Defendant's response. However, the district court denied Plaintiff's Motion for

Class Certification based on this very issue. The court stated:

> Surprisingly, Plaintiff fails to address the choice-of-law issue at
> all.  (See generally Reply).  Plaintiff has thus implicitly agreed
> California law applies by not addressing the issue in her Reply.
> See *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)
> ("Failure to respond to an argument . . . results in waiver. . . . [The
> plaintiff] conceded the validity of [the defendant's] arguments by

failing to respond[.]" (alterations added; citations omitted)).  And yet, despite her concession that California law applies and her burden in the present Motion, Plaintiff has not supplied the Court with any controlling or persuasive authorities from California. This is fatal to Plaintiff's Motion because "a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano*, 84 F.3d at 744 (citation omitted); see also *Spencer v. Texaco, Inc.*, No. 96-0228, 1996 WL 363540, at *2 (E.D. La. June 28, 1996) ("It is not the court's job to divine the applicable law for the parties.").

[DE 77].

The court then held that "Because Plaintiff has not briefed the Court with the correct law, she has failed to meet her burden of proof in establishing the propriety of class certification", and ultimately denied class certification.

Plaintiff filed a Motion for Reconsideration of the Order Denying Class Certification. [DE 78]. Therein, Plaintiff argued that the Court erroneously considered an argument made in a footnote, binding the parties to certain law for this action, when it was clear from Plaintiff's Complaint and prior posture in this case that Plaintiff traveled under Florida law. Plaintiff also argued that even Defendant realized there was no meaningful difference in this case when contemplating the choice of substantive law for breach of fiduciary duty, which is evident since the thought was placed in a footnote and it was explicitly stated that there was no difference. Alternatively, Plaintiff moved to be able to amend her Reply to Defendant's Response to Plaintiff's Motion for Class Certification, to be able to respond to the choice of law argument raised by

Defendant in its footnote.

The district court denied Plaintiff's Motion for Reconsideration, ruling that it exercised its discretion when considering Defendant's argument contained in the footnote. [DE 84:3]. It also stated that whether California law or Florida law was used would have indeed made a difference, considering the court's analysis that "each state determines whether a duty exists under a different standard". [DE 84:4]. It supports its proposition by simply citing to a Florida case, which has been overruled seemingly on other grounds, and a California case. *Id.* The court also remained silent on the issue of allowing Plaintiff to amend her Reply. However, considering the Motion for Reconsideration was denied, it is understood that the relief by way of amendment was also denied. This petition follows and was timely filed.

## III.    QUESTIONS PRESENTED

A.    Whether the district court abused its discretion in denying class certification because Plaintiff did not argue the choice-of-law provision mentioned by Defendant in a footnote, despite either law having no effect on the outcome of the case, as acknowledged by the parties.

B.    Whether the district court abused its discretion by not allowing Plaintiff an opportunity to amend her Reply to Defendant's Response to Plaintiff's Motion for Class Certification.

## IV.       RELIEF SOUGHT

Plaintiff requests the Court grant her petition for permissive appeal pursuant to Federal Rule of Civil Procedure 23(f). If the Court grants this relief, Plaintiff will seek reversal of the district court's order denying Plaintiff's class certification motion and request remand with the direction that the Court decide the motion for class certification using Florida law, without regard to Defendant's choice of law argument, or that Plaintiff be permitted to amend her Reply to Defendant's Response to Plaintiff's Motion for Class Certification.

## V.       <u>ARGUMENT</u>

### A.       THE COURT HAS THE DISCRETION TO ACCEPT PLAINTIFF'S APPEAL OF THE DISTRICT COURT'S ORDER DENYING CLASS CERTIFICATION.

This Court has "'unfettered discretion' to grant or deny" a petition under Rule 23(f), *Shin v. Cobb County Bd. of Educ.,* 248 F.3d 1061, 1065 (11th Cir. 2001) (quoting R. 23(f) Advisory Committee Notes), which allows a court of appeals to permit an appeal from an order granting or denying class-action certification that is filed within 14 days after the order is entered. Fed. R. App. P. 23(f). The Order denying class certification in this case was entered on September 10, 2021. [DE 77]. Plaintiff filed a Motion for Reconsideration of the Court's Order denying class certification on September 13, 2021. [DE 78].

Considering the Motion for Reconsideration was filed within 14 days of

the Order denying class certification, the Motion for Reconsideration either tolled the time for appeal or made the deadline run from the time of the Order denying reconsideration. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717 (2019) (acknowledging that "a timely motion for reconsideration filed within a window to appeal does not toll anything" in that it "renders an otherwise final decision of a district court not final for purposes of appeal" and it therefore "affects the antecedent issue of when the 14-day limit begins to run".); *Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1046 (9th Cir. 2015) ("It has long been accepted that the time period to file an appeal generally runs from the denial of a timely motion for reconsideration, rather than from the date of the initial order."); *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1191-92 (10th Cir. 2006) (a motion for reconsideration, if filed before the 14-day deadline under Rule 23(f), will toll the deadline for petitioning the 10th Circuit until 14 days after the order on the reconsideration motion). The Order denying Plaintiffs' Motion for Reconsideration was entered on September 21, 2021. [DE 84]. This Appeal followed on October 5, 2021, which is within fourteen days of the Order denying Plaintiff's Motion for Reconsideration. As Plaintiff timely filed her petition for permissive appeal, this Court has the discretion to accept Plaintiff's appeal of that order.

9

**B.     THE   *PRADO-STEIMAN*   FACTORS   FAVOR IMMEDIATE  REVIEW  OF  THE  DISTRICT  COURT'S  ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION,**

In *Prado-Steiman v. Bush,* 221 F.3d 1266 (11th Cir. 2000), this Court established guideposts to follow in deciding whether to grant immediate review under Rule 23(f). These guideposts direct accepting Plaintiff's request for immediate review.

### 1.   The district court's ruling is likely dispositive of the litigation by sounding a "death knell" for Plaintiff.

This Court has recognized a compelling need for immediate review "where the district court's ruling, as a practical matter, effectively prevents the petitioner from pursuing the litigation [such as] where a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *Prado-Steiman,* 221 F.3d at 1274. And, as recognized in the Advisory Committee Notes to Rule 23, a situation "in which the only sure path to appellate review is by proceeding to final judgment on the merits of an individual claim that, standing alone, is far smaller than the costs of litigation," can be alleviated "at low cost" by immediate review of the order denying class certification.

Here, the named Plaintiff has only suffered a few thousand dollars in damages. This is not enough to warrant protracted litigation against the virtually

unlimited resources of Robinhood Financial, LLC. And, certainly, the costs of litigating Plaintiff's claim on an individual basis through final judgment will be far greater than any potential recovery. For instance, as shown in the account statement attached to Plaintiff's Motion for Class Certification, the named Plaintiff was damaged in the amount of $4,328.45. [DE 65:18]. While this damage is certainly significant to the Plaintiff, the amount will be dwarfed by the costs of litigating her claim individually.

## 2.   <u>The district court's order constitutes an abuse of discretion that will be reversed on appeal after final judgment.</u>

Upon immediate review, this Court is likely to find the district court abused its discretion when it denied Plaintiff's Motion for Class Certification because: a) the choice of law provision was of no consequence, as acknowledged by both parties; b) because the district court improperly reviewed the merits instead of deciding issues of class certification; c) and/or because Plaintiff was not afforded an opportunity to remedy the situation by amendment to her Reply to Defendant's Response to Plaintiff's Motion for Class Certification.

Plaintiff utilized Florida law in her Motion for Class Certification, and this was the law that Plaintiff was relying on. Whether the Customer Agreement applies to this case, and in turn, whether California law would

apply as stated therein, is a disputed issue in this case. The parties have framed this dispute in their respective motion [DE 21] and response [DE 45] and their pleadings [DE 49:8 - Defendant's Answer and Affirmative Defenses]. For the district court to simply imply that Plaintiff conceded to California law would not be consistent with the parties' positions in this case. It would be a manifest injustice to allow a "gotcha" of sorts to occur, when an argument such as this, that both parties do not believe is of consequence to the certification issue and that was raised in a footnote, could be used to deny class certification, without any opportunity to amend.

If both parties agree that the choice of law would make no difference in the outcome, then there is no valid reason to choose one law over the other. In other words, the district court could have used either Florida law (already presented by Plaintiff) or California law to conduct its certification analysis. Considering Defendant acknowledged that either law would make no difference, it was an abuse of discretion for the court to choose California law over Florida law when Florida law had already been briefed by Plaintiff. Defendant did not even argue in its Response that Plaintiff's lack of briefing California law was fatal to Plaintiff's Motion for Class Certification. As such, the district court also abused its discretion when it used this as a reason to deny

Plaintiff's Motion.

The district court attempted to make the choice of law argument of consequence in this case, despite the parties' contention that the result would be the same. The court stated in its Order that "Indeed, upon investigation of each state's case law, the Court determined the outcome very well could have differed. For example, each state determines whether a duty exists under a different standard, and whether Defendant owed a duty to Plaintiff is a critical question in this case…." [DE 84:4]. Although this would be relevant to the merits, what is most relevant for class certification is the inquiry of whether *all* customers would have been subjected to either California law or Florida law. More specifically, to analyze class certification it would have been relevant to determine if that particular standard used to determine whether a duty exists would have been common to the class. Defendant has not alleged that customers would be subject to the laws of both states, and it would be evident that each customer (and Defendant) would have been held to the same standard, considering Defendant's corporate representative testified that they treat their customers the same across the board, and each customer is engaged in the same activity of placing trades. [DE 65:17].

In *Martinez,* where the Southern District granted class certification, the court recognized the existence of common liability issues - namely Wells

13

Fargo's legal duty, breach of that duty, and concealment of that breach - which may be resolved efficiently on a class-wide basis, would predominate over individual questions. *Martinez v. Wells Fargo Bank, N.A. (In re Checking Account Overdraft Litig.)*, 307 F.R.D. 630, 634 (S.D. Fla. 2015)**.** The Southern District also recognized that "[t]here is general agreement among courts that the 'minor variations in the elements of unjust enrichment under the laws of the various states . . . are not material and do not create an actual conflict.'" *Id.* at 647.

Just as in *Martinez,* Defendant here engaged in a common course of conduct for all its customers, and its affected customers share a common legal right that they contend Defendant violated. These common issues would be the same regardless of what law would be applied, despite any minor variations in state law, and hence this "common issue" analysis is what is needed to determine class certification, not what law actually applies. Just as the *Martinez* court gave little import to minor state variances in unjust enrichment elements, the district court should have done the same for the minor variances, if any, in the elements for breach of fiduciary duty pointed out by the district court in its Order denying certification.

Instead of attempting to decide merits questions, such as whether the Customer Agreement applied vis a vis the choice of law question, the district

court should have determined whether questions such as liability and duty were common to the class, in accordance with its role in determining class certification. *Stockwell v. City & Cty. of S.F.*, 749 F.3d 1107, 1113 (9th Cir. 2014) (finding the district court erred in denying class certification because of its legal error of evaluating merits questions, rather than focusing on whether the questions presented, whether meritorious or not, were common to the members of the putative class; the district court made an error of law and relied on improper factors, thereby abusing its discretion).

The usage of California law is only found in the Customer Agreement. If the district court were to affirm that California law is the correct choice of law to utilize in this case, then it would be in effect deciding that the knowingly disputed Customer Agreement was applicable and governed this case. As such, this is not a simple inquiry into choice of law but would impermissibly delve too deep into merits analysis of whether the Customer Agreement applies to bar Plaintiff's claims, which is Defendant's Third Affirmative Defense. [DE 49:8 – "Plaintiff's claims are barred in whole or in part by Robinhood's Customer Agreement."] There has been no discovery on either the Customer Agreement or the choice of law provision therein. As such, this is not an issue that could have been decided by the district court at the certification stage,

especially without discovery or an evidentiary hearing, nor was it appropriate to use this as a means to deny class certification.

In fact, courts have decided that it is not necessary to determine choice of law at the certification stage. In *Singer*, the Southern District stated that "It is well established that consideration of choice of law issues at the class certification stage is generally premature. Many courts find that it is inappropriate to decide choice of law issues incident to a motion for class certification." *Singer v. AT&T Corp.*, 185 F.R.D. 681, 691-92 (S.D. Fla. 1998). When deciding a motion for class certification, the *Singer* court also recognized that there were actions that were universally recognized causes of action that are materially the same throughout the United States - in the *Singer* case, these were unjust enrichment and breach of contract. *Id.* That court ultimately concluded that "the potential application of varying state laws does not preclude class certification at this juncture". *Id.* Likewise, the district court in the present case should have followed its own precedent and not have determined choice of law issues at the certification stage. Further, in the present case, there is no danger of "varying state laws" being applied. It is simply either or, and neither would make a difference at this stage.

The Court did not make a meaningful analysis of either state law as it relates to class certification because it decided that California law was the correct law to

apply and Plaintiff had not briefed same. It would be manifest injustice not to allow Plaintiff to brief the issues, and remedy the obvious misunderstanding that has occurred, considering Plaintiff and Defendant both believed that neither law would make a difference, either for class certification or the merits of the case.

Finally, it was also an abuse of discretion to deny or not acknowledge Plaintiff's request to amend her Reply to Defendant's Response to Plaintiff's Motion for Class Certification. This is an issue that can be remedied, especially considering it was already briefed in Plaintiff's Response to Defendant's Motion to Dismiss and was framed by the pleadings. Further, no party would have been prejudiced by the amendment, and the district court's deadline for moving for class certification would have remained undisturbed. Therefore, relief by way of amendment should have been granted.

### 3. __The issue in this appeal is important to the particular litigation as well as important in itself and is likely to escape effective review if left hanging until the end of the case.__

For this factor, a court should consider whether the appeal will permit the resolution of an unsettled legal issue that is "important to the particular litigation as well as important in itself." *Prado-Steiman,* 221 F.3d at 1275. "Such an issue might be one that is of moment yet is likely to escape effective

review if left hanging until the end of the case."[2] *Id.* The Court will consider taking the matter up on immediate review, particularly when the "unsettled issue relates specifically to the requirements of Rule 23 or the mechanics of certifying a class." *Id.*

Given that the errors Plaintiff raises above involve the proper application of Rule 23, this factor militates in favor of the Court accepting Plaintiffs' appeal. Specifically, the question of whether a Court is required to decide a merit-based, dispositive issue in a case such as if a Customer Agreement applies when the choice of law therein makes no difference to class certification, would implicate the proper application of Rule 23. Moreover, this issue will escape review, considering Plaintiff will not be able to continue with the case because the cost of prosecuting will be more than what is at stake, or Plaintiff will otherwise not be able to reverse the "finding" that California law applies with the district court. Further, this issue is likely to be presented in nearly every action filed on a class basis against Robinhood Financial, LLC where Robinhood Financial, LLC alleges that its Customer Agreement, which it states all its customers are subjected to, applies. As such, this factor is met

---

[2] Alternatively, the issue might be one as to which an appellate ruling sooner rather than later will substantially assist the bench and bar, as may be the case when an issue is arising simultaneously in related actions involving the same or similarly-situated parties or is one that seems likely to arise repeatedly in the future. *Prado-Steiman,* 221 F.3d at 1275.

and would lend itself to appellate review.

### 4. __The current nature and status of the litigation favors immediate review of the district court's order denying class certification.__

As a fourth factor, "a court should consider the nature and status of the litigation before the district court." *Prado-Steiman*, 221 F.3d at 1276. This case is in an appropriate pre-trial posture for immediate review of the district court's order denying Plaintiff's class certification. Despite no dispositive motions pending and discovery not being complete, which could redefine the issues and dispel with the need for appellate review, the Court has made a ruling that will become the law of the case if appellate review cannot remedy same. Moreover, because Plaintiff has already filed a motion for reconsideration and been denied, this ruling and its effect would remain the same. Further, because the Court has made it clear that the deadline for certification has expired, appellate review is appropriate at this time.

Additionally, because Plaintiff's individual case will not involve more than $75,000 in damages, *see* 28 U.S.C. § 1332(a), or a federal question, *see* 28 U.S.C. § 1331 (Defendant removed the instant action to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453), to the extent the district court would dismiss this case, the Plaintiff would have to refile her action in state

court and begin anew. Accepting immediate review of the district court's order could potentially save this Plaintiff, as well as the Defendant, the great time and expense of relitigating this case from scratch.

### 5. **Early resolution of the issues in this appeal will facilitate the disposition of future claims.**

"[I]f the case is likely to be one of a series of related actions raising substantially the same issues and involving substantially the same parties, then early resolution of a dispute about the propriety of certifying a class may facilitate the disposition of future claims." *Prado-Steiman* at 1276. As Plaintiff has alleged that Defendant has thousands of customers that were allowed to place trade orders during hundreds of halts, [DE 65:8], resolution of the issue of whether these customers' claims can be decided on a class-wide basis will help facilitate the disposition of their claims. Further, as mentioned above, this issue is likely to be presented in nearly every tort action filed on a class basis against Robinhood Financial, LLC where Robinhood Financial, LLC alleges that its Customer Agreement, which it states all its customers are subjected to, applies.

## VI.    **CONCLUSION**

Application of the *Prado-Steiman* factors demonstrates immediate review of the district court's order denying class certification. Importantly, "none of the foregoing factors is necessarily conclusive; ordinarily, each relevant factor

should be balanced against the others". *Prado-Steiman*, 221 F.3d at 1276. An

appeal at this stage of the proceedings will allow the Court to review the

district court's decision to denying class certification and remedy any abuse of

discretion and/or errors of law. Deciding the propriety of the district court's

order now, rather than on final appeal, will save both the parties and the lower

court the time and expense of litigating this matter through jury trial on an

individual basis, and then again on a class basis.

Dated: October 5, 2021

Respectfully submitted,

\s\ *Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com
Email: Service@maclegalpa.com

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

In compliance with Fed. R. App. P 32(g), the undersigned counsel of record certifies his or her compliance with the type-volume limit, the typeface requirements, and type-style requirements in the following manner:

1. This document complies with the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Fed. R. App. P. 5(b)(1)(E) this document contains 4,871 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 Version 2108 in 14-point Times New Roman font.

<u>(s) Michael A. Citron</u>

Attorney for Plaintiff-Petitioner

Dated: October 5, 2021.

## <u>NOTICE OF APPENDIX</u>

Pursuant to Rule 5(b)(l)(E) of the Federal Rules of Appellate Procedure, Plaintiffs-Petitioners hereby attach the Order denying Plaintiffs' Motion to Certify Class as Al. Additionally, Plaintiffs' Motion to Certify Class, with exhibits, is attached as A2, Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification, is attached as A3, and Order Denying Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Class Certification is attached as A4.

# A1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-24897-CIV-ALTONAGA/Torres

**SHTERNA PINCHASOV**,

     Plaintiff,

v.

**ROBINHOOD FINANCIAL LLC**,

     Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court on Plaintiff, Shterna Pinchasov's Motion for Class Certification [ECF No. 65], filed on July 30, 2021. Defendant, Robinhood Financial LLC, filed a Response [ECF No. 68]; Plaintiff filed a Reply [ECF No. 69]; and Defendant filed a Sur-Reply [ECF No. 76]. The Court has carefully considered the Class Action Complaint [ECF No. 1-1], the parties' written submissions, the record, and applicable law. For the following reasons, the Motion is denied.

In her Class Action Complaint, Plaintiff asserts a claim of breach of fiduciary duty against Defendant, alleging Defendant had a duty to inform its customers about stock halts or prevent them from placing trades during stock halts. (*See* Compl. ¶¶ 59–63).[1] Plaintiff now seeks to certify a class of "all former and current customers of [Defendant] in the United States and its territories who were affected by entering a trade during a halt at any time within 4 years preceding the filing of this lawsuit." (Mot. 2–3 (alteration added; quotation marks omitted)).

---

[1] Plaintiff initially brought an additional claim of negligence but withdrew it after receiving Defendant's Response to her class certification motion. (*See generally* Reply; Sur-Reply).

CASE NO. 20-24897-CIV-ALTONAGA/Torres

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quotation marks and citation omitted). "The district court has broad discretion in determining whether to certify a class." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992) (citation omitted). "[W]ith [this] great power comes great responsibility; the awesome power of a district court must be 'exercised within the framework of [Federal Rule of Civil Procedure] 23.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (alterations added; citation omitted; *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)). "All else being equal, the presumption is against class certification because class actions are an exception to our constitutional tradition of individual litigation." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (citing *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)).

"For a class to be certified, the named plaintiff must have standing and the putative class must satisfy both the requirements of Federal Rule of Civil Procedure 23(a) and the requirements found in one of the subsections of Rule 23(b)." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (footnote call numbers and citation omitted). This is not a "mere pleading standard"; meeting Rule 23's requirements must be proven in fact with evidence. *Comcast Corp.*, 569 U.S. at 33 (quotation marks and citation omitted). "The burden of proof to establish the propriety of class certification rests with the advocate of the class." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003) (citations and footnote call number omitted).

In examining whether the party seeking certification has satisfied the requirements of Rule 23, the Eleventh Circuit has counseled that "while a court should not determine the merits of a claim at the class certification stage, it is appropriate to 'consider the merits of the case to the

CASE NO. 20-24897-CIV-ALTONAGA/Torres

degree necessary to determine whether the requirements of Rule 23 will be satisfied.'" *Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006) (citations omitted). However, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Indeed, "[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and *applicable substantive law* in order to make a meaningful determination of the certification issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (alteration and emphasis added; citation omitted).

In its Response, Defendant asserts that Plaintiff's claim is governed by California law — not Florida law — and thus Plaintiff has been relying on the wrong law in support of her breach-of-fiduciary-duty claim and class certification request. (*See* Resp. 11 n.2).[2] Defendant attaches a Customer Agreement, which contains a choice-of-law provision "broadly written to encompass disputes related to the Customer Agreement itself as well as any Robinhood customer account transactions." (*Id.* (citing *id.*, Ex. 5., Customer Agreement [ECF No. 68-1] 49)).

Surprisingly, Plaintiff fails to address the choice-of-law issue at all. (*See generally* Reply). Plaintiff has thus implicitly agreed California law applies by not addressing the issue in her Reply. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver. . . . [The plaintiff] conceded the validity of [the defendant's] arguments by failing to respond[.]" (alterations added; citations omitted)). And yet, despite her concession that California law applies and her burden in the present Motion, Plaintiff has not supplied the Court with any controlling or persuasive authorities from California. This is fatal to Plaintiff's Motion

_____
[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 20-24897-CIV-ALTONAGA/Torres

because "a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano*, 84 F.3d at 744 (citation omitted); *see also Spencer v. Texaco, Inc.*, No. 96-0228, 1996 WL 363540, at *2 (E.D. La. June 28, 1996) ("It is not the court's job to divine the applicable law for the parties.").

Because Plaintiff has not briefed the Court with the correct law, she has failed to meet her burden of proof in establishing the propriety of class certification. Plaintiff is not entitled to the extraordinary remedy of class certification.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, Shterna Pinchasov's Motion for Class Certification **[ECF No. 65]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 10th day of September, 2021.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

4

**A2**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

### CASE NO. 20-CV-24897-CMA

SHTERNA PINCHASOV, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

          v.

ROBINHOOD FINANCIAL LLC,

      Defendant.

_____/

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, SHTERNA PINCHASOV, Individually and on Behalf of All Others Similarly Situated, by and through her undersigned counsel, files this Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23, and as grounds in support thereof state as follows[1]:

### INTRODUCTION

The Plaintiff brings this case to vindicate the rights of a large swath of stock traders that fell victim to the Defendant's disregard of its most basic duties as a broker-dealer. Defendant Robinhood Financial, LLC is a broker-dealer who markets to novice, or retail investors. As a broker-dealer, the Defendant is bound by the rules of the markets and owes a duty of care to its customers. From time to time, stock exchanges issue trading halts in order to prevent or slow down

---

[1] Defendant has objected to the majority of Plaintiff's discovery requests and therefore documents have not been produced in response to the same. Much of this discovery asks for specific information which would tend to prove issues of class certification. The parties have met and conferred and are attempting to work out the discovery issues before involving the Court. Because of the deadline for class certification, this Motion is filed without the benefit of this discovery.

volatility. When these trading halts are in place, broker-dealers are not able to effectuate trades on the halted securities. When the halts are ultimately lifted, price of the securities subject to the halt tend to vary significantly from their pre-halt trading price. As a result, traders should approach these securities with extreme care. Since Defendant's inception in 2013 and up until it was sued by the Plaintiff in this case, the Defendant did not in any way let its customers know that particular securities were being halted. Instead, the Defendant would allow its customers to place orders on halted securities. Additionally, the Defendant would not warn or in any way indicate to its customers that trading in said securities was halted.

Because Defendant's platform is a software platform, the operation of the trades and the customer interface is a uniform process. As such, every customer who traded on the Defendant's platform was allowed to enter trades in the same fashion, and did not receive any warning, information or notice in the same fashion. By design, every customer was affected in the same way as the Plaintiff. As a result of the Defendant's conduct, the Plaintiff and potentially millions of other similarly situated investors were injured when they traded on securities that were the subject of trading halts without the benefit of Defendant notifying or informing them of such halts.

## **PROPOSED CLASS**

In Plaintiff's Complaint, Plaintiff sought a class pursuing damages for all former and current customers of Robinhood in the United States and its territories who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt at any time within 4 years preceding the filing of this lawsuit (the "Class Period"). *See* [D.E. 1-1, at Pg. 8, ¶40]. As a preliminary matter, Plaintiff asks this Court to define the class as "all former and current customers of Robinhood in the United States and its territories who were affected by entering a trade during a halt at any time within 4 years preceding the filing of this

lawsuit". This is slightly different than what is found in the Complaint, mainly because of the word

"halt" instead of "T1 Halt". Due to matters brought to Plaintiff's attention in discovery, this

amended definition is necessary to encompass all potential class members, without exclusion due

to a possible misnomer because different terminology is used on different stock exchanges. In that

regard, Defendant included the following general objection in its Responses and Objections to

Plaintiff's First Request for Production and First Set of Interrogatories, served on July 14, 2021:

> 17. Defendant objects to the Requests and Interrogatories to the extent they use the
> undefined term "T1 Halt." Defendant's understanding is that "T1 Halt" is a
> code used for trading halts on the Nasdaq stock exchange, and the alleged halt
> in the trading of Hertz Global Holdings, Inc. common stock referred to in the
> Complaint therefore cannot be a "T1 Halt" because that stock traded, at all
> relevant times, on the New York Stock Exchange. In responding to the Requests
> and Interrogatories, Defendant will interpret "T1 Halt" to include the equivalent
> type of trading halt – *i.e.*, a trading halt pending the release of material news
> about the issuer – on the New York Stock Exchange.

Defendant is informing Plaintiff that, depending on the exchange (NYSE, Nasdaq or others), the

same or similar halts may be referred to differently. Plaintiff contends that regardless of the type

of halt or manner in which the halt is referred to, any trading halt has the same effect on an investor

that is placing an order during same, regardless of the name of, or the reason for, the halt. A halt

pauses or stops trading until the halt is lifted. If a halt does not pause or stop trading on a stock,

such a halt would not be considered in the class definition. The additional change to the class

definition is in line with providing a definition that "specifies a particular group that was harmed

during a particular time frame, in a particular location, in a particular way" and "facilitates a court's

ability to ascertain its membership in some objective manner." *Bentley v. Honeywell Intern.,

Inc.,* 223 F.R.D. 471, 477 (S.D. Ohio 2004). Notably, "a court need not accept or reject a

proposed class definition on a take it or leave it basis." *Grillasca v. Hess Corp.*, No. 8:05-cv-1736-

T-17-TGW, 2007 U.S. Dist. LEXIS 53356, at *10 (M.D. Fla. July 24, 2007) (citing to *In re

3

*Amerifirst Sec. Litigation,* 139 F.R.D. 423 (S.D. Fla. 1991). A court may "grant certification but modify the definition of the proposed class to provide the necessary precision or to correct other deficiencies". *Id.* Denying class certification is not the only remedy and in the interest of justice, "any error, if there is to be one, should be committed in favor of allowing class action". *Id.*

An amendment to a class definition in a motion to certify class is not a new concept. Courts have allowed amendments at the certification stage after a brief analysis as to potential prejudice to the opposing party. *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010) (allowing modification of class definition during class certification briefing because "the proposed modifications are minor, require no additional discovery, and cause no prejudice to defendants"). At least one court in the Southern District did not perform any analysis and simply considered the definition as stated in the motion to certify class. *See Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 680 n.1 (S.D. Fla. 2008) (when confronted with a discrepancy between the class definition in a complaint and motion for class certification, has simply considered the latter). Candidly, courts have also denied amending class definitions after looking "at the procedural posture of the case and [holding] plaintiffs to the complaint's class definition when the equities require that". *See, e.g.*, *Ortiz v. McNeil-PPC, Inc.*, 2009 U.S. Dist. LEXIS 39584, 2009 WL 1322962 at *3 (S.D. Cal. May 8, 2013) (denying leave to file an amended complaint when a motion for class certification *had already been denied* and the deadline for amended pleadings had passed) (emphasis added)[2]. In the present case, even if the Court was to perform an analysis, by Defendant's own implication that it would be able to respond to discovery despite the

---

[2] To this extent, should the Court not consider Plaintiff's amended class definition, Plaintiff requests to amend the class definition in the Complaint either by conventional amendment or by interlineation to conform same to the discovery in the Complaint.

exact classification of the halt, shows that 1) there would be no prejudice to Defendant if the Court were to adopt the definition in this Motion and 2) no further discovery would be necessary. This is especially true when Plaintiff's discovery requests asked for information on "T1 Halts" and "halts". As such, and in line with the Southern District of Florida's *Pop's* case, Plaintiff respectfully asks this Court to consider this Motion with the defined class as stated herein.

## **ARGUMENT**

Federal Rule 23 "governs the class-certification issue even if the underlying claim arises under state law." *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 947 (11th Cir. 2011) (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431, 1437, 176 L. Ed. 2d 311) (2010)); *Gordon v. Robinhood Fin. Ltd. Liab. Co.*, No. 2:19-CV-0390-TOR, 2021 U.S. Dist. LEXIS 13457, at *5 (E.D. Wash. Jan. 25, 2021). Pursuant to Rule 23(a), the movant must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

Provided the proposed class satisfies the above criteria, courts must further determine whether certification is appropriate under Rule 23(b). Where a party seeks certification of a so-called "damages class" under Rule 23(b)(3), as here, he or she must demonstrate that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As the party moving for certification, Plaintiff accepts her burden of establishing that the foregoing requirements have been satisfied. *Vega v. T-Mobile USA Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009).

5

A court presented with a class certification motion must perform a "rigorous analysis" to determine whether each of these prerequisites has been satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Vega*, 564 F.3d at 1266. This analysis generally requires a factual record, identification of specific issues of fact and governing law, and consideration of "what value the resolution of the class-wide issue will have in each member's underlying cause of action." *Vega*, at 1266, 1267-70. "A party seeking class certification must affirmatively demonstrate her compliance with the Rule—that is, she must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). At the same time, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent - but only to the extent - that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013). The ultimate decision to certify a class is within the Court's discretion. *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). Moreover, a trial court has substantial discretion in determining whether to certify a class and Rule 23 should be given a liberal rather a restrictive construction. *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 684 (S.D. Fla. 2004).

## A. The Proposed Class Satisfies the Requirements of Rule 23(A).

### 1. Numerosity

Rule 23(a)(1) provides that a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The focus of the numerosity inquiry is not whether the number of proposed class members are "too few" to satisfy the Rule, but "whether joinder of proposed class members is impractical." *Armstead v. Pingree,* 629 F. Supp. 273, 279 (M.D. Fla. 1986). While the size of the proposed class is highly relevant to the court's

determination of numerosity, practicability of joinder depends on factors such as "the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits." *In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. at 685 (citing *Walco Invs., Inc. v. Thenen,* 168 F.R.D. 315, 324 (S.D. Fla. 1996)); *see Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986). "[A] plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983). "Nevertheless, a plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Vega,* 564 F.3d at 1267.

The Eleventh Circuit has noted that, "while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'" *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *see also* Vega, 564 F.3d at 1266-67. However, "[w]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982); *see also Hugh's Concrete & Masonry Co. v. Se. Pers. Leasing Inc.*, No. 8:12-CV-2631-T-17AEP, 2014 U.S. Dist. LEXIS 24400, at *7 (M.D. Fla. Feb. 26, 2014). Finally, "[t]he Court is given discretion to make assumptions when determining the numerosity of a class." *Fuller v. Becker & Poliakoff, P.A.,* 197 F.R.D. 697, 699 (M.D. Fla. 2000) (citing *Evans,* 696 F.2d at 930). Parties seeking class certification do not need to know the "precise number of class members," but they "must make reasonable estimates with support as to the size of the proposed class." *Id.*

7

To establish numerosity here, Plaintiff first directs the Court to Defendant Parent Company- Robinhood Markets, Inc.'s Form S-1 Registration Statement filed under the Securities Act of 1933 (the "SEC Initial Public Offering Statement" or "IPO") on July 1, 2021, which delineates the size of the population for the proposed class at all relevant times.[3] A cursory review of Nasdaq's website[4] shows that there are multiple halts that take place on multiple stocks every day. Considering the proposed class spans over four years, the halts that took place are in the hundreds, if not thousands. Considering the amount of trades executed daily on Defendant's platform, approximated by Defendant's Corporate Representative to be 3,000,000 [D.E. 65-3, pg. 68, lines 15-23] and stated definitively by Defendant in its IPO to be on average 5,000,000 in 2020 and much more in 2021[5], this would indicate that there were a significant amount of customers trading stocks that were subject to halts. Therefore, although the exact class size is unknown, general knowledge and common sense indicate that it is large, and joinder would be impractical. *Orantes-Hernandez*, 541 F. Supp. at 370. Further, Plaintiff points the Court to Defendant's Notice of Removal [D.E. 1 at ¶¶7-9], which acknowledges that "[o]n the face of the Complaint," this Action "involves 100 or more members is easily satisfied." *Id.*

---

[3] Pursuant to Fed. R. Evid. 201, Plaintiff requests this Court take notice of the "IPO" providing in part that in 2020 Defendant's "Net Cumulative Funded Accounts grew 143% to **12.5 million, increasing to 18.0 million** as of March 31, 2021". Further, Defendant's subsidiary, RHF, boasts a "digitally-native technology stack" that has "enabled [Defendant] to rapidly introduce new products and services …, while also supporting [Defendant's] ability to quickly scale, **including onboarding millions of new customers during 2020 and the first quarter of 2021**." (Emphasis added). *See* a true and correct excerpt of "IPO" attached as Exhibit "1", at Pg. 3, 134, 139, 170-71; https://www.sec.gov/Archives/edgar/data/1783879/000162828021013318/robinhoods-1.htm
[4] https://www.nasdaqtrader.com/Trader.aspx?id=TradeHalts
[5] IPO, Active Users, https://www.sec.gov/Archives/edgar/data/1783879/000162828021013318/robinhoods-1.htm (July 1, 2021); *see* a true and correct excerpt of "IPO" attached as Exhibit "2", at Pg. 123.

Additionally, as this Court noted in the February 17, 2021, Order Denying Plaintiff's Motion for Remand (the "Order"), the parties "do not dispute the present action satisfies the CAFA's basic jurisdictional requirements." [D.E. 38 at Pg. 4].[6]  The Order pointed out, "'[t]he proposed class includes "[a]ll former and current Customers of Robinhood . . . who were affected by Robinhood's failure to prevent customers from using its interface for stocks which were subject to a T1 Halt' —*not merely Hertz shareholders*." *Id*. at Pg. 8 (alterations included from original). Defendant's duties of care as alleged by Plaintiff's negligence and breach-of-fiduciary-duty claims, apply to all of Defendant's customers throughout the United States as their securities broker and thus, "rooted in customer protection, rather than a relationship created by or underlying a security." *Id*. Here, "the duty Plaintiff alleges Defendant owes its customers—to notify customers of trading halts and prevent trades from being placed on halted stocks—would presumably be owed to customers whether or not the customers were shareholders of the halted stocks." [D.E. 38 at Pg. 4, 8-9]. Therefore, the "general knowledge and common sense"[7] of the potential class size in conjunction with Defendant's filings and the Order satisfy the numerosity requirement of R. 23.

Regarding other factors courts examine to determine numerosity, it is undisputed that Defendant's customers are widely geographically dispersed across the United States – which weighs in favor of a finding of numerosity. *See In re Terazosin Hydrochloride Antitrust Litigation,* 220 F.R.D. at 685. Further, as explained in the superiority section, *infra*, many of the

---

[6]"CAFA provides federal district courts with original jurisdiction over class actions satisfying the following requirements at the time such lawsuits are filed: (1) the total amount in controversy, aggregating the claims of the individual class members, exceeds $5,000,000, exclusive of interests and costs; (2) any member of the putative class is a citizen of a state different from any defendant; and (3) there are at least 100 putative class members. *See* 28 U.S.C. §§ 1332(d)(2), (5); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007)." *Id*. at Pg. 3.

[7]*See again Orantes-Hernandez*, 541 F. Supp. at 370; *see also Hugh's Concrete & Masonry Co.*, 2014 U.S. Dist. LEXIS 24400, at *7.

individual members of the class have claims that are far too small to justify bringing individual suits against this type of Defendant. As such, Plaintiffs have met the requirements for numerosity.

### 2. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For purposes of commonality, "even a single common question will do." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977 (11th Cir. 2016). A question is common if answering it resolves "an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc.*, 564 U.S. at 350. At its core, the commonality requirement is designed to ensure that class-wide adjudication will "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (internal quotation and citation omitted). This does not, however, mean that every question of law or fact must be common to the class. The commonality requirement under Rule 23(a)(2) is a "relatively light burden" that demands only that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Vega*, 564 F.3d at 1268. This part of the rule "does not require that all the questions of law and fact raised by the dispute be common," or that the common questions of law or fact "predominate" over individual issues. *Id*. "If a common question will drive the resolution, even if there are important questions affecting only individual members, then the class is 'sufficiently cohesive to warrant adjudication by representation.'" *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24, (1997)).

By way of example, in the instant case, if the answer to the common question "did Robinhood have a duty to prevent, or otherwise notify, customers from using its interface for stocks which were subject to a halt?" is "no", all of Plaintiffs' negligence and breach-of-fiduciary-duty claims will fail. As such, Plaintiff meets its burden as to the commonality requirement.

10

### 3. *Typicality.*

The typicality and commonality requirements are distinct but interrelated, citing Supreme Court precedent, the Eleventh Circuit Court of Appeals has stated that the "'commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004) (citations omitted). The typicality test is not demanding. *Tershakovec v. Ford Motor Co.*, No. 17-21087-CIV-MORE, 2021 U.S. Dist. LEXIS 123401, at *43-44 (S.D. Fla. July 1, 2021) (citations omitted).

Typicality requires that "the claims or defenses of the representative parties are typical of [but not identical to] the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3); *see also Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985) (strong similarity is sufficient for typicality, even where factual differences exist). The typicality test centers on "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Although similar to commonality in that it concentrates on the "nexus" between class members and their designated representative, typicality differs from commonality in that it focuses on the class representative's individual characteristics in comparison to those of the proposed class. *Piazza v. EBSCO Indus. Co.*, 273 F.3d 1341, 1346 (11th Cir. 2001); *Prado-Steiman v. Bush*, 221 F.3d 1266, 1269 (11th Cir. 2000).

11

Typicality is satisfied where the named plaintiffs' claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985). To defeat typicality, the factual variation presented by a class representative's claim "must be clear and must be such that interests of the class are placed in significant jeopardy." *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 326 (S.D. Fla. 1996); *see also Fischler v. AmSouth Corp.*, 176 F.R.D. 583, 585-86 (M.D. Fla. 1997); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017).

Here, the common issues arising from Defendant's negligence and breach of fiduciary duty are shared by Plaintiff and the rest of the class. There is no material factual variation in Plaintiff's claim compared to the class's claims that would place the interests of the class in jeopardy. Plaintiff's factual circumstances here demonstrate the claims and defenses are typical of the class: the injury across class members is the resulting harm caused by Defendant's negligence and breach-of-fiduciary duty within the 4 years Class Period that they used Robinhood's "deliberately engineered" interface. *See e.g.*, [D.E. 1-1 at ¶¶ 20-22, 40]. Specifically, the course of conduct by Defendant, which is the based on the same policies and practices for all its customers [D.E. 65-3, pg. 37, lines 2-12][8], is Defendant's failure to fulfil its duty of managing that "deliberately engineered" interface for its customer-base to same's detriment and legally cognizable harm. *Id*. All customers use the same interface to place trades [D.E. 65-3, pg. 60, lines 11 - pg. 61, lines 1], and all customers places trades in the same way, and all trades are routed the same way for execution for all customers [D.E. 65-3, pg. 59, line 13 - pg. 60, line 19].

---

[8] See Deposition Transcript of Defendant's Corporate Representative, attached hereto as Exhibit "3" [D.E. 65-3].

Further, all stocks subject to halts are treated the same way by Robinhood, [D.E. 65-3, pg. 100, lines 2-18]. The halts affect customers in the same way in that Robinhood allows them to place the trade, but it will not be executed [D.E. 65-3, pg. 105, lines 1-6]. Finally, Robinhood did not notify any of its customers of halts prior to and during 2020, a policy that Defendant changed during 2021. [D.E. 65-3, pg. 100, lines 19-23 & pg. 109, lines 6-12]. As such, Defendant's actions would not be unique to Plaintiff; all class members were subjected to the same course of conduct in the same way, and would have been injured in the same way, which satisfies typicality. *Hanon*, 976 F.2d at 508. Additionally, the legal arguments are anticipated to be whether the Defendant owed such a duty during the 4 years Class Period encompassed by this cause. [D.E. 49]. Therefore, the typicality requirement has been established by Plaintiff here[9].

### 4. *Adequacy of Representation.*

The final hurdle interposed by Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement applies to both the named class representatives and to their counsel. The "adequacy of representation analysis encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Alvarez v. Loancare LLC*, No. 20-21837-CIV-ALTONAGA/Goodman, 2021 U.S. Dist. LEXIS 9281, at *35-36 (S.D. Fla. Jan. 19, 2021) (internal citations omitted).

Plaintiff is prepared to serve as a class representative, having already devoted significant time and effort to the litigation. (*See* Pl.'s Affidavit. ¶4, attached as Exhibit "4"). She states she has

---

[9] Plaintiff's arguments for the satisfaction of commonality should also be considered for typicality, and vice versa.

no known conflict of interest with the classes' members. (*See id.* ¶5).[10] Nothing at this stage

indicates that Plaintiff is "ill-equipped to serve as class representative for the duration of this case."

*See Gordon v. Robinhood Fin. Ltd. Liab. Co.*, No. 2:19-CV-0390-TOR, 2021 U.S. Dist. LEXIS

13457, at *13-14 (E.D. Wash. Jan. 25, 2021) (finding no reason to doubt the competency or

commitment of the class representative and class counsel, nor any conflicts at present). While

discovery is outstanding, and not all class members have come forward, Plaintiff satisfied Rule

23(a)(4)'s adequacy requirement, as "Plaintiff need not be ideal; adequacy is all that is required."

*Alvarez* at *35-36 (S.D. Fla. Jan. 19, 2021).

    Plaintiff's counsels are also qualified to represent this class. Plaintiff's legal team has

experience with class action litigation similar in scope to the present action, and multi-district

litigation relating to other matters pending in the Court's jurisdiction. *See, e.g.*, *In re: Zantac*

*(Ranitidine) Products Liability Litigation*, MDL No. 2924; 10-MD-2924 (S.D. Fla.); *Dede v. LJ*

*Florida Property Svcs., LLC*, Case No.: 2021-CA-00275 (Circuit Court, Polk County, Florida).

All of the Plaintiff's counsels have experience in class action litigation, and at least one of those

law firms has been class counsel dating as far back as 2009. *See, e.g., Turner v. Falvin Enterprises,*

*Inc., Case No.: 09-CV-20366-King-Bandstra* (Order Granting Motion for Class Certification, June

18, 2009). Each of the counsels involved in this litigation also has experience in Federal Court and

specifically in the Southern District of Florida. Further, Mr. Levy has represented companies,

banks and broker dealers-dealers in capital market transactions, SEC and stock exchange

requirements, and corporate governance matters, including fiduciary duties. Additionally, counsels

for the Plaintiff have expended significant efforts in this litigation to adequately represent the class.

---

[10] *See also* D.E. 1-1 at ¶49.

Such efforts include extensive investigation over a period of months, including numerous research in the functioning of online trading platforms, broker-dealer responsibilities, and trading halts. As a result, counsel has devoted enormous time and resources to becoming intimately familiar with Defendants' protocols and all the relevant law and procedures. Given the above, Plaintiff thus appears to show she and her counsel are adequate.

## B. The Proposed Class Satisfies Rule 23(b)(3).

In addition to establishing the elements of Rule 23(a), the proposed class must also satisfy one of the three additional requirements of Rule 23(b). *See Alvarez v. Loancare LLC*, No. 20-21837-CIV-ALTONAGA/Goodman, 2021 U.S. Dist. LEXIS 9281, at *36 (S.D. Fla. Jan. 19, 2021). Here, Plaintiff asserts the certification of the class is appropriate under Rule 23(b)(3).

### 1. The Common Questions of Law and Fact Predominate.

Rule 23(b)(3) requires that (i) questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (ii) a class action be superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3). The Court considers each of these prerequisites. *Id.* at *38. Although Rule 23(a)(2) and Rule 23(b)(3) both address commonality, "the 23(b)(3) test is "far more demanding," and asks, "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 624, 117 S. Ct. 2231, 2250 (1997).

Predominance "is perhaps the central and overriding prerequisite for a Rule 23(b)(3) class." *Vega*, 564 F.3d at 1278 (citation omitted). Common issues of fact and law predominate if they "have a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (internal citation omitted). "Where, after adjudication of the class-wide

issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)." *Id.* (citation omitted). "The predominance inquiry requires an examination of the claims, defenses, relevant facts, and applicable substantive law, to assess the degree to which resolution of the class wide issues will further each individual class member's claim against the defendant." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 789 (11th Cir. 2014) (alteration adopted; internal quotation marks and citations omitted). "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1234 (11th Cir. 2000) (citations omitted).

Plaintiff asserts a claim under common law negligence and breach of fiduciary duty. [D.E. 1-1 at ¶¶51-63]. Under Plaintiff's first theory of liability, negligence, it is black letter law that a plaintiff, in order to prevail on a negligence claim, must prove: "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Jackson v. US Steel Corp.*, 763 F. App'x 805, 808 (11th Cir. 2019) (internal quotations omitted). Plaintiff(s) must prove Defendant conducting business as a broker-dealer nationally via its "deliberately engineered" interface, failed to notify or otherwise prevent its customer-base, *i.e.*, Plaintiff(s), of trading halts occurring during the Class Period [D.E. 1-1 at ¶40], despite having knowledge of those Halts, and that by Defendant's failure(s), the Plaintiff(s) suffered financial injury. Defendant's applicable course of conduct in the context of trading halts, as alleged in Plaintiff's Complaint, as described *supra* in Section A.3 (entitled "Commonality"), will be the predominate issue at trial.

16

Similarly, in order to state a claim for breach of fiduciary duty in this Action, Plaintiff(s) must show: (1) the existence of such duty; (2) defendant's breach of this duty; and (3) damages proximately caused by defendant's breach. *Wall St. Mortg. Bankers, Ltd. v. Attys. Title Ins. Fund, Inc*, No. 08-21648-CIV, 2008 U.S. Dist. LEXIS 103605, at *7 (S.D. Fla. Dec. 23, 2008) (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002)). A fiduciary duty exists when there is a "relation of trust and confidence [] between the parties." *Id.* Plaintiff contends that predominance is satisfied where the overarching class wide question in this litigation is whether Defendant had a duty to Plaintiff(s) (the same duty to the other class members – whether Defendant should have notified them of trading halts and/or not allowed them to initiate stock trades during halts), breached that duty (the same breach for all the class members – by not notifying them of halts and/or by allowing them to trade stocks during halts), which then proximately caused damage or injury to the Plaintiff(s) (the same injury for the class members – monetary).

The claims and factual circumstances would be the same across the board, as Robinhood's Corporate Representative has testified that Defendant treats all their customers the same in that they had the same policies and procedures during the Class Period when a trading halt occurs for all their customers [D.E. 65-3, pg. 110, lines 6-14], their customers all used the same platform [D.E. 65-3, pg. 60, lines 11-19], during the relevant time period no customer ever received notification of any halts [D.E. 65-3, pg. 100, lines 19-23][D.E. 65-3, pg. 109, lines 6-12], all customers were allowed to place orders during halts [D.E. 65-3, pg. 105, lines 1-6], and that all these orders were handled the exact same way for all customers [D.E. 65-3, pg. 113, lines 1-25] [D.E. 65-3, pg. 59, line 13 - pg. 60, line 19].

It follows, that uniform and efficient resolution of the above referenced class-wide questions would further each class members claim against Defendant. The few factual differences

17

would rest in facts that would be irrelevant, such as which stock each class member traded, which would be of no concern as long as trades were initiated during a trading halt. This was recognized by this Court when it stated that the proposed class was not be limited to Hertz stock. [D.E. 38 at Pg. 8] ('[t]he proposed class includes "[a]ll former and current Customers of Robinhood . . . which were subject to a T1 Halt' —*not merely Hertz shareholders*."). Further, because all class members suffered the same harm in the same way as Plaintiff, which is the result of Defendant's uniformly applying its policies to its customers, if the above elements are proven by Plaintiff, then Plaintiff's results would have a direct impact on every class member's effort to establish liability and entitlement to monetary relief. *Klay*, 382 F.3d at 1255. Although class discovery will continue to run months past this Motion, if Plaintiff(s) can prove these facts, it will undoubtedly negate any defenses to the Action by common evidence to all class participants. *Larsen v. Union Bank, N.A. (In re Checking Account Overdraft Litig., MDL No. 2036)*, 275 F.R.D. 666, 678 (S.D. Fla. 2011).

Finally, any concern for individualized inquiries do not predominate over the common questions, and regardless, can be dealt with in other ways not fatal to class certification. In fact, the only possible individualized inquiry would be the amount of funds lost by each member, and this one issue does not prevent class certification. Although different class members may have suffered different degrees of harm, that does not alter the commonsense conclusion that common issues of law and fact predominate. *See Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 298 (5th Cir. 2001) (holding individual damage calculations do not defeat predominance). Specifically, the same damages formula would be used across the board, *i.e.*, price at trade initiation versus price at trade execution. *Contra*, *Rutstein*, 211 F.3d at 1240 (finding liability for damages to be an individualized inquiry in an attempted class action discrimination case, because each plaintiff's damages would depend on what kind of discrimination plaintiff was subject to, the resulting harm,

18

if they mitigated by finding a car elsewhere, etc., making it impossible to calculate amount of damages necessary to compensate everyone).

In the present case, where the individual damages may be calculated by a reliable formula, damages are not a hurdle to class certification. *Upshaw v. Ga. Catalog Sales, Inc.*, 206 F.R.D. 694, 700-01 (M.D. Ga. 2002) (finding that variations in the amount of damages suffered by individual class members will not preclude a finding of predominance or defeat certification where determining individual damages is a matter of mathematical calculation); *see also Brown v. Electrolux Home Prods. Inc.,* 817 F. 3d 1225, 1234 (11th Cir. 2016) (holding that "individual damage calculations generally do not defeat a finding that common issues predominate.") Therefore, Plaintiff satisfies the predominance requirement.

### 2. The Class Action Is a Superior Vehicle for Adjudicating This Dispute.

In deciding about superiority, a court must consider, *inter alia*, (1) the interests of individual class members in pursuing their claims separately; (2) the extent of any existing litigation concerning the same subject-matter; (3) the desirability of concentrating the litigation in a particular forum; and (4) the feasibility of managing the case as a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); *see also Wallace v. NCL Ltd.*, 271 F.R.D. 688, 701 (S.D. Fla. 2010). The four factors identified by Rule 23, requires a court focus on elements of efficiency and economy of the class action "so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Larsen*, 275 F.R.D. at 678-79. Here, a class action is superior to separate actions for each member of the class, as it provides the most efficient, effective, and economic means of settling the controversy, which in some individualized cases may be no more than a few hundred or a few thousand dollars. For example, Plaintiff's loss was $4,328.45. *See Plaintiff's Account Statement, produced in Defendant's*

*Response to the Subpoena Duces Tecum for Defendant's 30(b)(6) Representative, attached as Exhibit "5" (when comparing price of Hertz stock when bought and sold).*

When considered in light of Rule 23(b)(3), with the fact that millions of small claims suits would be filed in limited locations because of Defendant's national operation and outreach, Plaintiff should be found to have met her burden in demonstrating the superiority of class action. A class action model may be the only realistic way these claims can be adjudicated, especially considering the amount of potential class members discussed in the numerosity section, *supra*. It is well established that "[s]eparate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts" especially considering the identicalness of the facts and claims amongst the class. *Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983).

The class action fills an essential role when the plaintiffs would not have the incentive or resources (as here, where a small loss would not outweigh the cost of hiring an attorney) to prosecute relatively small claims in individual suits, leaving the defendant free from legal accountability. *In re Am. Express Merchants' Litig.*, 634 F.3d 187, 194 (2d Cir. 2011); *see, e.g., Phillips Petr. Co. v. Shutts*, 472 U.S. 797, 809 (1985) (noting that the class action mechanism may empower "plaintiffs to pool claims which would be uneconomical to litigate individually"). Class treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Nearly all the class members in this case would have claims that are small in comparison to the cost and expense of bringing individual suits against Defendant, and thus the interest of individual class members controlling the prosecution of separate actions is minimal. Concentrating the litigation in this forum is efficient, logical and desirable. As noted above, this case is eminently manageable as a class action—Defendant's admittedly have a database of aggrieved persons. Accordingly, Plaintiff has met the superiority requirement of Rule 23(b)(3).

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b) the Plaintiff requests a hearing on this motion. The Plaintiff believes that a hearing on this motion would be helpful to the Court because a hearing would be the appropriate avenue for the Plaintiff to answer any questions that the Court may have as it relates to the certification of this class. The Plaintiff anticipates that said hearing, if granted, would take no longer than 30 minutes.

**CONCLUSION**

WHEREFORE, as Plaintiff has met her burden under Fed. R. Civ. P. 23, Plaintiff respectfully asks this Court to certify the Class described in this Motion.

Respectfully submitted,

By: */s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com – Correspondence
Email: Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

Ely R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1

Hollywood, Florida 33021
Telephone: (954) 727-8570
Email: elevy@lawlp.com – Service Address
Email: venessa@lawlp.com – Service Address
Email: Maritza@lawlp.com – Service Address

## CERTIFICATE OF GOOD FAITH
## CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has

conferred with all parties or non-parties who may be affected by the relief sought in this motion

ina good faith effort to resolve the issues. All parties who may be affected have agreed to the

relief sought.

*s/ Michael A. Citron*
_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnishedto all parties and their respective July 30, 2021 via CM/ECF to:

Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com
*Counsel for Defendant*
Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000

22

Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
*Counsel for Defendant*

*/s/ Michael A. Citron*

# A3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

### CASE NO. 20-CV-24897-CMA

SHTERNA PINCHASOV, Individually and
on Behalf of All Others Similarly Situated,

      Plaintiff,

          v.

ROBINHOOD FINANCIAL LLC,

      Defendant.

_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION

On September 10, 2021, this Court entered a four-page order, acknowledging withdrawal of Plaintiff's negligence count, and denying Plaintiff's request for class certification for the remaining intentional tort count of breach of fiduciary duty (the "Order"). *See* D.E. 77. The basis for the Court's denial was unambiguous—a perceived failure by Plaintiff to address Defendant's argument that California law and not Florida law governed the Plaintiff's tort claim at issue. *See* D.E. 77 at Pp. 3-4. However, the Defendant's argument invoked by the Order [*Id.*] as the sole factor necessitating class certification be denied, was Defendant's perfunctory and conclusory insertion of a choice of law contention raised in the second footnote embedded within Defendant's Response to Plaintiff's Motion for Class Certification. Courts do not consider argument merely raised in a footnote, as it was by raised here by the Defendant in its Response [D.E. 68 at Pg. 11 n.2] to Plaintiff's Motion for Class Certification. *See e.g.*, *Nat'l Mining Ass'n v. USW*, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021) (citing *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786,

811-12 (11th Cir. 2015)).[1] Courts have deemed such arguments raised in the fashion employed by Defendant, as waived. *See Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised in passing and only in a footnote); *See e.g.*, *In re 1141 Realty Owner LLC*, 598 B.R. 534, 542 (Bankr. S.D.N.Y. 2019) ("arguments made in footnotes are not adequately raised and need not be considered.").

While Plaintiff acknowledges that "[a] party can, of course, mention in a footnote a substantive argument [that was] raised earlier or elsewhere in the **body of the motion or memorandum** [to which that footnote is included]," Defendant did not do that here. *Seguros v. World Jet of Del., Inc.*, No. 15-22626-CIV, 2017 U.S. Dist. LEXIS 156282, at *12 n.5 (S.D. Fla. Sep. 25, 2017). The unrelated sentence to which that footnote is appended, reads as: "[t]hus, even if a breach of duty were proven, Plaintiff 'would still have the bulk of [her] case[] to prove, namely injury in fact and causation.'" D.E. 68 at 11. Aside from the single conclusory footnote, Defendant does not mention the choice of law provision anywhere else in the body of the motion or memorandum filed. Thus, Defendant's substantive argument of choice of law, is no more than an impermissible "cryptic remark [dropped] only in a footnote," which neither requires response from Plaintiff, nor consideration from this Court. *See Seguros*, at *12 n.5. Moreover, throughout this litigation in total, when Defendant properly raised the choice of law argument, as it was in the Defendant's Motion to Dismiss [D.E. 21], Plaintiff properly addressed it head on. *See e.g.*, D.E.

---

[1] *See also Seguros v. World Jet of Del., Inc.*, No. 15-22626-GOODMAN, 2017 U.S. Dist. LEXIS 156282, at *12 n.5 (S.D. Fla. Sep. 25, 2017) (citing *Mazzeo v. Nature's Bounty, Inc.*, No. 14-60580-BLOOM, 2014 U.S. Dist. LEXIS 159345, at *4 n.1 (S.D. Fla. Nov. 10, 2014) (citing *Brady v. Medtronic, Inc.*, Civil Action No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, 2014 WL 1377830, *8 n.1 (S.D. Fla. Apr. 8, 2014) (quoting *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 (N.D. Cal. 2008)).

2

45 beginning at Pg. 11.[2] It is for this reason Plaintiff, SHTERNA PINCHASOV, Individually and

on Behalf of All Others Similarly Situated, by and through her undersigned counsel, respectfully

files this Motion for Reconsideration of her Motion for Class Certification [D.E. 65] and states as

follows:

A motion for reconsideration is the proper remedy to correct manifest errors of law, or to

correct issues that arise where the Court has patently misunderstood a party. *Vila v. Padron*, No.

04-20520-CIV-ALTONAGA/BANDSTRA at *2 (citing *Harsco Corp. v. Zlotnicki*, 779 F. 2d 906,

909 (3d Cir. 1985) and *Compagnoni v. United States*, 1997 WL 416482, at *2 (S.D. Fla. May 13,

1997)). The Plaintiff is using this remedy because she respectfully believes that the Court

erroneously considered an argument made in a footnote bereft of any other briefing on the issue

concerning class certification, to bind the parties as to the law which applies to this action.

Similarly, the Plaintiff is using this remedy of reconsideration because in that same footnote

invoked by the Order [D.E. 77 at Pg. 3], Defendant was not arguing, and still does not argue, that

there is any meaningful difference between California and Florida law as it relates to the

application of the substantive law for the breach of fiduciary duty claim in this class action. For

these reasons, Plaintiff prays this Court will reconsider its ruling, and proceed to certify the class

on the merits.

In weighing whether to certify Plaintiff's tort action as a class against the Defendant,

Robinhood Financial, LLC, this Court considered Plaintiff's Motion for Class Certification [D.E.

65], Defendant's Response in Opposition to Class Certification [D.E. 68], Plaintiff's Reply to

Defendant's Response [D.E. 69], Defendant's Motion to Strike Plaintiff's Reply [D.E. 74], which

---

[2] As the Court has noted it uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings, so shall Plaintiff here.

was ultimately denied by the Court without need for Plaintiff's response then [D.E. 75], and the Defendant's Sur-Reply [D.E. 76].  With all the above briefing considered however, the Order denying class certification found that by not addressing Defendant's second footnote in Defendant's response [D.E. 68 at fn. 2], Plaintiff then stipulated that California law applied and that given Plaintiff's stipulation, coupled with Plaintiff having not briefed the Court on substantive California law, Plaintiff did not meet her burden of establishing the propriety of class certification. D.E. 77 at 3. The denial of Plaintiff's Class Certification Motion occurred despite Defendant having never actually briefed the choice of law issue itself, as it pertains to the merits of the certification motion. Defendant's only argument about choice of law was again found in a footnote. *Brady v. Medtronic, Inc.*, Civil Action No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, 2014 WL 1377830, *8 n.1 (S.D. Fla. Apr. 8, 2014) (quoting *First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 935 (N.D. Cal. 2008)) ("Defendant also raises a standing argument in a footnote, which is the wrong place for substantive arguments on the merits of a motion").

   Anywhere else throughout this litigation, where choice of law was raised by Defendant, Plaintiff addressed the issue properly laid before this Court, as stated above. For example, Plaintiff argued that the Agreement simply cannot be considered, and that even if it could, the Agreement's choice of law provision cannot control as the cause of action is rooted in common law [D.E. 45 at 11].[3] Additionally, although an agreement may contain a choice-of-law provision stating "the

---

[3] It is likewise worth noting that as Defendant's second footnote concedes, regardless of the controlling law, the standard remains the same. As Defendant stated: "**Plaintiff's reliance on cases discussing Florida law does not impact the parties' arguments**, however, as proximate causation and injury are elements of Plaintiff's negligence and breach of fiduciary duty claims under both California and Florida law. *See Tindell v. Murphy*, 22 Cal. App. 5th 1239, 1252 (Cal. Ct. App. 2018) (elements of cause of action for negligence are "the existence of a legal duty of

Agreement 'and the rights and obligations of the parties hereunder and thereunder shall be construed in accordance with and governed by the law of" another state, "Florida choice of law rules determine the applicable law governing Plaintiffs' tort claims." *See e.g.*, *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, No. 13-23998-CIV-ALTONAGA/Goodman, 2017 U.S. Dist. LEXIS 226633, at *14 n.3 (S.D. Fla. June 26, 2017) (citing *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1301 (11th Cir. 2003) (where a choice-of-law provision is "narrow and governs only the scope and effect" of the agreement, courts must "turn to the choice-of-law rules of the forum state . . . to determine the applicable law governing the Plaintiffs' tort claims" (alteration added; citation omitted)). Thus, Plaintiff's perceived failure to respond to Defendant's cryptic footnote argument appended to an unrelated sentence, which Defendant admits has no bearing on the merits of the class certification motion anyhow, should be of no consequence. *See Golden v. Univ. of Miami*, No. 1:18-cv-24414, 2020 WL 6482197, at *1 n.1 (S.D. Fla. Sept. 1, 2020) (J. Gayles) (internal quotation marks omitted) (quoting *Espinoza v. Galardi S. Enters., Inc.*, No. 14-CIV-21244, 2018 U.S. Dist. LEXIS 60577, 2018 WL 1729757, at *4 (S.D. Fla. Apr. 10, 2018) (J. Goodman)) ("Typically, courts decline to address substantive arguments summarily raised in a footnote, because 'a legal argument only in footnote [as here] is an incorrect place for substantive arguments on the merits'").

Not only should the Defendant's choice of law footnote argument not be entertained, considered, or used as the sole catalyst to deny class certification in this action, but rather the Court

---

care, breach of that duty and proximate cause resulting in injury."); *Williamson v. Brooks*, 7 Cal. App. 5th 1294, 1300 (Cal. Ct. App. 2017) (elements of cause of action for breach of fiduciary duty are "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach")." (Emphasis added).

should deem the Defendant's argument waived. *See e.g., Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (2010) (deeming argument waived because it was raised in passing only in a footnote). It is known that addressing a legal argument only in a footnote is an incorrect method to present substantive arguments on the merits of a motion and that is precisely what Defendant did here, which is what now necessitates Plaintiff's Motion for Reconsideration to come before this Honorable Court. *See Connor v. Midland Credit Mgmt., Inc.*, No. 18-23023-CIV, 2019 U.S. Dist. LEXIS 26718, 2019 U.S. Dist. LEXIS 2671, 2019 WL 717413, at *4, n. 1 (S.D. Fla. Feb. 20, 2019) (internal citations omitted)).

Moreover, Defendant's footnote does not mince words when it states the parties agree that whether this matter is decided based on California or Florida law makes no difference for the purposes of the class certification or otherwise. *See* D.E 68 at fn. 2.  Fundamentally, in determining whether a choice of law clause contained in a contract between two parties also governs tort claims between those parties, a court must first examine the scope of the provision. *See Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1300-01 (11th Cir. 2003). A choice of law provision that relates only to the agreement for example, will not encompass related tort claims. *Id*. at 1300. A provision providing that "[t]his release shall be governed and construed in accordance with the laws of the State of [X]," will be construed narrowly as it only purports to govern the agreement itself and does not refer "to any and all claims or disputes arising out of the" agreement. *Id*.; *See also Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1162 (11th Cir. 2009).

As framed by Plaintiff's Motion for Class Certification [D.E. 65], the Defendant's Response [D.E. 68], and the Plaintiff's Reply [D.E. 69], the parties agree that whether this case is adjudicated on California substantive law or Florida substantive law, the result will be the same. The elements for a breach of fiduciary duty, as highlighted by the California authority cited by

Defendant [D.E. 68 at 11 n. 2] are identical to the elements for a breach of fiduciary duty cause of

action in Florida. *See* D.E. 65 at 17 (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002).

Because the cause of action is identical in Florida and California, the Defendant writes in its

response that "[p]laintiff's reliance on cases discussing Florida law simply "does not impact the

parties' arguments…" *See again* D.E. 68 at n. 2. It is that proposition alone to which Plaintiff

agrees. In other words, because the breach of fiduciary cause of action is the same whether in

Florida or California, whichever law is used has no effect on Plaintiff's entitlement to relief in this

case and should not be the basis upon which to deny class certification.

    The Order cites [D.E. 77 at 4] *Spencer v. Texaco, Inc.*,[4] for the proposition that "[i]t is not

the court's job to divine the applicable law for the parties." In that case however, unlike here,

"defendant did not explain how plaintiff's failure to show 'ownership or operation' is material to

plaintiff's negligence claims, i.e., how, under the law, it would constitute the failure of an essential

element of the plaintiff's claim." *Id*. at 6. Here, Plaintiff asserts the legal standard for breach of

fiduciary duty and the facts giving rise to that cause of action were fully briefed by Plaintiff [D.E.

65 at 17], and as Defendant itself acknowledges while the name of the State may be distinguished

(i.e., California or Florida), the standard for breach of fiduciary duty for states, is identical. *See*

*again* D.E. 68 at 11 n. 2. Therefore, since both parties agree that the elements of the cause of action

in California and Florida are the same [D.E. 68 at 11 n.2] no divination is required. Even if the

Court were to consider Defendant's improper footnote argument, Plaintiff asserts that she has still

satisfied her burden for her motion for class certification to be decided on the merits because the

law is the same. *See Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 695

---

[4] CIVIL ACTION NO. 96-0228 SECTION "G", 1996 U.S. Dist. LEXIS 9305, at 6 (E.D. La. June 26, 1996).

(S.D. Fla. 2013) (quoting *Shin v. Cobb Cnty. Bd. of Educ.,* 248 F.3d 1061, 1064 (11th Cir. 2001) ("'the district court retains the ability, and perhaps even a duty, to alter or amend a certification decision,' as circumstances change").

With all that said, should this Court be inclined to deny Plaintiff's Motion for Reconsideration regardless of the foregoing, Plaintiff respectfully requests that this Court allow her leave to amend her Reply to address the improper choice of law argument raised in Defendant's footnote, or otherwise meet her burden regarding same.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that this Court reconsider her Motion for Class Certification and enter a ruling on the merits of the same.

## REQUEST FOR ORAL ARGUMENT

Plaintiff hereby requests for oral argument on this Motion.

Respectfully submitted,

By: */s/ Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
**MAC LEGAL, P.A.**
4601 Sheridan Street, Suite 205
Hollywood, Florida 33021
Telephone: (954) 395-2954
Email: Michael@maclegalpa.com – Correspondence
Email: Service@maclegalpa.com – Service Address

Igor Hernandez, Esq.
Florida Bar No. 106386
**CORNISH HERNANDEZ GONZALEZ, PLLC**
2525 Ponce de Leon Blvd, Suite 300
Coral Gables, Florida  33134
Telephone: (305) 780-6058
Email: service@CHGLawyers.com
Email: ihernandez@chglawyers.com

8

Ely R. Levy, Esq.
Florida Bar No. 15452
Venessa Valdes Solis, Esq.
Florida Bar No. 77122
**LEVY & PARTNERS, PLLC**
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Telephone: (954) 727-8570
Email: elevy@lawlp.com – Service Address
Email: venessa@lawlp.com – Service Address
Email: Maritza@lawlp.com – Service Address

### CERTIFICATE OF GOOD FAITH
### CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has

conferred with all parties or non-parties who may be affected by the relief sought in this motion

ina good faith effort to resolve the issues. Defendant opposes the relief sought herein.

*s/ Michael A. Citron*
_____

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnishedto all parties and their respective September 13, 2021 via CM/ECF to:

Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com
*Counsel for Defendant*
Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)

**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
*Counsel for Defendant*

                                                */s/ Michael A. Citron*
                                                Michael A. Citron, Esq.
                                                Florida Bar No. 105083

**A4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24897-CIV-ALTONAGA/Torres

SHTERNA PINCHASOV,

     Plaintiff,

v.

ROBINHOOD FINANCIAL LLC,

     Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Shterna Pinchasov's Motion for Reconsideration [ECF No. 78], filed on September 13, 2021. Plaintiff requests the Court reconsider its September 10, 2021 Order [ECF No. 77] denying Plaintiff's Motion for Class Certification [ECF No. 65]. (*See generally* Mot.). Defendant, Robinhood Financial LLC filed a Response [ECF No. 82], to which Plaintiff filed a Reply [ECF No. 83]. The Court assumes the readers' familiarity with the procedural history of this case and the Order and does not repeat the Order's factual background or its legal analysis here. For the following reasons, the Motion is denied.

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. U.S. Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (alteration added; citations omitted). "It is an improper use of the motion to reconsider to ask the Court to rethink

what the Court already thought through — rightly or wrongly." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (alterations adopted; quotation marks and citations omitted).

Plaintiff contends that "[c]ourts do not consider argument merely raised in a footnote, as it was by [sic] raised here by the Defendant in its Response to Plaintiff's Motion for Class Certification." (Mot. 1 (alterations added; citations omitted)).[1]  Plaintiff cites no rule or case for such a sweeping proposition.[2]  While it is true that the Eleventh Circuit has declined to consider arguments raised "only in a footnote in a perfunctory and conclusory manner[,]" it has not broadly stated that a district court cannot consider arguments raised only in footnotes.  *Nat'l Mining Ass'n v. United Steel Workers*, 985 F.3d 1309, 1327 n.16 (11th Cir. 2021) (alteration added).  To the contrary, it is clearly up to the discretion of the Court to decide whether to entertain an argument raised only in a footnote.  *See, e.g., Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 n.5 (11th Cir. 2019) ("We do not *ordinarily* consider arguments raised in passing in one footnote rather than the body of the brief." (emphasis added; citation omitted)); *cf. MSPA Claims 1, LLC v. Covington Specialty Ins.*, No. 19-21583-Civ, 2021 WL 2915097, at *8 n.8 (S.D. Fla. July 12, 2021) ("[T]he undersigned will consider all the cases, arguments, and evidence presented in [the plaintiff's] footnotes for the sake of completeness and accuracy[.]" (alterations added; citations omitted)).[3]

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] As Defendant notes, in each of the cases Plaintiff cites, the court exercised its *discretion* to decline to consider substantive arguments raised in a footnote.  (*See* Resp. 2 (distinguishing cases)).

[3] Other courts of appeal agree.  *See, e.g., Milanes v. Napolitano*, 354 F. App'x 573, 575 (2d Cir. 2009) ("While we generally do not consider an argument mentioned only in a footnote . . . , we nevertheless retain ample discretion to excuse such a failure[.]" (alterations added; citations and quotation marks omitted)); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 n.9 (Fed. Cir. 2006) ("[T]his court

CASE NO. 20-24897-CIV-ALTONAGA/Torres

The Court exercised its discretion to consider the argument Defendant raised in its footnote because it was not "perfunctory and conclusory[.]" *Nat'l Mining Ass'n*, 985 F.3d at 1327 n.16 (alteration added). Defendant provided documentary evidence supporting its position that California law applied — it attached to a sworn declaration a copy of the Customer Agreement containing the choice-of-law provision. (*See* Resp. [ECF No. 68], Ex. 5, Customer Agreement [ECF No. 68-1] 49). Moreover, Defendant cited case law to support its position that the choice-of-law provision applied to Plaintiff's claim. (*See id.* 11 n.2 (citation omitted)). Plaintiff contends in the present Motion that the choice-of-law provision does not apply (*see* Mot. 4–5), yet it inexplicably did not address the choice-of-law issue in its Reply to Defendant's Response to Plaintiff's Motion to Certify Class [ECF No. 72].[4]

This failure to respond to Defendant's choice-of-law argument was fatal to Plaintiff's Motion for Class Certification because "a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) (alteration added; citation omitted). Plaintiff insists the outcome of her Motion to Certify Class would be the same regardless of whether California or Florida law applies because the elements of breach of fiduciary duty are the same. (*See* Mot. 6–7). Yet, Plaintiff overlooks the fact that each state has

---

nonetheless has discretion to consider arguments that are not properly raised in the opening brief." (alteration added; citation omitted)); *Birdon v. Shinseki*, No. 07-3810, 2009 WL 4730416, at *4 (Vet. App. 2009) ("[N]one of these cases suggest that a court cannot exercise its discretion to consider an argument raised in a footnote." (alteration added; citations omitted)).

[4] In her Reply, Plaintiff cites the Court's April 22, 2021 Order [ECF No. 48] denying Defendant's Motion to Dismiss [ECF No. 21] for the proposition that the Court had previously determined the choice-of-law provision does not apply in this case. (*See* Reply 2). Plaintiff's citation is misleading. The Court declined to consider the choice-of-law provision at the motion-to-dismiss stage because the Complaint [ECF No. 1-1] did not refer to the Customer Agreement. (*See* Apr. 22, 2021 Order 4–6).

developed its own case law on each element. Indeed, upon investigation of each state's case law, the Court determined the outcome very well could have differed.

For example, each state determines whether a duty exists under a different standard, and whether Defendant owed a duty to Plaintiff is a critical question in this case. *Compare Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989) (Florida standard), *with Direct List LLC v. Vistage Int'l, Inc.*, No. 15cv2025, 2016 WL 471940, at *6 (S.D. Cal. Feb. 8, 2016) (California standard). Without knowing which standard of duty applies to Plaintiff's claim, the Court cannot determine whether individualized questions predominate. And "[i]t is not the court's job to divine the applicable law for the parties." *Spencer v. Texaco, Inc.*, No. 96-0228, 1996 WL 363540, at *2 (E.D. La. June 28, 1996) (alteration added). It is *Plaintiff's* job to identify the applicable law. *See Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003) ("The burden of proof to establish the propriety of class certification rests with the advocate of the class." (citations and footnote call number omitted)). Plaintiff failed to do so.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff, Shterna Pinchasov's Motion for Reconsideration **[ECF No. 78]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of September, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

4

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Petition, which was originally filed on October 5, 2021, was electronically served upon counsel for Robinhood Financial LLC, Elliot Greenfield, upon his request on October 8, 2021. In an abundance of caution the undersigned now refiles the Petition this   October 13, 2021 with the Clerk of Court using CM/ECF in compliance with FRAP 25(c)(2) and the foregoing document shall be served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Grace Mead
Florida Bar No. 49896
Ryan Thornton
Florida Bar No. 99195
**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3559
Email: gmead@stearnsweaver.com
Email: rthornton@stearnsweaver.com
*Counsel for Appellee*

Maeve O'Connor (*pro hac vice*)
Elliot Greenfield (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue

New York, New York 10022
Telephone: 212.909.6000
Email: mloconnor@debevoise.com
Email: egreenfield@debevoise.com
*Counsel for Appellee*

/s/ ***Michael A. Citron***
Michael A. Citron, Esq.
Florida Bar No. 105083
Michael@MACLegalPA.com

# EXHIBIT C

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 09, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  21-90025-E
Case Style:  Shterna Pinchasov v. Robinhood Financial, LLC
District Court Docket No:  1:20-cv-24897-CMA

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. <u>See</u>
11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a
motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of
such order. No additional time shall be allowed for mailing."

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Gloria M. Powell, E
Phone #: (404) 335-6184

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

DEIN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  21-90025-E

_____

SHTERNA PINCHASOV,
Individually and on Behalf of
all others Similarly Situated,

                                            Petitioner,

versus

ROBINHOOD FINANCIAL, LLC,

                                            Respondent.

_____

Petition for Permission to Appeal from the
United States District Court for the Southern District of Florida

_____

Before: WILLIAM PRYOR, Chief Judge, JILL PRYOR, and LAGOA, Circuit Judges.

BY THE COURT:


The Petition for Permission to Appeal pursuant to Fed.R.Civ.P. 23(f) is DENIED.